## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THOMAS D. GILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 03-CV-12389-GAO |
| vs. | ) | |
| | ) | |
| SPX CORPORATION INDIVIDUAL | ) | |
| ACCOUNT RETIREMENT PLAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT SPX CORPORATION
### INDIVIDUAL ACCOUNT RETIREMENT PLAN'S
### ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, SPX Corporation Individual Account Retirement Plan (the "SPX Plan" or "Plan"), by its attorneys, answers the complaint of Thomas D. Gillis ("plaintiff") as follows:

1.    The SPX Plan admits that plaintiff has filed an action against the Plan and that he is a participant in the Plan. The SPX Plan denies the remaining allegations contained in paragraph 1.

2.    The SPX Plan denies the allegations contained in paragraph 2, including plaintiff's purported bases for recovery against the Plan. The SPX Plan further states that it has carefully and accurately calculated plaintiff's pension benefits and that plaintiff has no right or basis for recovery against the Plan beyond those properly calculated benefits.

3.    The SPX Plan admits the allegations contained in paragraph 3.

1

4.      The SPX Plan admits the allegations contained in paragraph 4.

5.      The SPX Plan admits the allegations contained in paragraph 5.

6.      The SPX Plan admits the allegations contained in paragraph 6.

7.      The SPX Plan admits that plaintiff was an employee of SPX Corporation ("SPX"), one of its subsidiaries, or one of its predecessor companies between May 10, 1965 and October 21, 2002.

8.      The SPX Plan admits that (1) plaintiff became employed by SPX through SPX's acquisition of General Signal Corporation ("GSX"), and (2) plaintiff became a participant in the SPX Plan through the merger of the Retirement Plan of the General Signal Corporation into the SPX Plan effective as of November 30, 1998.  The SPX plan further admits that the Plan Administrator of the SPX Plan is the SPX Corporation Retirement and Welfare Plan Administrative Committee.

9.      The SPX Plan admits that the total pension due to plaintiff from the SPX Plan is comprised of his benefit accruals under the pension programs of Blue M Electric, General Signal Corporation, and SPX Corporation.   The SPX Plan denies the remaining allegations contained in paragraph 9.

10.      The SPX Plan admits the allegations contained in paragraph 10, except that the date plaintiff's accrued benefits ended under the GSX Corporate Plan was December 31, 1998, not November 30, 1998.

11.      The SPX Plan admits the allegations contained in paragraph 11.

12.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001 – 1461 ("ERISA") and the Internal Revenue Code ("IRC"), respectfully refers the Court to ERISA and the IRC for their meanings and effects, and denies all inconsistent allegations.  In addition, SPX states that the allegations in this paragraph set forth legal conclusions to which no response is required.

13.    The SPX Plan admits the allegations contained in paragraph 13, including the allegations contained in footnote 1.

14.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of the SPX Corporation Individual Account Retirement Plan, respectfully refers the Court to the written SPX Plan for its meaning and effect, and denies all inconsistent allegations.

15.    The SPX Plan admits the allegations contained in paragraph 15.

16.    The SPX Plan admits that plaintiff was credited with new service under the SPX Plan beginning in 1998.  The SPX Plan denies the remaining allegations contained in this paragraph, including plaintiff's implicit allegation that plaintiff elected early retirement, which he did not.  The SPX Plan further states that the plaintiff's last day of work was October 21, 2002, not June 21, 2002 as alleged in the paragraph.

17.    The SPX Plan admits that plaintiff submitted a claim on or about September 27, 2002, which claim disputed the SPX Plan's calculation of benefits due to plaintiff.

Further answering, the SPX Plan states that plaintiff has not requested or formally elected to receive the pension benefits due to him.

18.    The SPX Plan admits that the SPX Plan Administrator denied Mr. Gillis's initial claim on March 18, 2003.   The SPX Plan denies that plaintiff submitted a properly calculated claim for pension benefits.

19.    The SPX Plan admits that plaintiff submitted on May 2, 2003 an administrative appeal of the Plan Administrator's denial.

20.    The SPX Plan admits that the SPX Plan Administrator did not respond within 180 days of plaintiff's May 2, 2003 appeal.  The SPX Plan denies that this effectively denied plaintiff's appeal; rather, the SPX Plan provided plaintiff with a written denial of his appeal on November 24, 2003.

21.    The SPX Plan admits that the SPX Plan, as amended and restated, effective as of January 1, 2001, is the controlling document with respect to plaintiff's lump sum pension distribution.  The SPX Plan further states that the allegations in this paragraph attempt to interpret and characterize the terms of the SPX Corporation Individual Account Retirement Plan, respectfully refers the Court to the written SPX Plan for its meaning and effect, and denies all inconsistent allegations.

22.    The SPX Plan denies the allegations contained in paragraph 22.

23.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of the SPX Corporation Individual Account Retirement Plan, respectfully refers the Court to the written SPX Plan for its meaning and effect, and denies all

4

inconsistent allegations, including the allegation that plaintiff is entitled to a Grandfathered Benefit under the SPX Plan.

24.    The SPX Plan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.    The SPX Plan denies the allegations contained in paragraph 25. The SPX Plan further states that, based on the terms of the Plan and properly calculated under the lump sum payment option, as of January 1, 2003, the Accrued Benefit is $471,147.90 and the Transition Benefit is $451,569.24. Therefore, under the Plan, plaintiff is entitled to only the Accrued Benefit. He is not entitled to the Transition Benefit.

26.    The SPX Plan denies the allegations contained in paragraph 26.

27.    The SPX Plan denies the allegations contained in paragraph 27.

28.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize various written communications from SPX to its employees, respectfully refers the Court to those written communications for their meaning and effect, and denies all inconsistent allegations.

29.    The SPX Plan denies that it was required to provide notice to former GSX employees because the early retirement subsidy was never eliminated.

30.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of ERISA, respectfully refers the Court to ERISA for its

meaning and effect, and denies all inconsistent allegations. In addition, SPX states that the allegations in this paragraph set forth legal conclusions to which no response is required.

31.     The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of ERISA, respectfully refers the Court to ERISA for its meaning and effect, and denies all inconsistent allegations. In addition, SPX states that the allegations in this paragraph set forth legal conclusions to which no response is required.

32.     The SPX Plan denies the allegations contained in paragraph 32.

33.     The SPX Plan denies the allegations contained in paragraph 33.

34.     The SPX Plan denies the allegations contained in paragraph 34.

35.     The SPX Plan denies the allegations contained in paragraph 35.

36/37.  The SPX Plan denies the allegations contained in paragraphs 36/37. [The complaint appears to have mistakenly labeled one paragraph with two numerals: 36 and 37.] With respect to footnote 2, the SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of the SPX Corporation Individual Account Retirement Plan, respectfully refers the Court to the written SPX Plan for its meaning and effect, and denies all inconsistent allegations.

38.     The SPX Plan states that the allegations in this paragraph, and in footnote 3, attempt to interpret and characterize the terms of the SPX Corporation Individual Account Retirement Plan, respectfully refers the Court to the written SPX Plan for its meaning and effect, and denies all inconsistent allegations.

39.    The SPX Plan denies the allegations contained in paragraph 39.

40.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of the SPX Corporation Individual Account Retirement Plan, respectfully refers the Court to the written SPX Plan for its meaning and effect, and denies all inconsistent allegations.

41.    The SPX Plan denies the allegations contained in paragraph 41.

42.    The SPX Plan admits that plaintiff was 54 years old on July 1, 1997 and that he was employed by SPX predecessor companies between May 10, 1965 and November 30, 1998.  The SPX Plan denies the remaining allegations of this paragraph, including any implicit allegation that plaintiff is entitled to the benefits he claims in his complaint.

43.    The SPX Plan denies the allegations contained in paragraph 43.

44.    The SPX Plan denies the allegations contained in paragraph 44.

45.    The SPX Plan denies the allegations contained in paragraph 45.  As to footnote 4, the SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of the SPX Corporation Individual Account Retirement Plan, respectfully refers the Court to the written SPX Plan for its meaning and effect, and denies all inconsistent allegations.

46.    The SPX Plan denies the allegations contained in paragraph 46.

47.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of ERISA, respectfully refers the Court to ERISA for its

meaning and effect, and denies all inconsistent allegations. In addition, SPX states that the allegations in this paragraph set forth legal conclusions to which no response is required.

48.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of the SPX Corporation Individual Account Retirement Plan, respectfully refers the Court to the written SPX Plan for its meaning and effect, and denies all inconsistent allegations. The SPX Plan denies the remaining allegations contained in paragraph 48.

## COUNT I

49.    The SPX Plan repeats and realleges its response to Paragraphs 1 through 48, as if fully set forth herein.

50.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of ERISA, respectfully refers the Court to ERISA for its meaning and effect, and denies all inconsistent allegations. In addition, SPX states that the allegations in this paragraph set forth legal conclusions to which no response is required.

51.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of ERISA, respectfully refers the Court to ERISA for its meaning and effect, and denies all inconsistent allegations. In addition, SPX states that the allegations in this paragraph set forth legal conclusions to which no response is required.

52.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of the SPX Corporation Individual Account Retirement Plan

and ERISA, respectfully refers the Court to the written SPX Plan and ERISA for their meanings and effects, and denies all inconsistent allegations.

53.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of ERISA, respectfully refers the Court to ERISA for its meaning and effect, and denies all inconsistent allegations.  In addition, SPX states that the allegations in this paragraph set forth legal conclusions to which no response is required.

54.    The SPX Plan denies the allegations contained in paragraph 54.

55.    The SPX Plan denies the allegations contained in paragraph 55.

56.    The SPX Plan denies the allegations contained in paragraph 56.

57.    The SPX Plan denies the allegations contained in paragraph 57.

## COUNT II

58.    The SPX Plan repeats and realleges its response to Paragraphs 1 through 57, as if fully set forth herein.

59.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of ERISA and the IRC, respectfully refers the Court to ERISA and the IRC for their meanings and effects, and denies all inconsistent allegations.  In addition, SPX states that the allegations in this paragraph set forth legal conclusions to which no response is required.

60.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of the SPX Corporation Individual Account Retirement Plan,

respectfully refers the Court to the written SPX Plan for its meaning and effect, and denies all inconsistent allegations.

61.    The SPX Plan denies the allegations contained in paragraph 61.

62.    The SPX Plan denies the allegations contained in paragraph 62.

## COUNT III

63.    The SPX Plan repeats and realleges its response to Paragraphs 1 through 62, as if fully set forth herein.

64.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of ERISA, respectfully refers the Court to ERISA for its meaning and effect, and denies all inconsistent allegations.  In addition, SPX states that the allegations in this paragraph set forth legal conclusions to which no response is required.

65.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of ERISA, respectfully refers the Court to ERISA for its meaning and effect, and denies all inconsistent allegations.  In addition, SPX states that the allegations in this paragraph set forth legal conclusions to which no response is required.

66.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of ERISA, respectfully refers the Court to ERISA for its meaning and effect, and denies all inconsistent allegations.  In addition, SPX states that the allegations in this paragraph set forth legal conclusions to which no response is required.

67.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of ERISA, respectfully refers the Court to ERISA for its

meaning and effect, and denies all inconsistent allegations. In addition, SPX states that the allegations in this paragraph set forth legal conclusions to which no response is required.

68.    The SPX Plan denies the allegations contained in paragraph 68.

69.    The SPX Plan denies the allegations contained in paragraph 69.

70.    The SPX Plan denies the allegations contained in paragraph 70.

## AFFIRMATIVE DEFENSES

The SPX Plan asserts the following affirmative and other defenses to plaintiff's complaint:

1.    Plaintiff's claims fail to state a claim upon which relief can be granted.

2.    Under the terms of the SPX Plan, the SPX Plan Administrator is required to calculate plaintiff's benefits in accordance with the terms of the Plan document, and the SPX Plan Administrator did so.

3.    The SPX Plan gives the SPX Plan Administrator discretion to interpret and apply its terms, and the calculation of plaintiff's pension benefit was not arbitrary and capricious or otherwise an abuse of that discretion.

4.    *Plaintiff's jury demand should be stricken because it is not available under* ERISA.

5.    The SPX Plan reserves the right to assert any other Affirmative Defenses of which it may become aware of in discovery.

11

**WHEREFORE**, the SPX Plan respectfully requests that this Court,

(A)    Strike the plaintiff's jury demand because it is not available under ERISA;

(B)    Enter judgment in favor of the SPX Plan and against plaintiff; and

(C)    Award the SPX Plan its costs and attorneys' fees incurred in the defense of this action as provided for in § 502(g)(1) of ERISA.

Respectfully submitted,

SPX CORPORATION INDIVIDUAL ACCOUNT
RETIREMENT PLAN

By: _____

John F. Ward, Jr.
    (pro hac vice application pending)
Amy K. Trueblood
    (pro hac vice application pending)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois 60611
(312) 222-9350 (Tel.)
(312) 527-0484 (Fax)

Michael W. Gallagher
BBO#183400
Richard E. Cavanaugh
BBO#557539
GALLAGHER & CAVANAUGH, LLP
Boott Cotton Mills
100 Foot of John Street
Lowell, Massachusetts 01852
(978) 452-0522

13