UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS D. GILLIS, ) | |
| ) | |
| Plaintiff ) | |
| ) | Civil Action No.: 03-12389-GAO |
| vs. ) | |
| ) | |
| SPX CORPORATION INDIVIDUAL ACCOUNT ) | |
| RETIREMENT PLAN, ) | |
| ) | |
| Defendant ) | |

## ASSENTED TO MOTION TO AMEND COMPLAINT AND ADD DEFENDANT

Now comes Thomas D. Gillis ("Mr. Gillis" or "Plaintiff"), and hereby moves for leave to file his First Amended Complaint attached hereto as Exhibit "A." In his First Amended Complaint, Mr. Gillis adds a defendant, SPX Corporation Individual Account Retirement Plan Administrator ("SPX Plan Administrator"), deletes his claim as a so-called "Grandfathered Participant," and adds claims for age discrimination, failure to timely pay benefits and failure to timely provide documents under ERISA.

In support of this motion, Mr. Gillis states that the actions against the SPX Plan Administrator and the other proposed amendments all are part of the same or similar transactions and occurrences that form the basis for this action. Amendment is sought, in addition, to modify and alter the allegations of the Complaint to conform to developing facts and case law. No party will be unduly or unfairly prejudiced by the requested amendments. The subjects of the requested amendments create no unfair surprise.

1

Amendment will serve the interests of judicial economy by consolidating in one action all identified claims against the Plan and its administrator rather than file separate actions.

Thus, it is in the interests of judicial economy to allow this Motion. Fed. R. Civ. P. 15(a) provides that the Court may allow a party to amend a pleading and "leave shall be freely given when justice so requires." Rule 20(a) permits joining of defendants where the claims against such defendants arise out of the same transaction or occurrence or series of transactions or occurrences. These Rules have been liberally construed to allow amendment, or addition of a defendant, in the absence of undue delay or undue prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962). As the Supreme Court stated in interpreting Federal Rule 15:

> If the underlying facts or circumstances relied upon by the plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part on the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—then leave should, as the rules require, be 'freely given'.

Forman, supra at 182.

It is anticipated that the SPX Plan Administrator will be represented by the same counsel. Thus no undue delay or prejudice will be visited upon any party if this Motion is allowed.

Defendant, by and through its counsel, assents to this Motion.

**WHEREFORE**, the Plaintiff Thomas D. Gillis hereby request that this court grant the within motion.

## LOCAL RULE 7.1 CERTIFICATION

Thomas D. Gillis, hereby certifies that through counsel, he has conferred and has made good faith efforts to attempt to resolve with the Defendant SPX Corporation Individual Account Retirement Plan the matters referenced in the Motion to Amend the Complaint and that the Defendant through its counsel, assents to such motion.

    Respectfully submitted,

    Thomas D. Gillis,
    Plaintiff

    By his attorneys,

    _____
    Evelyn Haralampu– BBO #221130
    Lawrence P. Murray – BBO #561835
    Burns & Levinson LLP
    125 Summer Street
    Boston, MA 02110
    (617) 345-3000

March 14, 2005
00908668

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the Attorney of record of each other party by mail/hand on March 14, 2005

_____
Lawrence P. Murray, Esq.
Burns & Levinson, LLP
125 Summer Street
Boston, MA 02110-1626
(617) 345-3000

3