# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS D. GILLIS,<br><br>Plaintiff,<br><br>v.<br><br>SPX CORPORATION INDIVIDUAL ACCOUNT RETIREMENT PLAN and SPX RETIREMENT ADMINISTRATIVE COMMITTEE,<br><br>Defendants. | Civil Action No.: 03-CV-12389-GAO |

## DEFENDANTS' ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, SPX Corporation Individual Account Retirement Plan (the "IARP") and the SPX Retirement Administrative Committee ("Plan Administrator") (collectively the "SPX Plan"), by their attorneys, answer the complaint of Thomas D. Gillis ("Plaintiff") as follows:

1.      The SPX Plan admits that Plaintiff has filed an action against the SPX Plan and that he is a participant in the IARP. The SPX Plan denies the remaining allegations contained in paragraph 1.

2.      The SPX Plan denies the allegations contained in paragraph 2, including Plaintiff's purported basis for recovery against the SPX Plan. Further answering, the SPX Plan states that it has carefully and accurately calculated Plaintiff's pension benefits and that Plaintiff has no right or basis for recovery against the SPX Plan beyond those properly calculated benefits.

3.      The SPX Plan denies the allegations contained in paragraph 3, including Plaintiff's purported basis for recovery against the Plan Administrator.

4.      The SPX Plan admits the allegations contained in paragraph 4.

5.      The SPX Plan admits the allegations contained in paragraph 5.

6.      The SPX Plan admits the allegations contained in paragraph 6.

7.      The SPX Plan admits the allegations contained in paragraph 7.

8.      The SPX Plan admits the allegations contained in paragraph 8.

9.      The SPX Plan admits that Plaintiff was an employee of SPX Corporation ("SPX"), one of its subsidiaries, or one of its predecessor companies between May 10, 1965, and October 21, 2002.

10.     The SPX Plan admits that (1) Plaintiff became employed by SPX through SPX's acquisition of General Signal Corporation ("GSX"), and that (2) Plaintiff became a participant in the IARP through the merger of the Retirement Plan of the General Signal Corporation ("GSX Plan") into the IARP effective as of November 30, 1998.

11.     The SPX Plan admits that the total pension due to Plaintiff from the IARP is comprised of his benefit accruals under the pension programs of Blue M Electric, GSX, and SPX. The SPX Plan denies the remaining allegations contained in paragraph 11.

12.     The SPX Plan admits the allegations contained in paragraph 12, except that the date Plaintiff's accrued benefits ended under the GSX Plan was December 31, 1998, not November 30, 1998.

13.     The SPX Plan admits the allegations contained in paragraph 13.

14.     The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 -- 1461 ("ERISA"), respectfully refers the Court to ERISA for its meanings and effects,

and denies all inconsistent allegations. In addition, SPX states that the allegations in this paragraph set forth legal conclusions to which no response is required.

15.    The SPX Plan admits the allegations contained in paragraph 15, including the allegations contained in footnote 1.

16.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of the IARP, respectfully refers the Court to the written IARP for its meaning and effect, and denies all inconsistent allegations.

17.    The SPX Plan admits the allegations contained in paragraph 17.

18.    The SPX Plan admits that Plaintiff was credited with new service under the IARP beginning in 1998. The SPX Plan denies the remaining allegations contained in paragraph 18, including Plaintiff's implicit allegation that Plaintiff elected early retirement, which he did not. Further answering, the SPX Plan states that the Plaintiff's last day of work was October 21, 2002, not June 21, 2002, as alleged in the paragraph.

19.    The SPX Plan admits that Plaintiff sent a letter dated October 22, 2001 to the "Director of Compensation and Benefits" of SPX, and that Plaintiff's letter requested several documents, including some Plan documents. The SPX Plan states that Plaintiff was provided several Plan documents prior to July 18, 2002. Further answering, the SPX Plan denies the remaining allegations contained in paragraph 19.

20.    The SPX Plan admits that Plaintiff submitted a claim on or about September 27, 2002, which disputed the SPX Plan's calculation of benefits due to Plaintiff. The SPX Plan denies the remaining allegations contained in paragraph 20.

21.    The SPX Plan admits that the Plan Administrator denied Plaintiff's initial claim on March 18, 2003. The SPX Plan denies that Plaintiff submitted a properly calculated claim for pension benefits.

22.    The SPX Plan admits that on May 2, 2003 Plaintiff submitted an administrative appeal of the Plan Administrator's denial.

23.    The SPX Plan admits that the Plan Administrator did not respond with 180 days of Plaintiff's May 2, 2003 appeal. The SPX Plan denies that this effectively denied Plaintiff's appeal; rather, the SPX Plan provided Plaintiff with a written denial of his appeal on November 24, 2003.

24.    The SPX Plan admits that the IARP, as amended and restated, effective as of January 1, 2001, is the controlling document with respect to Plaintiff's lump sum pension distribution. The SPX Plan further states that the allegations in this paragraph attempt to interpret and characterize the terms of the IARP, respectfully refers the Court to the written IARP for its meaning and effect, and denies all inconsistent allegations.

25.    The SPX Plan denies the allegations contained in paragraph 25.

26.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of the IARP, respectfully refers the Court to the written IARP for its meaning and effect, and denies all inconsistent allegations.

27.    The SPX Plan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.    The SPX Plan denies the allegations contained in paragraph 28. Further answering, the SPX Plan states that based on the terms of the Plan and properly calculated under the lump sum payment option, as of January 1, 2003, the Accrued Benefit is $471,147.90 and the

4

Transition Benefit is $451,569.24. Therefore, under the IARP, Plaintiff is entitled to only the Accrued Benefit. Plaintiff is not entitled to the Transition Benefit.

29.    The SPX Plan denies the allegations contained in paragraph 29.

30.    The SPX Plan denies the allegations contained in paragraph 30.

31.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize various written communications from SPX to its employees, respectfully refers the Court to those written communications for their meaning and effect, and denies all inconsistent allegations.

32.    The SPX Plan denies that it was required to provide notice to former GSX employees because the early retirement subsidy was never eliminated.

33.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of ERISA, respectfully refers the Court to ERISA for its meaning and effect, and denies all inconsistent allegations. In addition, the SPX Plan states that the allegations in this paragraph set forth legal conclusions to which no response is required.

34.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of ERISA, respectfully refers the Court to ERISA for its meaning and effect, and denies all inconsistent allegations. In addition, SPX states that the allegations in this paragraph set forth legal conclusions to which no response is required.

35.    The SPX Plan denies the allegations contained in paragraph 35.

36.    The SPX Plan denies the allegations contained in paragraph 36.

37.    The SPX Plan denies the allegations contained in paragraph 37.

38.    The SPX Plan denies the allegations contained in paragraph 38. As to footnote 2, the SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the

terms of the IARP, respectfully refers the Court to the written IARP for its meaning and effect, and denies all inconsistent allegations.

39.    The SPX Plan denies the allegations contained in paragraph 39.

40.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of ERISA, respectfully refers the Court to ERISA for its meaning and effect, and denies all inconsistent allegations. In addition, the SPX Plan states that the allegations in this paragraph set forth legal conclusions to which no response is required.

41.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of the IARP, respectfully refers the Court to the written IARP for its meaning and effect, and denies all inconsistent allegations. The SPX Plan denies the remaining allegations contained in paragraph 41.

**COUNT I**

42.    The SPX Plan repeats and realleges its response to paragraphs 1 through 41, as if fully set forth herein.

43.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of ERISA, respectfully refers the Court to ERISA for its meaning and effect, and denies all inconsistent allegations. In addition, the SPX Plan states that the allegations in this paragraph set forth legal conclusions to which no response is required.

44.    The SPX Plan states that allegations in this paragraph attempt to interpret and characterize the terms of ERISA, respectfully refers the Court to ERISA for its meaning and effect, and denies all inconsistent allegations. In addition, SPX states that the allegations in this paragraph set forth legal conclusions to which no response is required.

45.     The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of the IARP and ERISA, respectfully refers the Court to the written IARP and ERISA for their meanings and effects, and denies all inconsistent allegations.

46.     The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of ERISA, respectfully refers the Court to ERISA for its meaning and effect, and denies all inconsistent allegations.   In addition, the SPX Plan states that the allegations in this paragraph set forth legal conclusions to which no response is required.

47.     The SPX Plan denies the allegations contained in paragraph 47.

48.     The SPX Plan denies the allegations contained in paragraph 48.

49.     The SPX Plan denies the allegations contained in paragraph 49.

## COUNT II

50.     The SPX Plan repeats and realleges its response to paragraphs 1 through 49, as if fully set forth herein.

51.     The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of ERISA and the IRC, respectfully refers the Court to ERISA and the IRC for their meanings and effects, and denies all inconsistent allegations.   In addition, the SPX Plan states that the allegations in this paragraph set forth legal conclusions to which no response is required.

52.     The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of the IARP, respectfully refers the Court to the written IARP for its meaning and effect, and denies all inconsistent allegations.

53.     The SPX Plan denies the allegations contained in paragraph 53.

54.     The SPX Plan denies the allegations contained in paragraph 54.

## COUNT III

55.    The SPX Plan repeats and realleges its response to paragraphs 1 through 54, as it fully set forth herein.

56.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of ERISA, respectfully refers the Court to ERISA for its meaning and effect, and denies all inconsistent allegations.    In addition, the SPX Plan states that the allegations in this paragraph set forth legal conclusions to which no response is required.

57.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of ERISA, respectfully refers the Court to ERISA for its meaning and effect, and denies all remaining allegations.  In addition, the SPX Plan states that the allegations in this paragraph set forth legal conclusions to which no response is required.

58.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of ERISA, respectfully refers the Court to ERISA for its meaning and effect, and denies all inconsistent allegations.    In addition, the SPX Plan states that the allegations in this paragraph set forth legal conclusions to which no response is required.

59.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the terms of ERISA, respectfully refers the Court to ERISA for its meaning and effect, and denies all inconsistent allegations.    In addition, the SPX Plan states that the allegations in this paragraph set forth legal conclusions to which no response is required.

60.    The SPX Plan denies the allegations contained in paragraph 60.

61.    The SPX Plan denies the allegations contained in paragraph 61.

### COUNT IV

62.    The SPX Plan repeats and realleges its response to paragraphs 1 through 61, as if fully set forth herein.

63.    The SPX Plan denies the allegations contained in paragraph 63.

64.    The SPX Plan denies the allegations contained in paragraph 64.

65.    The SPX Plan denies the allegations contained in paragraph 65.

66.    The SPX Plan denies the allegations contained in paragraph 66.

67.    The SPX Plan denies the allegations contained in paragraph 67.

### COUNT V

68.    The SPX Plan repeats and realleges its response to paragraphs 1 through 67, as if fully set forth herein.

69.    The SPX Plan states that the allegations in paragraph 69 set forth legal conclusions to which no response is required.

70.    The SPX Plan states that the allegations in this paragraph attempt to interpret and characterize the distribution terms of the IARP, respectfully refers the Court to the written IARP for its meaning and effect, and denies inconsistent allegations.

71.    The SPX Plan denies the allegations contained in paragraph 71.

72.    The SPX Plan denies the allegations contained in paragraph 72.

73.    The SPX Plan denies the allegations contained in paragraph 73.

### COUNT VI

74.    The SPX Plan repeats and realleges its response to paragraphs 1 through 73, as if fully set forth herein.

75.    The SPX Plan states that the allegations in paragraph 75 set forth legal conclusions to which no response is required.

76.    The SPX Plan admits that Plaintiff sent a letter dated October 22, 2001, to the "Director of Compensation and Benefits" of SPX Corporation, and that Plaintiff's letter requested several documents, including some Plan documents.

77.    The SPX Plan states that Plaintiff was provided several Plan documents prior to July 18, 2002. Further answering, the SPX Plan states that the allegations in paragraph 77 set forth legal conclusions to which no response is required.

78.    The SPX Plan denies the allegations contained in paragraph 78.

79.    The SPX Plan denies the allegations contained in paragraph 79.

80.    The SPX Plan states that the first sentence of paragraph 80 is not a complete sentence, but denies that the Plaintiff is entitled to any award of expert or legal fees. Further answering, the SPX Plan states that the remainder of paragraph 80 is a prayer for relief from the Court to which no response is required. The SPX Plan denies that the Court should impose any fine on the Plan Administrator.

## AFFIRMATIVE DEFENSES

The SPX Plan asserts the following affirmative and other defenses to Plaintiff's complaint:

1.    Plaintiff's claims fail to state a claim upon which relief can be granted.

2.    Under the terms of the IARP, the Plan Administrator is required to calculate Plaintiff's benefits in accordance with the terms of the IARP document, and the Plan Administrator did so.

3.    The IARP gives the Plan Administrator discretion to interpret and apply its terms, and the calculation of Plaintiff's pension benefit was not arbitrary and capricious or otherwise an abuse of that discretion.

4.    Plaintiff's jury demand should be stricken because it is not available under ERISA.

5.    Plaintiff's claims are barred in whole or in part because Plaintiff cites numerous sections of the Internal Revenue Code and regulations promulgated thereunder that do not confer a private right of action on Plaintiff.

6.    The SPX Plan reserves the right to assert any other Affirmative Defenses of which it may subsequently become aware through discovery or otherwise.

**WHEREFORE,** The SPX Plan respectfully requests that this Court,

(A)    Strike the Plaintiff's jury demand because it is not available under ERISA;

(B)    Enter judgment in favor of the SPX Plan and against Plaintiff;

(C)    Award the SPX Plan its costs and attorneys' fees incurred in the defense of this action as provided for in § 502(g)(1) of ERISA.

(D)    Award the SPX Plan such other further relief as the Court deems equitable and just.

Respectfully submitted,

SPX CORPORATION AND INDIVIDUAL
ACCOUNT RETIREMENT PLAN and
SPX RETIREMENT ADMINISTRATIVE
COMMITTEE

By: _____
         One of Their Attorneys

Andrew A. Jacobson
    (pro hac vice)
Andrew W. Vail
    (pro hac vice)
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois  60611
(312) 222-9350 (Tel.)
(312) 840-7323 (Fax)

Michael W. Gallagher
BBO#183400
Richard E. Cavanaugh
BBO#557539
GALLAGHER & CAVANAUGH, LLP
Boott Cotton Mills
100 Foot of John Street
Lowell, Massachusetts  01852
(978) 452-0522

Date:  May 13, 2005

12

**EXHIBIT C**

CORPORATE RETIREMENT PLAN

FOR

SALARIED EMPLOYEES

OF

GENERAL SIGNAL CORPORATION

AND SUBSIDIARIES

As amended and restated January 1, 1985

SPXP000059

## ARTICLE II
### EFFECTIVE DATE:    CLASSES OF BENEFITS PROVIDED:
### ENTRY INTO PLAN

(1) **EFFECTIVE DATE:**

    (a)  The effective date of this Plan shall be October 1, 1966.  The effective date on which a Prior Plan became a Prior Plan is set forth in the Appendix.

    (b)  As of such effective date this Plan amends and supersedes each Prior Plan heretofore applicable to any Employees covered by this Plan insofar as such Prior Plan shall have applied to such Employees.  No further contributions shall be made and no further benefits shall accrue under such Prior Plan with respect to such Employees after the applicable effective date of this Plan.  All benefits payable to such Employees under the terms of each Prior Plan shall be merged into the benefits provided by this Plan and shall, to the extent practicable, be paid as provided under the terms of this Plan or where not practicable, then to the extent necessary, and only to such extent, under the terms of the Prior Plan.

(2) **CLASSES OF BENEFITS PROVIDED:**

    (a)  This Plan provides for payment of a pension to each Participant who retires in accordance with the provisions of Article IV.

    (b)  This Plan further provides for the payment of benefits on the death of Participants of certain classes, as provided in Article VII.

II-1

SPXP000071

| PRIOR PLAN | DATE PRIOR PLAN STATUS EFFECTIVE |
|---|---|
| The Cincinnati Time Recorder Pension and Profit Sharing Plan | 1-1-74 |
| Ceilcote Company Employees Profit Sharing Plan and Trust | 1-1-76 |
| Mixing Equipment Company Employees Retirement Plan | 1-1-75 |
| Employee Retirement Plan for Electrons, Inc. | 1-1-66 |
| Layne & Bowler Wage and Salaried Dividend Retirement Plan | 4-1-72 |
| Leeds & Northrup Plan A (applies only to Non-Union Salaried Employees) | 1-1-82 |
| Leeds & Northrup Plan B (applies only to Non-Union Salaried Employees) | 1-1-82 |
| Sola Basic Retirement Plan for Salaried Employees | 1-1-82 |
| Bishop Electric Pension Plan for Salaried Employees | 1-1-82 |
| Retirement Plan for Salaried Employees of Nelson Electric Division of Sola Basic Industries, Inc. | 1-1-82 |
| Stock Equipment Salaried Employees Pension Plan | 1-1-82 |
| Voorlas Manufacturing Company Pension Plan | 1-1-82 |
| Blue M Pension Plan (salaried employees only) | 7-1-82 |

A-2                                    SPXP000158

**EXHIBIT D**

B-31    Special Provisions for Participants Who Were Former Participants under Corporate Retirement Plan of General Signal Corporation or Pension Plan for Hourly Employees of General Signal Corporation.

(a)    Acquisition.    Effective October 6, 1998, a wholly owned subsidiary of the Company merged with General Signal Corporation ("GSX"). Effective as of the date of merger, GSX employees became Employees as that term is defined under this Plan.

(b)    Merger.    Effective as of the close of business on November 30, 1998, the benefits and liabilities of --

(1)    the Corporate Retirement Plan of General Signal Corporation (the "GSX Corporate Plan"); and

(2)    the Pension Plan for Hourly Employees of General Signal Corporation (the "GSX Hourly Plan")

were merged into this Plan, and the trust fund assets of the GSX Corporate Plan and the GSX Hourly Plan became assets of the SPX Corporation Pension Trust.

(c)    Participation.    Effective December 1, 1998, each former GSX employee who was a participant under the GSX Corporate Plan or the GSX Hourly Plan on November 30, 1998 shall become a Participant under this Plan, subject to the special provisions of this Appendix B-31. All such employees are referred to in this Appendix B-31 as "GSX Group Employees." Each GSX employee who was not yet a participant in either the GSX Corporate Plan or the GSX Hourly Plan on December 1, 1998 shall participate in this Plan pursuant to Section 3.1 as if this Plan had been in effect from his date of hire, and are otherwise not subject to this Appendix B-31.

(d)    Continuous and Credited Service.    Effective December 1, 1998, the Continuous Employment or Continuous Service (for vesting purposes) and the Credited Service or Benefit Service (for benefit accrual purposes) with respect to each GSX Group Employee who was a participant in the GSX Corporate Plan or the GSX Hourly Plan on November 30, 1998 as shown on the records of the GSX Corporate Plan or the GSX Hourly Plan shall be transferred to this Plan as Continuous Service and Credited Service, respectively. Between December 1, 1998 and December 31, 1998, each such GSX Group Employee shall be credited with Continuous Service and Credited Service in accordance with the service-crediting provisions of the GSX Corporate Plan or the GSX Hourly Plan, as applicable. After 1998, each such GSX Group Employee shall be credited with service for purposes of eligibility, vesting, and benefit accruals pursuant to Section 4 of this Plan.

(e)    Former GSX Group Employees with Benefits Being Paid on November 30, 1998.    Effective as of December 1, 1998, all benefits of former GSX Group Employees whose benefits under the GSX Corporate Plan or the GSX Hourly Plan were --

(1)    in pay status on November 30, 1998; or

SPXP000405

**EXHIBIT E**

CORPORATE RETIREMENT PLAN

FOR

SALARIED EMPLOYEES

OF

GENERAL SIGNAL CORPORATION

AND SUBSIDIARIES

As amended and restated January 1, 1985

SPXP000059

ARTICLE III
SERVICE

(1)  CONTINUOUS EMPLOYMENT

Continuous Employment is the number of full years, com-
pleted months and days of service with the Company,
from the Employee's most recent date of hire to the
date on which his employment with the Company is ter-
minated.  Continuous Employment shall include service
as an employee of an employer prior to the designation
of such employer as an Employing Company.  After
January 1, 1976 Continuous Employment shall include
periods of leave of absence, layoff or other temporary
breaks in service not in excess of 12 complete months,
as described in Section (3) and (4) of this Article
III, and shall include such periods of prior Continuous
Employment as may be reinstated under Section (5) of
this Article III.

(2)  CREDITED SERVICE:

Credited Service under this Plan is the number of full
years and completed months of Continuous Employment of
an Employee as an Participant on and after January 1,
1966 but prior to normal retirement date, determined
under Subsections (a), (b), (c) and (d) below and sub-
ject to the provisions of Section (5) of this Article
III.

Credited Service under a Prior Plan is the number of
full years and completed months during which the
Employee was eligible to participate and actually did
participate in such Prior Plan.  Credited Service under
a Prior Plan ceases at the time the Employee becomes
qualified to receive Credited Service under this Plan.

III-1

SPXP000077

## ARTICLE IV
## RETIREMENT

(1) NORMAL RETIREMENT:

    (a) The normal retirement date of a Participant shall be the first day of the month coinciding with or next following his attainment of age 65. Employment may continue after normal retirement date, but not beyond age 70 unless otherwise required by State or Federal law.

    (b) Each Participant who retires in accordance with this Section (1) at or after normal retirement date shall thereupon become entitled to receive a normal retirement benefit payable in an amount and in a manner as set forth in Article V. A Participant's Normal Retirement benefit shall be nonforfeitable upon attainment of age 65.

(2) EARLY RETIREMENT:

A Participant who has attained at least age 55 and completed at least five years of Continuous Employment and who shall retire either at his own option or at the request of an Employing Company shall receive at his election either:

    (a) A pension commencing on normal retirement date in an amount calculated under Sections (1), (2) and (4) of Article V but based on the Participant's Credited Service and Final Average Earnings as of such early retirement, or

IV-1

SPXP000088