# EXHIBIT Q

# BURNS & LEVINSON LLP

C o u n s e l l o r s   a t   L a w

125 Summer Street, Boston, MA 02110-1624
Telephone 617-345-3000 Facsimile 617-345-3299

EVELYN A. HARALAMPU
617-345-3351
E-mail: EHaralampu@B-L.com

May 2, 2003

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

M. Sharon Bartshe
Director, Compensation and Benefits
SPX Corporation
13515 Ballantyne Corporate Place
Charlotte, NC 28277

Re:     Appeal of Thomas D. Gillis' Claim for Benefits under the SPX Corporation
Individual Account Retirement Plan

Dear Ms. Bartshe:

Thomas D. Gillis hereby appeals the denial of his pension claim under the SPX Corporation Individual Account Retirement Plan ("Plan" or "SPX Plan") issued to him in your letter dated March 18, 2003 (which I received on March 21, 2003), and demands that his Transition Benefit be calculated in the same manner disclosed to him by SPX which includes his early retirement subsidy in his opening account balance.

Both SPX Corporation ("SPX") and Mr. Gillis agree that Mr. Gillis' lump sum benefit under the Plan is the greatest of: (1) his Accrued Benefit; (2) his Transition Benefit; or (3) the December 31, 1998 GSX Accrued Benefit. (Plan Appendix B-31(k)) Mr. Gillis and SPX differ, however, on two issues; first, how the Transition Benefit is calculated; and second, whether Mr. Gillis is entitled to a Grandfathered Benefit as his Accrued Benefit. Both parties agree that the December 31, 1998 GSX Accrued Benefit is the lowest of the three lump sum calculations and not determinative of Mr. Gillis' lump sum benefit under the SPX Plan.

1.     **CALCULATION OF TRANSITION BENEFIT**

a.     <u>**Correct Calculation of Mr. Gillis' Transition Benefit includes his Early Retirement Subsidy in his Opening Account Balance.**</u>

Mr. Gillis maintains that the opening account balance used in determining his Transition Benefit must include the net present value of his early retirement subsidy under the GSX Corporate Plan as described in my letter dated September 27, 2002. Mr. Gillis' position is based specifically on two disclosures made to SPX Plan participants who were formerly employees of General Signal Corporation ("GSX"). One disclosure is the Supplement to Summary Plan Description of the General Signal Transition Benefit ("Supplement"). The second disclosure, defining Mr. Gillis' opening account balance as of January 1, 1999 as $367,016.83, is in

SPXP000570

# BURNS & LEVINSON LLP
Counsellors at Law

M. Sharon Bartshe
May 1, 2003
Page 2

materials that SPX distributed to him entitled, "Your Personal Opening Account Balance Statement" ("Statement"). Mr. Gillis relied on the Statement, and the example in the Supplement which gives a clear and specific method for calculating the Transition Benefit of a person who is at early retirement age.

The example in the Supplement describes only one account balance; it does not refer to any specially-calculated account balance for purposes of determining the Transition Benefit. SPX' own definition of Mr. Gillis' opening account balance in the Statement clearly includes the early retirement subsidy. (See enclosed.) Reading the two employee disclosures together, it is clear that the opening account balance for an early retiree includes the accrued early retirement subsidy. The method used in calculating Mr. Gillis' Transition Benefit, presented in my letter dated September 27, 2002, conforms to the employee disclosures and the method used in the example in the Supplement for an employee meeting the requirements of early retirement.

Furthermore, the calculation in my letter, unlike the SPX calculation, complies with applicable federal law. The exclusion of the accrued early retirement subsidy is an illegal and discriminatory cutback of benefits.

**b. Disclosures to Employees Show Inclusion of Early Retirement Subsidy for Calculating Transition Benefit.**

The Supplement plainly provides an example of calculating a Transition Benefit for Harry, an employee who retires when he is 55 years old with 20 years of service ("Harry Example"). This Example is applicable to Mr. Gillis' situation because Harry, the hypothetical person in the Example, is already 55 (early retirement age) when he retired. The statement in your letter of March 18, 2003 that the Example is not relevant to Mr. Gillis because the person in the Example was not yet age 55 is simply incorrect, and the plain language of the Harry Example verifies this point.

In the Harry Example, the opening account balance is used to determine the Transition Benefit. No adjustment is made to Harry's opening account balance in the Example to exclude the early retirement subsidy. SPX advised Mr. Gillis in the Statement that his opening account balance as of January 1, 1999 was $367,016.83. Using the same method shown in the Harry Example and Mr. Gillis' own opening account balance shown his Statement, Mr. Gillis' Transition Benefit was determined as shown in my letter dated September 27, 2002. The September calculation does not exclude the early retirement subsidy because the Harry Example makes no such exclusion. Case law consistently holds that notwithstanding anything to the contrary, the terms of disclosures made to employees are controlling, and employees are entitled to rely on them. (This legal point is discussed more fully in my letter dated September 27, 2002.)

Furthermore, footnote 1 of the Supplement does not contradict the Harry Example or the Statement, because it indicates that the opening account balance includes an early retirement

00755976.DOC/24651.0

SPXP000571

# BURNS & LEVINSON LLP

Counsellors at Law

M. Sharon Bartshe
May 1, 2003
Page 3

subsidy for those in the Corporate Plan. Including the early retirement subsidy in the opening account balance is exactly what the Statement does, and exactly what Mr. Gillis' calculation presented in my September 27, 2002 letter does. Mr. Gillis' calculation is directly based on the method used in the Harry Example and the Statement.

### c.    Federal Law Prohibits the Cut-Back of Accrued Early Retirement Subsidies and Prohibits Age Discrimination in Compensation.

Including the early retirement subsidy already accrued in the opening account balance does not have the effect of double-counting the subsidy. In fact, the failure to include in Mr. Gillis' opening account balance the early retirement subsidy that he has already accrued under the GSX Corporate Plan violates the anti-cutback rules of the federal pension law and affects Mr. Gillis in more than a de minimis manner. (§ 411(d)(6)(B)(i) of the Internal Revenue Code of 1986, as amended ("Code") and Regulation § 1.411(d)-4, Q&A-1)

In addition, failure to include Mr. Gillis' early retirement subsidy in his opening account balance violates the Age Discrimination in Employment Act ("ADEA") because it discriminates against older participants by impermissibly reducing their benefit accruals. (29 U.S.C. §1054(b)(1)(H)(i); ERISA §204(b)(1)(H)(i) and 29 U.S.C. § 623(i)(1)(A))

Thus, the SPX position that Mr. Gillis' early retirement subsidy must be excluded from his benefit calculation is illegal, reflects one of the abuses of cash balance plan conversions, and is contrary to what SPX disclosed to former GSX employees. Accordingly, Mr. Gillis maintains that the method of calculating his Transition Benefit is correctly presented in my letter dated September 27, 2002, and he hereby demands a lump sum benefit based on that calculation method, which includes his early retirement subsidy under the GSX Plan.

### 2.    GRANDFATHERED BENEFIT

### a.    Mr. Gillis' Benefit under the SPX Plan Should Consider His Eligibility for a Grandfathered Benefit.

While Mr. Gillis maintains that his correct benefit under the SPX Plan is the Transition Benefit, calculated to include his early retirement subsidy, he takes the position that under the literal language of the Plan, he qualifies for a Grandfathered Benefit (which is part of the definition of his Accrued Benefit), and that SPX should have considered Mr. Gillis' Grandfathered Benefit in determining his overall benefit under the SPX Plan.

SPXP000572

# BURNS & LEVINSON LLP

Counsellors at Law

M. Sharon Bartshe
May 1, 2003
Page 4

    b.    **Literal Reading of the Plan Supports Mr. Gillis' Inclusion in the Grandfathered Group.**

        The term, "Accrued Benefit," as it applies to former employees, is defined at Plan § 2.1(b). (Appendix B-31(k) of the Plan) There is nothing in Appendix B-31, defining the benefit structure under the SPX Plan for former GSX employees, that excludes their eligibility for Grandfathered Benefits. On the contrary, Appendix B-31(k) specifically refers to the definition of Accrued Benefits which includes a Participant's Grandfathered Benefit. Participants in the "Grandfathered Group" are entitled to the "Grandfathered Benefit."

        The "Grandfathered Group" is defined at § 2.1(x) of the Plan as "those Participants on July 1, 1997: (1) who had 10 or more years of Continuous Service on that date; and (2) whose age and years of Continuous Service total at least 50 on that date." "Grandfathered Participant" is further defined at § 2.1(y) as "a Participant or Inactive Participant who is in the Grandfathered Group or who was in the Grandfathered Group until his termination of employment with the Employer." Former GSX employees who were participants under the GSX Corporate Plan became Participants in the SPX Plan effective December 1, 1998. (Appendix B –31(c)) Under SPX Plan Appendix B-31(d) effective December 1, 1998, Mr. Gillis' Continuous Service and Credited Service under the GSX Corporate Plan was transferred to the SPX Plan. Continuous Service and Credited Service is defined under the SPX Plan as service with the "Employer" or any "Related Company." (SPX Plan §4.1 and §2.1(k)-(l))

        Effective October 6, 1998, GSX, for whom Mr. Gillis worked, became a wholly-owned subsidiary of SPX. Thus, GSX falls within the definition of "Employer" under § 2.1(t) of the Plan because it is a Subsidiary under Section 2.1(ss), a member of a controlled group of corporations with SPX under Section 2.1(ll), and designated as participating in the Plan. (SPX Plan Appendix B – 31(a)).

        Weaving through these provisions, it is clear that Mr. Gillis met the qualifications of the Grandfathered Group because: (a) he qualified as a Participant under the SPX Plan; (b) on July 1, 1997 he had more than 10 years of Continuous Service and Credited Service under the GSX Corporate Plan, and that service was transferred to and treated as service under the SPX Plan; and (c) the sum of Mr. Gillis' age and Service on July 1, 1997 was over 50. (Appendix B-31(d)) Thus, Mr. Gillis meets all of the requirements of the Grandfathered Group because his service and participation in the GSX Corporate Plan counted as service and participation in the SPX Plan.

        There is nothing in the definition of Grandfathered Group that requires active employment with SPX on July 1, 1997. On the contrary, by its cross-referencing the definition of Accrued Benefits, Appendix B-31(k) contemplates that GSX employees should be subject to the grandfathering rules. Moreover, the definition of "Employer" clearly includes GSX, so even

00755976.DOC/24651.0

SPXP000573

# BURNS & LEVINSON LLP

Counsellors at Law

M. Sharon Bartshe
May 1, 2003
Page 5

if there were an active service requirement "with the Employer" on July 1, 1997, Mr. Gillis met that requirement, because he was then employed with GSX.

    c.    **Although Plain Meaning of Plan Supports Mr. Gillis' Eligibility for Grandfathered Benefits Any Ambiguity Must be Construed Against the Draftsman, SPX.**

There is nothing in the Plan language that precludes Mr. Gillis from meeting the requirements of a Grandfathered Group on July 1, 1997 because his service and participation in the GSX Corporate Plan was service and participation under the SPX Plan. Accordingly, he must be afforded the benefits of a Grandfathered Participant because he meets the requirements of the Grandfathered Group. It is Mr. Gillis' position that the plain and literal language of the SPX Plan supports this result. To the extent that SPX has a different but reasonable interpretation of the SPX Plan, then it must be said that the SPX Plan language is ambiguous. Under common law rules of construction, any ambiguities in the terms of a document are construed against the draftsman. (Rest. 2d Contracts § 206, *See, e.g. In re F.H. McGraw Company*, 473 F.2d 465, 468, *certiorari denied*, 414 U.S. 1022, 94 S.Ct. 443, 38 L.Ed.2d 312 (1973)).

    d.    **Mr. Gillis' Benefit under the SPX Plan Must Reflect His Eligibility for a Grandfathered Benefit.**

Accordingly, any position by SPX to insert into the SPX Plan language a nonexistent requirement of active employment with SPX on July 1, 1997 must fail. Mr. Gillis is entitled to a Grandfathered Benefit as part of the calculation of his overall benefits under the plain and literal terms of the SPX Plan, and to the extent that there is any ambiguity, that ambiguity must be construed against SPX, which drafted the Plan. Because Mr. Gillis' Transition Benefit, calculated with the early retirement subsidy, exceeds his Grandfathered Benefit, however, he is entitled to such Transition Benefit.

## 3.    CONCLUSION

Mr. Gillis demands that his lump sum Transition Benefit be calculated with his GSX Corporate Plan early retirement subsidy included in his opening account balance. He makes this demand for three reasons. First, he relied on the disclosure made in the Statement which includes his early retirement subsidy in his opening account balance, and on the Harry Example in the Supplement which calculates the Transition Benefit. The Harry Example makes no adjustment to the opening account balance of an early retiree that would eliminate his early retirement subsidy. Mr. Gillis' Transition Benefit, as calculated in my letter dated September 27, 2002, follows the method and definition set forth in these employee disclosures by including Mr. Gillis' early retirement subsidy in his opening account balance when calculating his Transition Benefit.

00755976.DOC/24651.0

SPXP000574

# BURNS & LEVINSON LLP

Counsellors at Law

M. Sharon Bartshe
May 1, 2003
Page 6

Second, it is illegal under the Internal Revenue Code of 1986, as amended, and the Employee Retirement Income Security Act of 1974 (ERISA) to calculate the opening account balance without the early retirement subsidy because such an exclusion is an impermissible cut-back of an accrued benefit that Mr. Gillis already earned under the GSX Corporate Plan. Mr. Gillis met the conditions for early retirement and, in fact, retired early. Under federal law, he is entitled to his accrued early retirement subsidy.

Third, calculating Mr. Gillis' opening account balance without the early retirement subsidy violates ADEA by cutting back the accruals of a retirement plan participant based on age.

Because the Transition Benefit, correctly calculated with the early retirement subsidy, yields him the greatest lump sum benefit under the SPX Plan (when compared to the Grandfathered Benefit and December 31, 1998 GSX Accrued Benefit) Mr. Gillis demands payment of his Transition Benefit, calculated with his early retirement subsidy.

Very truly yours,

Evelyn A. Haralampu

EAH/ack
Enclosure

cc:    Thomas D. Gillis
       John F. Drew, Esq.
       Arthur W. Anderson

SPXP000575

**SPX** Corporation

# Your Personal Opening Balance Statement

## The SPX Individual Account Retirement Plan

*Effective January 1, 1999, SPX introduced the Individual Account Retirement Plan to former General Signal employees.*

*The new plan is:*
* *Innovative*
* *Easy to understand*
* *Designed to provide consistent growth*
* *Portable—even if you leave SPX before retirement*

## Your Opening Balance

The information contained in this statement is based upon historical data collected from your personnel records.

**It is your responsibility to review this information for completeness and accuracy.**

A form will be available in your local Human Resource Department that you may use to report any discrepancies you find. You will be required to provide supporting documentation before we can research your inquiry.

Under the SPX Individual Account Retirement Plan, you have a pension account that grows each year with a contribution from SPX and interest on your account balance. SPX contributes 4% of your total annual pay up to the Social Security wage base (i.e., $72,600 in 1999) and 8% of your total annual pay over this amount. This contribution is made at the end of each calendar year.

Your opening balance represents the lump sum value of your old pension benefit, based on your pay and service through December 31, 1998.

| | |
|---|---|
| *Your Opening Balance in the Individual Account Retirement Plan as of January 1, 1999 is:* | **$367,016.83** |

Your opening balance is the lump sum value of your benefit if you had retired on January 1, 1999. Your account earns interest at an annualized rate of 4.51% through December 31, 1999. Interest rates are adjusted each January 1. You will receive annual updates of your account balance.

| |
|---|
| *Based on your years of Continuous Service, you are 100% vested in your account.* |

Your opening balance and vested status is based on the information shown in this statement. Please note that your pension account is completely separate from your Retirement Savings Plan account, if you are enrolled in the Retirement Savings Plan.

SPXP000576

## Opening Account Balance

Your monthly pension benefit has been converted into an equivalent lump sum value as of January 1, 1999, using present value factors. These present value factors simply convert your monthly pension benefits into an equivalent lump sum value today. A schedule of present value factors is shown below. If your age is between the ages shown in the schedule, your present value factor has been adjusted to reflect your actual age as of December 31, 1998 in complete years and complete months.

| *Your Present Value Factor is:* | 164.9892 |
|---|---|

Your opening balance in the Individual Account Retirement Plan is determined by multiplying your monthly early retirement benefit times your present value factor.

| *Your Opening Account Balance is:* | $367,016.83 |
|---|---|

When you retire, you will receive the greater of the cash balance benefit or a transition benefit. To be eligible you must have attained age 45 and completed five years of Continuous Service as of January 1, 1999, continue to work until age 55 or older, and retire after October 1, 1999.

## If You Have Any Questions

If you have any questions, please contact your local Human Resource representative.

### Present Value Factors

These factors are used to convert your monthly early retirement pension benefit under the prior plan into an opening account balance under the Individual Account Retirement Plan. Your factor is based on your attained age as of December 31, 1998 in complete years and complete months.

| Your Age | Your Present Value Factor | Your Age | Your Present Value Factor | Your Age | Your Present Value Factor |
|---|---|---|---|---|---|
| 55 | 167.7827 | 60 | 152.8414 | 65 | 135.6019 |
| 56 | 164.9892 | 61 | 149.5633 | 66 | 131.9367 |
| 57 | 162.0995 | 62 | 146.1941 | 67 | 128.2201 |
| 58 | 159.1114 | 63 | 142.7394 | 68 | 124.4613 |
| 59 | 156.0250 | 64 | 139.2059 | 69 | 120.6686 |
|  |  |  |  | 70 | 116.8487 |

LIN WAT                 01096
THOMAS D. GILLIS
2801 MAPLEBROOK RD
BELLINGHAM, MA 02019

Social Security Number    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
Hire Date                 05/10/1965
Birth Date                12/02/1942

4

SPXP000577

# EXHIBIT R

# BURNS & LEVINSON LLP

Counsellors at Law

125 Summer Street, Boston, MA 02110-1624
Telephone 617-345-3000 Facsimile 617-345-3299

LAWRENCE P. MURRAY
617-345-3510
lmurray@burnslev.com

November 13, 2003

*By FedEx*

Christopher J. Kearney, General Counsel, Vice President and Secretary
SPX Corporation
13515 Ballantyne Corporate Place
Charlotte, NC 28277

Re:  **Thomas D. Gillis:  Claim for Benefits under the SPX Corporation**
     **Individual Account Retirement Plan**

Dear Mr. Kearney:

This firm has been retained by Mr. Thomas D. Gillis, a former employee of SPX Corporation ("SPX") and participant in the SPX Corporation Individual Retirement Plan ("SPX Plan"). Mr. Gillis retired from SPX on June 21, 2002. He submitted a claim for unpaid benefits in his lump sum distribution under the terms of the SPX Plan and pursuant to the requirements of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). SPX denied Mr. Gillis' claims and he has exhausted his administrative appeals of such denial.

The factual bases and legal theories underlying Mr. Gillis' claims are detailed in the accompanying draft complaint. At this juncture, I believe that it is in both Mr. Gillis' and SPX's best interests to work toward an equitable and expeditious resolution of this dispute prior to the initiation of litigation. For this reason I have provided you with the draft copy of the complaint that I will file on behalf of Mr. Gillis in the United States District Court for the District of Massachusetts. I think that it is fair to say that the benefit issues upon which Mr. Gillis has based his claims are not unique to Mr. Gillis and that, if brought to light through pleadings, would present substantial and recurring problems for SPX as to similarly situated former and current SPX employees.

I encourage you to review the allegations set forth in the complaint and to contact me at your earliest convenience. I shall refrain from filing the complaint until November 24, 2003. I look forward to speaking with you.

Very truly yours,

Lawrence P. Murray

Enclosure
cc:  Mr. Thomas D. Gillis

SPXP000578

J E N N E R & B L O C K

November 24, 2003

Jenner & Block, LLC
One IBM Plaza
Chicago, IL 60611-7603
Tel 312 222-9350
www.jenner.com

Chicago
Dallas
Washington . .

Lawrence P. Murray
Burns & Levinson, LLP
125 Summer Street
Boston, MA 02110-1624

Tel   312-923-2878
Fax  312-840-7278
wscogland@jenner com

Re:     Thomas D. Gillis

Dear Mr. Murray:

We are employee benefits counsel for SPX Corporation ("SPX") and have been working with SPX on this matter. Because of the nature of your November 13, 2003 letter to SPX, we have been asked to respond to you on behalf of SPX.

We appreciate you giving SPX the opportunity to outline its position. Once you have had a chance to review this letter, please call me at your earliest convenience to discuss. As set forth below, it is apparent that Mr. Gillis' claims are not supported by the law or any good faith extension thereof.

As correctly stated in the draft complaint, Mr. Gillis is entitled to receive the greatest of his Accrued Benefit, Transition Benefit and December 31, 1998 GSX Accrued Benefit (the "GSX Accrued Benefit"). Further, as stated in the draft complaint, because the GSX Accrued Benefit is the lowest of the three benefit calculations and not determinative, we will also focus on the Accrued Benefit and Transition Benefit calculations. Based on the terms of the Plan and calculated under the lump sum payment option, Mr. Gillis' Accrued Benefit as of January 1, 2003, is $471,147.90 and greater than his Transition Benefit as of January 1, 2003, of $451,569.24.

Calculation of Transition Benefit

Opening Account Balance.  In calculating a participant's opening account balance, one of the first steps is to determine whether, as of December 31, 1998, the participant (i) was a participant in the General Signal Corporate Plan (the "GSX Plan"), (ii) was at least age 55 and (iii) had at least five years of service in the GSX Plan.  If a participant meets all of the above requirements, the opening account balance is calculated to include an early retirement subsidy.  If a participant does not meet the above requirements, the opening account balance will not include an early retirement subsidy.  This is provided in the footnote found clearly and conspicuously at the bottom of page 1 of the Supplement to Summary Plan Description General Signal Transition Benefit (the "Supplement").

In calculating a Transition Benefit for a participant who has met the requirements described above, the participant's opening account balance (which already includes the early retirement subsidy) is recalculated to remove the net present value of the early retirement subsidy. After the opening account balance has been adjusted for this, the Transition Benefit is calculated. To

SPXP000579

Lawrence P. Murray
November 24, 2003
Page 2

**JENNER&BLOCK**

include the early retirement subsidy in the opening account balance while calculating the Transition Benefit would essentially mean including the early retirement subsidy twice.

Based on the terms of the Plan, Mr. Gillis' opening account balance is $366,329.01 and his opening account balance adjusted to reflect the removal of the early retirement subsidy before the calculation of his Transition Benefit is $244,749.63.

Using the adjusted opening balance, Mr. Gillis' Transition Benefit as of January 1, 2003, is $451,569.24. Please see the attached Exhibit A for calculation of the Transition Benefit. These exhibits were provided previously in the initial denial of Mr. Gillis' claim.

<u>Supplement Example</u>. The example in the Supplement clearly provides that Harry is age 55 as of December 1, 1999. The example does not provide that Harry was age 55 as of December 31, 1998, the date on which his opening account balance was calculated in the example. Since he was not 55 as of December 31, 1998, his opening account balance does not include an early retirement subsidy. Because no early retirement subsidy was included in Harry's opening account balance, no adjustment is necessary.

The calculation that was previously prepared by Arthur W. Anderson Group is done differently than the example referenced in the draft complaint because Mr. Gillis was age 55 as of December 31, 1998 when the balances were converted. Mr. Gillis' opening account balance was calculated to include an early retirement subsidy. In calculating his Transition Benefit, an adjustment to the opening account balance is necessary. Because Mr. Gillis' situation is different than the example in the Supplement, the calculation of the Transition Benefits is different also.

Grandfathered Benefit

The Grandfathered Group covers former SPX employees who were participating in the Plan on the date it was converted from a standard defined benefit plan to a cash balance plan. The provisions of the Plan relating to the Grandfathered Group provide a benefit to this group under the old defined benefit formula. Mr. Gillis was not an employee of SPX at the time the Plan converted from a standard defined benefit plan to a cash balance plan, therefore, he does not meet the requirements to be included as a member of the Grandfathered group. Mr. Gillis was employed by General Signal Corporation in July of 1997 and covered under the formula in effect under the General Signal Plan.

As outlined in the draft complaint, the Grandfathered Group (see Section 2.1(x) of the Plan) is defined as those participants on July 1, 1997 who had 10 or more years of continuous service on that date and whose age and years of continuous service equal at least 50 on that date. As further provided in the Plan (see Section 2.1(y) of the Plan), a Grandfathered Participant is a participant in the Grandfathered Group or who was in the Grandfathered Group until his termination of employment.

As the Plan Administrator, SPX is required to interpret the terms of the Plan (see Section 12.6 of the Plan). As the intent of the provisions relating to the Grandfathered Group was to provide

SPXP000580

Lawrence P. Murray
November 24, 2003
Page 3

**JENNER&BLOCK**

benefits to those certain individuals in the Grandfathered Group, SPX has interpreted and administered the Plan in a manner consistent with this intent. Despite the intricate cross referencing of the various provisions of the Plan, Mr. Gillis is not part of the Grandfathered Group and does not fall within the group of participants who are entitled to receive benefits under the provisions of the Plan relating to the Grandfathered Group.

<u>Conclusion</u>

Based on the terms of the Plan, Mr. Gillis is entitled to receive the greater of his Accrued Benefit or his Transition Benefit. As of January 1, 2003 calculated in the form of a lump sum, his Accrued Benefit is $471,147.90 compared to his Transition Benefit of $451,569.24.

In addition to outlining SPX's position, please accept this letter as a denial of Mr. Gillis' appeal of the denial of his initial claim for benefits under the Plan.

Please note that if Mr. Gillis decides to file a lawsuit against the Plan, the plan administrator's decision, as reflected in this letter and earlier communications, will receive significant deference from the court and will be subject to the "arbitrary and capricious" standard of review. Further, because it would be an action under Section 502 of ERISA, Mr. Gillis will not be entitled to a jury trial, and SPX has the right to and will ask for attorneys' fees.

If you need any additional information or have any questions or comments, please do not hesitate to contact me. Again, we appreciate you giving SPX the opportunity to respond. Much like you, SPX would like to fully and fairly resolve this matter.

Again, once you have had a chance to review this letter, please call me to discuss.

Sincerely yours,

William L. Scogland

SPXP000581



EXHIBIT A

SPXP000582

## SPX Corporation
*Individual Account Retirement Plan*
*Optimal Forms of Payment for Thomas Gillis*

| | Frozen 12/31/1998 Benefit Reduction | Benefit | IARP Benefit Reduction | Benefit | Transition Benefit Reduction | Benefit | Greater Benefit |
|---|---|---|---|---|---|---|---|
| Monthly Minimum Life Annuity at age 65 | | 3,047.25 | | N/A | | | 3,047.25 |
| **Optimal Forms of Payment at 01/01/2003** | | | | | | | |
| Lump Sum Payment | | 413,445.24 | | 471,147.90 | | 451,569.24 | 471,147.90 |
| Life Annuity | | 2,590.16 | | 2,951.66 | | 2,829.00 | 2,951.66 |
| 50% Joint and Survivor | 0.8730 | 2,261.21 | 0.8586 | 2,534.30 | 0.8586 | 2,428.98 | 2,534.30 |
| 60% Joint and Survivor | 0.8520 | 2,206.82 | N/A | - | N/A | - | 2,206.82 |
| 66 2/3% Joint and Survivor | 0.8180 | 2,170.55 | 0.8199 | 2,420.07 | 0.8199 | 2,319.50 | 2,420.07 |
| 75% Joint and Survivor | 0.8210 | 2,126.52 | 0.8019 | 2,366.94 | 0.8019 | 2,268.58 | 2,366.94 |
| 100% Joint and Survivor | 0.7750 | 2,007.37 | 0.7522 | 2,220.24 | 0.7522 | 2,127.97 | 2,220.24 |
| 5 Year Certain and Life | 0.9960 | 2,553.90 | N/A | - | N/A | - | 2,553.90 |
| 10 Year Certain and Life | 0.9490 | 2,458.06 | 0.9538 | 2,815.29 | 0.9538 | 2,698.30 | 2,815.29 |
| 15 Year Certain and Life | N/A | - | 0.9024 | 2,663.58 | 0.9024 | 2,552.89 | 2,663.58 |
| 20 Year Certain and Life | N/A | - | 0.8410 | 2,482.35 | 0.8410 | 2,379.19 | 2,482.35 |

Watson Wyatt

SPXP000583

## SPX Corporation
### Individual Account Retirement Plan
### Account Balance Development for Thomas Gillis

| | |
|---|---|
| Name: | Thomas Gillis |
| SSN: | 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 |
| Birth Date: | 12/21/1942 |
| Spouse's Birth Date: | 10/21/1938 |
| Hire Date: | 5/10/1965 |
| Termination Date: | 6/27/2002 |
| Retirement Date: | 1/1/2003 |
| Benefit Commencement Date: | 1/1/2003 |
| Eligible for Early Retirement? | Y |
| SPX Normal Retirement Date: | 1/1/2008 |
| Social Security Unreduced Ret Age: | 66 |

| | |
|---|---|
| Pension Plan: | (093) |
| Employer Age on Termination Date: | 59.100 |
| Spouse Age on Retirement Date: | 54.167 |
| Employee Age on Retirement Date: | 60.000 |
| Employee Age on Commencement Date: | 60.000 |
| Employee at June 30, 1997: | 54.500 |
| Service at June 30, 1997: | 0.000 |
| Eligible for SPX Grandfathered Benefit? | N |
| CRSX 12/31/1998 Plan Formula: | Corporate Plan |
| Employee Age at Normal Retirement: | 65.000 |

**A. Account Balance Development:**

| | 1999 | 2000 | 2001 | 2002 | 2003 |
|---|---|---|---|---|---|
| Account Balance at December 31, 1998: | 367,016.03 | | | | |
| Pay through End of Year/Termination Date: | 69,746.19 | 200,000.00 | 100,465.97 | 40,789.54 | |
| Interest Crediting Rate: | 4.91% | 6.11% | 5.42% | 4.08% | 3.28% |
| Social Security Wage Base: | 72,600.00 | 76,200.00 | 80,400.00 | 84,900.00 | 87,000.00 |
| 1. Account Balance at Beginning of Year: | 367,016.03 | 385,999.14 | 472,535.69 | 459,898.40 | 471,147.90 |
| 2. Pay up to Wage Base for Year: | 69,746.19 | 76,200.00 | 80,400.00 | 40,789.54 | |
| 3. Pay in Excess of Wage Base for Year: | | 123,800.00 | 20,065.97 | | |
| 4. Principal Credit: [4% * (2) + 8% * (3)] | 2,679.85 | 12,952.00 | 5,461.78 | 1,631.58 | |
| 5. Months to Termination Date: | | | | 5.00 | |
| 6. Interest Credit to Termination Date: | | | | 7,665.27 | |
| 7. Account Balance at Termination Date: | | | | 469,895.25 | |
| | [(1) + (4) + (6)] | | | | |
| 8. Months to Retirement Date: | N/A | N/A | N/A | N/A | |
| 9. Interest to Retirement Date: | | | | | 471,147.90 |
| 10. Account Balance at Retirement Date: [(7) +…] | N/A | N/A | N/A | N/A | 471,147.90 |
| 11. Months to Year End or Commencement Date: | 12.00 | 12.00 | 12.00 | 7.00 | |
| 12. Interest to Year-End or Commencement Date: | 16,552.46 | 23,584.55 | 22,901.43 | 10,951.65 | 471,147.90 |
| 13. Account Balance at Year-End or Commencement: | | | | | |
| | (11) + (12) | 385,999.14 | 472,535.69 | 459,898.40 | 471,147.90 | 471,147.90 |

**B. Estimated Monthly Annuity Payable at Normal Retirement Date (Final amount depends upon actual future interest credits)**

| | |
|---|---|
| 1. Account Balance at Commencement Date: (Item A.13) | 471,147.90 |
| 2. Lump Sum Factor Deferred to Normal Retirement Date: (RR2001-62 at 4.96%) | 107.009543 |
| 3. IARP Monthly Annuity Payable at Normal Retirement Date: [(1)/(2)] | 4,399.20 |
| 4. Estimated Monthly Annuity Payable at Normal Retirement Date | 4,399.20 |

**C. Monthly Annuity Payable at Retirement Date**

| | |
|---|---|
| 1. Account Balance at Commencement Date: [B.1] | 471,147.90 |
| 2. Lump Sum Factor at Commencement Age: (RR2001-62 at 4.96%) | 159.621595 |
| 3. IARP Monthly Annuity Payable at Commencement Date: [(1)/(2)] | 2,951.66 |
| 4. Monthly Annuity Payable at Commencement Date | 2,951.66 |

# SPX Corporation

*Individual Account Retirement Plan*

GSX Transition Account Balance Development for Thomas Gillis

| | |
|---|---|
| Name: | Thomas Gillis |
| SSN: | 011 37 2600 |
| Birth Date: | 12/7/1942 |
| Spouse's Birth Date: | 10/2/1948 |
| Hire Date: | 5/10/1965 |
| Termination Date: | 6/7/2002 |
| Retirement Date: | 1/1/2003 |
| Benefit Commencement Date: | 1/1/2003 |
| Eligible for Early Ret (12/31/1998)? | Y |
| Social Security Unreduced Ret Age: | 66 |

| | |
|---|---|
| Pension Plan: | GSX |
| Employee Age on Termination Date: | 59.500 |
| Spouse Age on Retirement Date: | 54.167 |
| Employee Age on Retirement Date: | 60.000 |
| Employee Age on Commencement Date: | 60.000 |
| Employee Age at June 30, 1997: | 54.500 |
| Service at June 30, 1997: | 0.000 |
| Eligible for SPX Grandfathered Benefit? | N |
| GSX 12/31/1998 Plan Formula: | Corporate Plan |
| Employee Age at Normal Retirement: | 65.000 |

| | 1999 | 2000 | 2001 | 2002 | 2003 |
|---|---|---|---|---|---|
| Account Balance at December 31, 1998: | 244,749.63 | | | | |
| Pay through End of Year/Termination Date: | 60,766.19 | 200,000.00 | 109,465.97 | 40,789.54 | |
| Interest Crediting Rate: | 4.51% | 6.11% | 5.42% | 4.08% | 3.78% |
| Social Security Wage Base: | 72,600.00 | 76,200.00 | 80,400.00 | 84,900.00 | 87,000.00 |
| Calculation Date: | | | | | February 6, 2003 |

**Account Balance Development:**

| | | 1999 | 2000 | 2001 | 2002 | 2003 |
|---|---|---|---|---|---|---|
| 1 | Account Balance at Beginning of Year: | 244,749.63 | 258,217.69 | 286,946.79 | 307,960.59 | 372,370.39 |
| 2 | Pay up to Wage Base for Year: | 60,766.19 | 76,200.00 | 80,400.00 | 40,789.54 | 40,789.54 |
| 3 | Pay in Excess of Wage Base for Year: | | 123,800.00 | 28,065.97 | | |
| 4 | Principal Credit (4% * (2)) + (8% * (3)) | 2,679.85 | 12,952.00 | 5,461.28 | 1,631.58 | |
| 5 | Months to Termination Date: | N/A | N/A | N/A | 5.00 | |
| 6 | Interest Credit to Termination Date: | N/A | N/A | N/A | 5,235.33 | |
| 7 | Account Balance at Termination Date: (1) + (4) + (6): | N/A | N/A | N/A | 314,327.50 | 322,320.39 |
| 8 | Months to Retirement Date: | | | | | 7.00 |
| 9 | Interest to Retirement Date: | | | | | 7,092.89 |
| 10 | Account Balance at Retirement Date: | | | | | 322,320.39 |
| 11 | Months to Year-End or Commencement Date: (7) + (9) | 12.00 | 12.00 | 12.00 | 7.00 | |
| 12 | Interest to Year-End or Commencement Date: | 11,038.21 | 15,777.10 | 15,552.52 | 7,092.89 | |
| 13 | Account Balance at Year-End or Commencement Date: (7) + (12): | 258,217.69 | 286,946.79 | 307,960.59 | 322,320.39 | 322,320.39 |
| 14 | Account Balance at Commencement Date (Item 13): | 258,217.69 | 286,946.79 | 307,960.59 | 322,320.39 | 372,320.39 |

SPXP000585

## SPX Corporation
### Individual Account Retirement Plan
General Signal Corporate Plan Accrued Benefit Calculation for Thomas Ollie

| | Thomas Ollie |
|---|---|
| Name: | |
| SSN: | 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 |
| Birth Date: | 12/21/1942 |
| Spouse's Birth Date: | 10/7/1948 |
| Hire Date: | 5/10/1965 |
| Termination Date: | 6/7/2002 |
| Retirement Date: | 1/1/2003 |
| Benefit Commencement Date: | 1/1/2003 |
| Prior Plan Accrued Benefit for GSX: | 1,421.05 |
| Prior Plan Accrued Benefit for Post 1988 Transfer in: | |
| Eligible for GSX Transition Benefit? | Y |

| | |
|---|---|
| Pentlon Plan: | |
| Employer Age at 12/31/1998: | 56 |
| Spouse Age on Commencement Date: | 54 |
| Employee Age on Commencement Date: | 60 |
| Adjusted Hire Date for Continued Service: | 5/10/1965 |
| Plan Entry Date for Credited Service: | 5/10/1965 |
| Benefit Service Start Date: | 7/1/1992 |
| Age difference between Employee and Spouse: | 6.000 |
| Prior Plan Service for GSX: | 17.083 |
| Prior Plan Service for Post 1988 Transfer-in: | |
| Eligible for Vol Benefit? | N |
| Eligible for Early Retirement at Termination? | Y |

| Pensionable Earnings History: | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1998 | $ 83,507.46 | 1995 | $ 60,410.86 | 1992 | $ 57,856.00 | 1989 | $ 43,123.98 |
| 1997 | 96,826.27 | 1994 | 59,368.38 | 1991 | 54,212.10 | 1988 | |
| 1996 | 85,616.93 | 1993 | 53,809.00 | 1990 | 43,908.50 | 1987 | |

| | 6/7/2002 | 12/31/1998 | 12/31/1988 |
|---|---|---|---|
| Service Calculation: | | | |
| Continuous Service | 37.000 | 33.643 | 23.644 |
| Credited Service | | 16.500 | 6.500 |
| Benefit Service for GSX: | | | |
| First 10 Years | | 12.917 | 6.500 |
| Next 20 Years | | 3.583 | |
| Years Over 30 | | | |
| Prior Plan Service | | 16.500 | 6.500 |
| Total Benefit Service for GSX | | 17.083 | 17.083 |
| Prior Plan Service on Transfer-in | | | |
| Grand Total Benefit Service | | 33.583 | 23.583 |

SPXP000586

## SPX Corporation
### Individual Account Retirement Plan
General Signal Corporate Plan Accrued Benefit Calculation for Thomas Ollis

| | 12/30/1998 | 12/30/1998 |
|---|---|---|

**CSX Formula Accrued Benefit Calculation:**

| | | |
|---|---|---|
| 1. Monthly Final Average Earning | 6,411.33 | 6,411.33 |
| 2. Covered Compensation | 2,000.00 | 2,000.00 |
| 3. Final Average Earnings up to Covered Compensation | 2,000.00 | 2,000.00 |
| 4. Final Average Earnings in excess of Covered Compensation | 3,812.33 | 3,812.33 |
| 5. CSX Accrued Benefit for First 10 Years of Benefit Service | 1,281.57 | 644.90 |
| 6. CSX Accrued Benefit for Next 20 Years of Benefit Service | 344.07 | |
| 7. CSX Accrued Benefit for Benefit Service Over 30 Years | | |
| 8. Monthly Prior Plan Benefit Before January 1, 1989 | 1,421.05 | 1,421.05 |
| 9. Monthly Prior Plan Benefit for Post 1988 Transfer In | NVA | NVA |
| 10. CSX Formula Accrued Benefit | 3,017.25 | |
| [(5) + (6) + (7) + (8) + (9)] | | 2,065.95 |

**Minimum Accrued Benefit Calculation:**

| | | |
|---|---|---|
| 1. Final Benefit Multiplier (Not Less Than 59.50) | 9.50 | |
| 2. CSX Credited Service | 16.500 | |
| 3. Flat Dollar Accrued Benefit | 154.75 | |
| (1) * (2) | | |
| 4. Monthly Accrued Benefit Before January 1, 1989 | 2,065.95 | |
| 5. CSX Credited Service After January 1, 1989 | 10.000 | |
| 6. Final Average Earnings | 6,412.33 | |
| 7. Earnings-based Minimum Accrued Benefit | 2,787.34 | |
| [1.125% * (5) * (6)] + (4) | | |
| 8. Monthly Prior Plan Benefit on Post 1988 Transfer In | | |
| 9. Minimum Accrued Benefit | 2,787.34 | |
| (Greater of (3) or (7), plus (8)) | | |

| | | |
|---|---|---|
| GSX Corporate Plan Accrued Benefit at 12/30/1998 | 3,047.25 | |
| Age at Commencement | 60.000 | |
| Reduction Factor for Early Retirement | 0.8500 | |
| Retirement Benefit Payable at Commencement Date | 2,590.16 | |

**Initial Account Balance for IARP:**

| | For Transfers: |
|---|---|
| Accrued Benefit at December 31, 1998 | 3,047.25 |
| Age at December 31, 1998 | 56.000 |
| Reduction Factor for Early Retirement at December 31, 1998 | N/A |
| Reduced Benefit at December 31, 1998 | 3,047.25 |
| Present Value Factor at December 31, 1998 (GSXU, 5.25%) | 80.3182 |
| Initial Account Balance at December 31, 1998 | 244,749.63 |

**SPX Corporation**
*Individual Account Retirement Plan*
General Signal Corporate Plan Accrued Benefit Calculation for Thomas Olliffe

**Transition Benefit Calculation:**

| | |
|---|---|
| IABP Account Balance at Early Retirement Age | 372,330.39 |
| IABP Account Balance at Early Retirement Age | 107,098543 |
| Accrual Equivalence Factor (RR2001-62 at 4.90%) | 3,008.57 |
| Annuity Payable at Normal Retirement Age | 0.9400 |
| Early Retirement Factor | 2,829.00 |
| Annuity Payable at Early Retirement Age | |

**Optional Forms of Payment:**

**GSX Accrued Benefit as of 12/31/1998:**

| | 1.5 Comm Date | 1.5 Ret Date | 99% J&S | 69% J&S | 66 2/3% J&S | 75% J&S | 100% J&S | 5 C&C | 10 C&C | 15 C&C | 20 C&C |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Employee Age | 60.000 | 60.000 | 60.000 | 60.000 | 60.000 | 60.000 | 60.000 | 60.000 | 60.000 | 60.000 | 60.000 |
| Spouse Age | N/A | N/A | 54.000 | 54.000 | 54.000 | 54.000 | 54.000 | N/A | N/A | N/A | N/A |
| Age Difference | N/A | N/A | -6.000 | -6.000 | -6.000 | -6.000 | -6.000 | N/A | N/A | N/A | N/A |
| Conversion Factor | 159.621505 | 159.621505 | 0.873 | 0.852 | 0.838 | 0.821 | 0.775 | 0.958 | 0.949 | 0.954 | 0.992 |
| Converted Benefit | 413,445.24 | 413,445.24 | 2,261.21 | 2,206.82 | 2,170.55 | 2,126.52 | 2,007.37 | 2,533.90 | 2,458.06 | 2,552.89 | 2,378.19 |

**GSX Transition Benefit:**

| | 1.5 Comm Date | 1.5 Ret Date | 99% J&S | 69% J&S | 66 2/3% J&S | 75% J&S | 100% J&S | 5 C&C | 10 C&C | 15 C&C | 20 C&C |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Employee Age | 60.000 | 60.000 | 60.000 | 60.000 | 60.000 | 60.000 | 60.000 | 60.000 | 60.000 | 60.000 | 60.000 |
| Spouse Age | N/A | N/A | 54.000 | 54.000 | 54.000 | 54.000 | 54.000 | N/A | N/A | N/A | N/A |
| Age Difference | N/A | N/A | -6.000 | -6.000 | -6.000 | -6.000 | -6.000 | N/A | N/A | N/A | N/A |
| Conversion Factor | 159.621505 | 159.621505 | 0.859 | 0.820 | 0.820 | 0.802 | 0.752 | N/A | 0.954 | 0.902 | 0.841 |
| Converted Benefit | 451,569.24 | 451,569.24 | 2,474.98 | 2,319.59 | 2,268.58 | 2,127.97 | | | 2,098.30 | | |

SPXP000588

**EXHIBIT S**

---

**SECTION 2**
**DEFINITIONS**

---

2.1    Definitions.    Whenever used in the Plan, the following terms shall have the respective meanings set forth below unless otherwise expressly provided.  When the defined meaning is intended, the term is capitalized:

(a)    "Account Balance" means the value of a Participant's benefit payable under this Plan on or after July 1, 1997, expressed as a lump sum.  A Participant's Account Balance at any time shall be the sum of the following:

(1)    July 1, 1997 Account Balance (if any);
(2)    Principal Credits made pursuant to Section 5.2;  and
(3)    Interest Credits made pursuant to Section 5.3.

(b)    "Accrued Benefit" has the following meaning with respect to the methods of determining a benefit under this Plan as may apply to a specific Participant:

(1)    Account Balance.  An Accrued Benefit based on a Participant's Account Balance means the Participant's Account Balance at any time, and the immediate single life annuity which is the Actuarial Equivalent of the Participant's Account Balance at the time of determination.
(2)    Grandfathered Benefit or Minimum Benefit.  An Accrued Benefit based on a Participant's Grandfathered Benefit or Minimum Benefit (as applicable) means a single life annuity payable at Normal Retirement Age, as provided at Section 6.13 or 6.14.

(c)    "Actuarial Equivalent" means a benefit having the same value as the benefit it replaces, as defined in this subsection.  Actuarial equivalency shall be determined on the basis of the following assumptions:

(1)    For purposes of (i) converting an Account Balance to a single life annuity, (ii) converting a single life annuity to a lump sum at age 65 or attained age, if later, if the Participant is eligible for Normal Retirement, or at Early Retirement Age if the Participant is eligible for Early Retirement, or (iii) converting a Grandfathered or Minimum Accrued Benefit into an immediate annuity payable before normal or early retirement age for purposes of a Cash-Out of Benefits pursuant to Section 15, mortality shall be based upon the mortality table prescribed in Code Section 417(e)(3)(A)(ii)(I), and the assumed interest rate shall be the annual interest rate on 30-year Treasury securities, as published by the Board of Governors of the Federal Reserve System, for the November prior to the Plan Year during which the distribution is made; PROVIDED that only for purposes of converting a single life annuity to a lump sum, a Participant who was a Participant in the Sealed Power Corporation Pension Plan No. 3 (the predecessor to this Plan) on December 31, 1984 shall receive a lump sum equal to that calculated pursuant to

- 2 -

SPXP000228