UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| THOMAS D. GILLIS,<br><br>      Plaintiff<br><br>vs.<br><br>SPX CORPORATION INDIVIDUAL ACCOUNT RETIREMENT PLAN and SPX RETIREMENT ADMINSTRATIVE COMMITTEE,<br>      Defendants | Civil Action No.: 03-12389-GAO |

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Now comes the Plaintiff, Thomas D. Gillis ("Gillis") and hereby provides the following facts which he contends are not reasonably subject to dispute in the above-captioned matter:

1. Mr. Gillis was an employee of SPX Corporation ("SPX") and its unrelated, predecessor companies between May 10, 1965 and June 20, 2002. Gillis Affidavit ¶ 2.

2. Mr. Gillis began his career at Blue M. Electric, accruing pension benefits under the Blue M Electric Pension Plan ("Blue M Plan") from May 10, 1965 until July 1, 1982. Gillis Affidavit ¶ 3.

3. General Signal Corporation ("GSX") purchased Blue M Electric in 1981 and merged the Blue M Plan with the Corporate Retirement Plan of General Signal Corporation ("GSX Corporate Plan" or "GSX Plan"). Gillis Affidavit ¶ 4.

4. Mr. Gillis accrued pension benefits under the GSX Plan from July 1, 1982 until he became a participant in the SPX Corporation Individual Account Retirement Plan ("SPX Plan") on December 1, 1998. Gillis Affidavit ¶ 5.

5.      Prior to the date on which the GSX and SPX Plans merged, Mr. Gillis was age 55 and had completed more than five (5) years of service, thus qualifying for early retirement under the GSX Plan. Gillis Affidavit ¶ 6.

6.      Mr. Gillis became a participant in the SPX Plan December 1, 1998, after the SPX Plan merged with the GSX Plan, effective as of November 30, 1998. Gillis Affidavit ¶ 7.

7.      The SPX Plan was amended effective as of January 1, 1998, to reflect the merger with the SPX Plan, and to include a separate benefit structure for former GSX employees. Gillis Affidavit ¶ 8.

8.      The total pension due to Mr. Gillis from the SPX Plan is comprised of his benefit accruals under the Blue M Plan, the GSX Plan and the SPX Plan. Gillis Affidavit ¶ 9.

9.      In order to determine Mr. Gillis' accrued benefit under the cash balance formula, the SPX Plan converted his accrued benefit in the GSX Plan, which included his Blue M Plan accrued benefits and GSX Plan early retirement subsidy, to its lump sum actuarial equivalent[1] as of December 31, 1998, and treated this sum as his "opening Account Balance" on January 1, 1999 under the SPX Plan. Gillis Affidavit ¶ 10.

10.     Mr. Gillis his employment with the SPX Corporation on June 20, 2002 at age 59½. Because of his age and service, Mr. Gillis met the requirement for a lump sum distribution of benefits from the SPX Plan in 2002, Gillis Affidavit ¶ 11.

11.     The SPX Plan, a defined benefit plan, was amended as of July 1, 1997 to convert from a traditional defined benefit plan to a cash balance plan. Gillis Affidavit ¶ 12.

---

[1] Mr. Gillis accrued benefit under the GSX and Blue M. Plans was originally expressed as a monthly payment for his life or life expectancy. The present value of this stream of payments, expressed as a lump sum, is the actuarial equivalent of those payments. The actuarial assumptions used for such conversion to a lump sum are regulated by law and stated in the SPX Plan. The SPX Plan permits the payment of the Transition benefit at early retirement in the form of a lump sum distribution under §B-31(p) and (1)(1).

12.     Effective as of January 1, 1998, the SPX Plan was amended to reflect the merger with the GSX Plan and to include three separate and alternative benefit formulas for former GSX employees. Gillis Affidavit ¶ 13.

13.     No prior notice of this amendment was given to former GSX employees participating in the SPX Plan advising them of any cutback in their benefits. Gillis Affidavit ¶ 14.

14.     Under §B-31(k) of the SPX Plan, and former GSX Plan participant, upon his or her termination of employment with SPX, a former GSX Plan participant is entitled to the greatest of his or her: (1) Accrued benefit; (2) Transition Benefit; or (3) December 31, 1998 GSX Accrued Benefit.[2] Gillis Affidavit ¶ 15.

15.     The Transition Benefit was intended to provide a special alternative benefit to older employees who would otherwise be hurt by the conversion from the GSX Plan, a traditional defined benefit plan to the SPX Plan, a cash balance plan. Gillis Affidavit ¶ 16.

16.     The Transition Benefit was specifically designed to address the reduced future benefit accruals that older former GSX Plan participants would receive under the cash balance formula of the SPX Plan. Gillis Affidavit ¶ 17.

17.     To qualify for the Transition Benefit, an SPX Plan participant must have: (a) participated in the GSX Plan; (b) participated in the SPX Plan on January 1, 1999, (c) have attained at least age 45 and have at least 5 years of Continuous Service under the SPX Plan on

---

[2] Because Mr. Gillis accrued benefits under the SPX Plan after December 31, 1998, the December 31, 1998 GSX Accrued Benefit would result in the smallest of these three benefit alternatives for Mr. Gillis, and is not relevant to this case.

January 1, 1999,[3] (d) retire early (after age 55 and before age 65); and (e) not have accepted an early retirement incentive under the SPX Plan. Gillis Affidavit ¶ 18.

18.　　Mr. Gillis met all of these requirements for receiving a Transition Benefit under the SPX Plan. Gillis Affidavit ¶ 19.

19.　　No employee disclosure regarding the Transition Benefit unambiguously advised Mr. Gillis that his early retirement subsidy that he earned under the GSX Plan would be subtracted from his Transition Benefit. Gillis Affidavit ¶ 20.

20.　　The SPX Plan, as amended and restated, effective as of January 1, 2001 is the document that purports to describe my pension benefits. Gillis Affidavit ¶ 21.

21.　　Mr. Gillis became a participant in the SPX Plan on December 1, 1998 under §B-31(c) of the SPX Plan and, as such, is a participant as described under ERISA §(7), 29 U.S.C.§1003(7). Gillis Affidavit ¶ 22.

22.　　Mr. Gillis first made a written request for Plan documents from the SPX Plan Administrator on October 22, 2001. Gillis Affidavit ¶ 23.

23.　　The Plan Administrator did not honor Mr. Gillis' request for Plan documents until July 18, 2002, which was 230 days after the statutory deadline for response, and provided documents only in response to the demand of legal counsel that Mr. Gillis was forced to retain. Gillis Affidavit ¶ 24.

24.　　On or about September 27, 2002, Mr. Gillis submitted a claim for benefits under the SPX Plan for his benefits, none of which have been paid to date. Gillis Affidavit ¶ 25.

---

[3] Under the terms of the SPX Plan, Mr. Gillis' GSX service was treated as Continuous Service under the SPX Plan, Exhibit F, so as of January 1, 1999 he had 5 years Continuous Service under the SPX Plan.

25.     On March 18, 2003, the SPX Plan Administrator denied Mr. Gillis' initial claim of September 27, 2002 for a lump sum distribution and disputed Mr. Gillis' calculation of the benefits due him. Gillis Affidavit ¶ 26.

26.     On May 2, 2003, Mr. Gillis submitted an administrative appeal of the Plan Administrator's denial in accordance with the appeal process described by the Plan Administrator in its March 18, 2003 letter. Gillis Affidavit ¶ 27.

27.     The SPX Plan Administrator did not respond to Mr. Gillis' appeal within 120 days, as required under its own claims policy, stated in the SPX letter dated March 18, 2003. Gillis Affidavit ¶ 28.

28.     The SPX Plan Administrator did, however, provide Mr. Gillis a written denial of his appeal on November 24, 2003, substantially outside the deadline for the response under the Plan Administrator's claims procedure, and only after Mr. Gillis' attorney advised the Plan Administrator that he would be filing this lawsuit, having exhausted his administrative remedies. Gillis Affidavit ¶ 29.

**THOMAS D. GILLIS,**
**Plaintiff,**
**By his attorneys,**

_____
Lawrence P. Murray BBO No. 561835
Burns & Levinson LLP
125 Summer Street
Boston, Massachusetts 02110
Telephone: 617.345.3000
Facsimile: 617.345.3299

Dated: February 8, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed though the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 8, 2006.

                                        /s/ Lawrence P. Murray
                                        Lawrence P. Murray