UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS D. GILLIS, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>SPX CORPORATION INDIVIDUAL ACCOUNT )<br>RETIREMENT PLAN and SPX RETIREMENT )<br>ADMINISTRATIVE COMMITTEE, )<br>)<br>Defendants )<br>) | Civil Action No.: 03-12389-GAO<br><br>Judge George A. O'Toole, Jr. |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants SPX Corporation Individual Account Retirement Plan (the "SPX Plan") and SPX Retirement Administrative Committee (the "Plan Administrator," together "SPX"), by their attorneys, respectfully move this Court for entry of summary judgment pursuant to Federal Rule of Civil Procedure 56(b) and Local Rule 56.1. In support of this motion, SPX states as follows:

1.      This case essentially is an appeal from the Plan Administrator's denial of Mr. Gillis' claim for benefits under ERISA. Although Mr. Gillis has based his benefits claims in this case on several grounds, his core assertion is that the Plan Administrator erred in calculating his Transition Benefit because it did not add in the value of an early retirement subsidy. Am. Compl. ¶¶29-30. Specifically, in Counts I and II, he alleges that based on this core assertion the Plan Administrator violated ERISA Section 204(G)(1) anti-cutback provisions and Section 208 merger provisions. Am. Compl. ¶¶42-54. In Count III, Mr. Gillis alleges that the Plan Administrator breached a fiduciary duty owed to him under ERISA because it misrepresented by not informing him that his Transition Benefit would not add in the value of his GSX early retirement subsidy. Am. Compl. ¶¶55-61. In Count IV, he alleges that the SPX Plan violated

ERISA Section 204(b)(1)(G) anti-age discrimination provisions based on his core assertion relating to his Transition Benefit calculation and alleges that it improperly calculated his benefit when his former pension plan was merged with the SPX Plan. Am. Compl. ¶¶62-7. In Count V, he alleges that the SPX Plan breached a fiduciary duty owed to him under ERISA by failing to pay him the benefit amount that he claims in this case. Am. Compl. ¶¶68-73. In Count VI, Mr. Gillis seeks that SPX be fined under ERISA Section 502(c)(1) for allegedly failing to provide him with Plan documents in a timely fashion. Am. Compl. ¶¶74-80.

2. Although SPX contends Mr. Gillis lacks standing to pursue certain claims, Mr. Gillis' claims primarily fail because the core allegation on which they are based - that the calculation of his Transition Benefit should have added in the value of his GSX early retirement subsidy - is incorrect under the express terms of the SPX Plan documents. Nor does the benefits determination made by the Plan Administrator run afoul of applicable law. Additionally, as more fully set forth in the accompanying memorandum of law, Mr. Gillis' other claims for age discrimination, breach of fiduciary duty and failure to provide plan documents similarly fail under applicable law.

3. SPX has filed herewith, and incorporates by reference, its memorandum of law in further support of this motion.

4. Pursuant to Local Rule 7.1, SPX certifies that its attorneys have conferred with counsel for Mr. Gillis and have attempted in good faith to resolve or narrow the issues and that such conference was unsuccessful.

**CONCLUSION**

For the reasons stated above and in the accompanying memorandum of law, SPX respectfully requests that the Court grant Defendants' Motion for Summary Judgment.

Dated: February 8, 2006

On Behalf of SPX Individual Account Retirement Plan and the SPX Retirement Administrative Committee

/s/ Andrew W. Vail

Andrew A. Jacobson
Andrew W. Vail
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Tel: (312) 222-9350
Fax: (312) 840-7650
Email: ajacobson@jenner.com
Email: avail@jenner.com

Richard Cavanaugh
Gallagher & Cavanaugh, LLP
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 018
Tel: (978) 452-0522
Email: richardc@gcattorneys.com