# Exhibit A

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS D. GILLIS,               ) | |
|                        ) | |
|                       ) | |

THOMAS D. GILLIS,                                   )

                      Plaintiff    )

                             )   Civil Action No.: 03-12389-GAO

vs.                           )

                           )   Judge George A. O'Toole, Jr.

SPX CORPORATION INDIVIDUAL ACCOUNT )

RETIREMENT PLAN and SPX RETIREMENT  )

ADMINISTRATIVE COMMITTEE,         )

                           )

                   Defendants   )

## DECLARATION OF ROBERT CAMPBELL IN SUPPORT
## OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I, Robert Campbell, being first duly sworn, depose and state as follows:

     1.     I am employed by Watson Wyatt & Company ("Watson Wyatt") as a consulting actuary. If called to testify, I would be competent to testify to all matters stated in this affidavit on my own personal knowledge.

     2.     My duties and responsibilities as a consulting actuary at Watson Wyatt include, but are not limited to, performing actuarial and benefit calculations relating to retirement benefit plans. I am an Enrolled Actuary under ERISA, an associate of the Society of Actuaries, and a member of the American Academy of Actuaries.

     3.     I have been employed by Watson Wyatt as a consulting actuary with the above mentioned duties and responsibilities since 1994.

     4.     On or about December of 1999, the SPX Corporation Individual Account Retirement Plan (the "SPX Plan") and the SPX Retirement Administrative Committee (the "Plan Administrator," together "SPX") engaged Watson Wyatt as the independent actuary for the SPX

Plan. Prior to that time, SPX had engaged Hewitt Associates as independent actuary for the SPX Plan.

5.    Effective November 30, 1998, the Corporate Retirement Plan of General Signal Corporation (the "GSX Plan") was merged into the SPX Plan. Pursuant to SPX's direction and in its capacity as the actuary for the SPX Plan, Hewitt Associates performed actuarial and benefit calculations relating to the merger of former GSX Plan participants' accounts into the SPX Plan. Subsequent to this merger and to the calculation of benefits by Hewitt Associates, Watson Wyatt, as independent actuary, recalculated and verified the benefit amounts for SPX Plan participants who have since terminated or retired from SPX.

6.    During the time that Watson Wyatt performed these calculations, I personally led the team of consultants and actuaries who performed these calculations. In performing these calculations Watson Wyatt communicated with the Plan Administrator about the SPX Plan and received from SPX all relevant and necessary SPX Plan documents to perform such calculations. As required by ERISA and the SPX Plan, these calculations were performed in accordance with the SPX Plan's terms and conditions.

7.    As a result of the merger of the GSX Plan into the SPX Plan and because the SPX Plan is a cash balance plan, it was necessary to convert participants' GSX benefits from a traditional defined benefit to a cash balance plan benefit.

8.    SPX desired to provide merged GSX Plan participants with an equivalent or even a greater benefit after their account conversion as part of a philosophy to provide merged GSX Plan participants with an overall retirement package that was at least comparable to the retirement benefits they would have been likely to receive under the former GSX Plan. Therefore, the SPX Plan offered these merged GSX Plan participants the greatest of three

possible benefits for their SPX Plan individual accounts:   their GSX Accrued Benefit at December 31, 1998, their SPX Accrued Benefit, or their Transition Benefit.  I understand that Mr. Gillis does not dispute the calculation of the GSX Accrued Benefit at December 31, 1998 and that it is not at issue in this case.  The only possible benefits at issue in this case are his SPX Accrued Benefit and his Transition Benefit.

9.     In calculating Mr. Gillis' benefit upon his cessation of employment from SPX, Watson Wyatt verified that the calculation of his benefits, including the determination of his opening account balance for the possible benefits at issue in this case, and followed the express terms of the SPX Plan, as is required under ERISA.

10.     Watson Wyatt followed the terms of the SPX Plan and determined that as of January 1, 2003, Mr. Gillis' greatest benefit was his SPX Accrued Benefit of $471,147.90.

11.     I understand that Mr. Gillis disputes these calculations and the resulting benefit amount.  Essentially, he alleges that based on his method of calculation he is entitled to receive his Transition Benefit because he claims it is greater than his SPX Accrued Benefit.

12.     Mr. Gillis' asserted method of calculation, however, does not comport with the terms of the Plan and thus the amount he claims to be his Transition Benefit amount is incorrect. When properly calculated his Transition Benefit as of January 1, 2003 was $451,569.24.

13.     Mr. Gillis' opening account balance for his SPX Accrued Benefit was calculated as follows:  In accordance with Appendix B-31(j) of the Plan, the opening account balance for purposes of determining a participant's SPX Accrued Benefit is determined by first multiplying the December 31, 1998 GSX accrued benefit by the early retirement reduction factor for the participant's age as of December 31, 1998 (if eligible for early retirement).  Mr. Gillis was

eligible for early retirement as of December 31, 1998. Then, this early retirement benefit is converted to an opening account balance by multiplying it by an immediate annuity factor.

14.     Pursuant to the SPX Plan, in calculating merged GSX Plan participants' opening account balance for purposes of determining the SPX Plan Accrued Benefit Watson Wyatt included the value of a participant's GSX early retirement benefit as long as the participant at the time of the merger was (i) a participant in the GSX Plan; (ii) was at least age 55; and (iii) had at least five years of service in the GSX Plan.

15.     Mr. Gillis met these criteria, and thus his opening account balance for purposes of determining his SPX Accrued Benefit was calculated to include his GSX early retirement subsidy. The inclusion of this subsidy in the calculation is shown in Exhibit 1, attached hereto and prepared by Watson Wyatt to demonstrate these calculations. SPX provided Mr. Gillis Exhibit 1 as an attachment to its March 18, 2003 benefit claim denial letter and its November 24, 2003 denial of appeal letter.

16.     Mr. Gillis' opening account balance for his Transition Benefit was calculated, without initially including an early retirement subsidy, in accordance with Appendix B-31(p) of the SPX Plan, which states: "The Transition Benefit shall be an alternative benefit determined as follows: (1) The Participant's Account Balance at Early Retirement, as determined by the Plan (without taking into account the provisions of Appendix B-31(j)(iii), which would otherwise include the GSX Corporate Plan's early retirement subsidy in determining the opening Account Balance of a GSX Group Employee eligible for Early Retirement under the GSX Corporate Plan)."

17.     Once the opening account balance has been established for the Transition Benefit calculation, the actual Transition Benefit is calculated using actuarial factors as set forth in the

SPX Plan.  In performing a Transition Benefit calculation for a plan participant like Mr. Gillis (where employment ends before age 65), the actuarial factors used are different than those used under the other available SPX Plan benefits.  SPX Plan at Appendix B-31(p).  This is done in part to capture the value of any early retirement benefits to be reflected in the Transition Benefit amount and has the effect of increasing the value of the benefits available under the Transition Benefit.  If the SPX Plan both used the different actuarial values for this benefit and included an "up-front" early retirement subsidy in the Transition Benefit calculation, this would result in effectively double-counting the value of any early retirement benefits.  Exhibits 1 and 2, attached hereto and prepared by Watson Wyatt demonstrate these calculations.  SPX provided the calculations contained in Exhibits 1 and 2 to Mr. Gillis as attachments to its March 18, 2003 benefit claim denial letter and its November 24, 2003 denial of appeal letter.

18.    In calculating Mr. Gillis' Transition Benefit, the appropriate actuarial values were used such that the Transition Benefit in fact accounted for the value of early retirement.

19.    These methods of calculation follow the requirements of federal law, including ERISA and the IRS Code.  The conversion of GSX Plan accrued benefits into opening account balances fulfills all federal law and regulations relating to the preservation of accrued benefits under defined benefit plans.  This is guaranteed by the fact under the Plan, the December 31, 1998 GSX accrued benefit serves as a minimum benefit for all calculations.  Exhibits 1 and 2, attached hereto and prepared by Watson Wyatt demonstrate these calculations.  SPX provided the calculations contained in Exhibits 1 and 2 to Mr. Gillis as attachments to its March 18, 2003 benefit claim denial letter and its November 24, 2003 denial of appeal letter.

20.     The Transition Benefit is itself a form of an early retirement subsidy that was provided to compensate a small group of merged GSX Plan participants who faced losing the value of a not-yet-accrued early retirement subsidy.  It is not required under ERISA or any federal law.

21.     In calculating merged GSX plan participants' opening account balances, including Mr. Gillis' opening account balance, Watson Wyatt did not eliminate or reduce any benefits that participants had accrued under the GSX Plan, including Mr. Gillis' GSX early retirement subsidy.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.  EXECUTED ON JANUARY 8, 2006.**

_____/s/ Robert Campbell_____
Robert Campbell
Consulting Actuary, Watson Wyatt & Company
