# Exhibit 9

**BURNS & LEVINSON LLP**

Counsellors at Law

125 Summer Street, Boston, MA 02110-1624
Telephone 617-345-3000 Facsimile 617-345-3299

EVELYN A. HARALAMPU
617-345-3351
E-mail: EHaralampu@B-L.com

May 2, 2003

**CERTIFIED MAIL/RETURN RECEIPT REQUESTED**

M. Sharon Bartshe
Director, Compensation and Benefits
SPX Corporation
13515 Ballantyne Corporate Place
Charlotte, NC 28277

Re:  Appeal of Thomas D. Gillis' Claim for Benefits under the SPX Corporation Individual Account Retirement Plan

Dear Ms. Bartshe:

Thomas D. Gillis hereby appeals the denial of his pension claim under the SPX Corporation Individual Account Retirement Plan ("Plan" or "SPX Plan") issued to him in your letter dated March 18, 2003 (which I received on March 21, 2003), and demands that his Transition Benefit be calculated in the same manner disclosed to him by SPX which includes his early retirement subsidy in his opening account balance.

Both SPX Corporation ("SPX") and Mr. Gillis agree that Mr. Gillis' lump sum benefit under the Plan is the greatest of: (1) his Accrued Benefit; (2) his Transition Benefit; or (3) the December 31, 1998 GSX Accrued Benefit. (Plan Appendix B-31(k)) Mr. Gillis and SPX differ, however, on two issues; first, how the Transition Benefit is calculated; and second, whether Mr. Gillis is entitled to a Grandfathered Benefit as his Accrued Benefit. Both parties agree that the December 31, 1998 GSX Accrued Benefit is the lowest of the three lump sum calculations and not determinative of Mr. Gillis' lump sum benefit under the SPX Plan.

1.  **CALCULATION OF TRANSITION BENEFIT**

    a.  **Correct Calculation of Mr. Gillis' Transition Benefit includes his Early Retirement Subsidy in his Opening Account Balance.**

Mr. Gillis maintains that the opening account balance used in determining his Transition Benefit must include the net present value of his early retirement subsidy under the GSX Corporate Plan as described in my letter dated September 27, 2002. Mr. Gills' position is based specifically on two disclosures made to SPX Plan participants who were formerly employees of General Signal Corporation ("GSX"). One disclosure is the Supplement to Summary Plan Description of the General Signal Transition Benefit ("Supplement"). The second disclosure, defining Mr. Gillis' opening account balance as of January 1, 1999 as $367,016.83, is in

## BURNS & LEVINSON LLP
Counsellors at Law

M. Sharon Bartshe
May 1, 2003
Page 2

materials that SPX distributed to him entitled, "Your Personal Opening Account Balance Statement" ("Statement"). Mr. Gillis relied on the Statement, and the example in the Supplement which gives a clear and specific method for calculating the Transition Benefit of a person who is at early retirement age.

The example in the Supplement describes only one account balance; it does not refer to any specially-calculated account balance for purposes of determining the Transition Benefit. SPX' own definition of Mr. Gillis' opening account balance in the Statement clearly includes the early retirement subsidy. (See enclosed.) Reading the two employee disclosures together, it is clear that the opening account balance for an early retiree includes the accrued early retirement subsidy. The method used in calculating Mr. Gillis' Transition Benefit, presented in my letter dated September 27, 2002, conforms to the employee disclosures and the method used in the example in the Supplement for an employee meeting the requirements of early retirement.

Furthermore, the calculation in my letter, unlike the SPX calculation, complies with applicable federal law. The exclusion of the accrued early retirement subsidy is an illegal and discriminatory cutback of benefits.

b.  **Disclosures to Employees Show Inclusion of Early Retirement Subsidy for Calculating Transition Benefit.**

The Supplement plainly provides an example of calculating a Transition Benefit for Harry, an employee who retires when he is 55 years old with 20 years of service ("Harry Example"). This Example is applicable to Mr. Gillis' situation because Harry, the hypothetical person in the Example, is already 55 (early retirement age) when he retired. The statement in your letter of March 18, 2003 that the Example is not relevant to Mr. Gillis because the person in the Example was not yet age 55 is simply incorrect, and the plain language of the Harry Example verifies this point.

In the Harry Example, the opening account balance is used to determine the Transition Benefit. No adjustment is made to Harry's opening account balance in the Example to exclude the early retirement subsidy. SPX advised Mr. Gillis in the Statement that his opening account balance as of January 1, 1999 was $367,016.83. Using the same method shown in the Harry Example and Mr. Gillis' own opening account balance shown his Statement, Mr. Gillis' Transition Benefit was determined as shown in my letter dated September 27, 2002. The September calculation does not exclude the early retirement subsidy because the Harry Example makes no such exclusion. Case law consistently holds that notwithstanding anything to the contrary, the terms of disclosures made to employees are controlling, and employees are entitled to rely on them. (This legal point is discussed more fully in my letter dated September 27, 2002.)

Furthermore, footnote 1 of the Supplement does not contradict the Harry Example or the Statement, because it indicates that the opening account balance includes an early retirement

00755976.DOC/24651.0

SPXP000571

**BURNS & LEVINSON LLP**
Counsellors at Law

M. Sharon Bartshe
May 1, 2003
Page 3

subsidy for those in the Corporate Plan. Including the early retirement subsidy in the opening account balance is exactly what the Statement does, and exactly what Mr. Gillis' calculation presented in my September 27, 2002 letter does. Mr. Gillis' calculation is directly based on the method used in the Harry Example and the Statement.

    c.    <u>Federal Law Prohibits the Cut-Back of Accrued Early Retirement Subsidies and Prohibits Age Discrimination in Compensation.</u>

Including the early retirement subsidy already accrued in the opening account balance does not have the effect of double-counting the subsidy. In fact, the failure to include in Mr. Gillis' opening account balance the early retirement subsidy that he has already accrued under the GSX Corporate Plan violates the anti-cutback rules of the federal pension law and affects Mr. Gillis in more than a de minimis manner. (§ 411(d)(6)(B)(i) of the Internal Revenue Code of 1986, as amended ("Code") and Regulation § 1.411(d)-4, Q&A-1)

In addition, failure to include Mr. Gillis' early retirement subsidy in his opening account balance violates the Age Discrimination in Employment Act ("ADEA") because it discriminates against older participants by impermissibly reducing their benefit accruals. (29 U.S.C. §1054(b)(1)(H)(i); ERISA §204(b)(1)(H)(i) and 29 U.S.C. § 623(i)(1)(A))

Thus, the SPX position that Mr. Gillis' early retirement subsidy must be excluded from his benefit calculation is illegal, reflects one of the abuses of cash balance plan conversions, and is contrary to what SPX disclosed to former GSX employees. Accordingly, Mr. Gillis maintains that the method of calculating his Transition Benefit is correctly presented in my letter dated September 27, 2002, and he hereby demands a lump sum benefit based on that calculation method, which includes his early retirement subsidy under the GSX Plan.

    2.    **GRANDFATHERED BENEFIT**

    a.    <u>Mr. Gillis' Benefit under the SPX Plan Should Consider His Eligibility for a Grandfathered Benefit.</u>

While Mr. Gillis maintains that his correct benefit under the SPX Plan is the Transition Benefit, calculated to include his early retirement subsidy, he takes the position that under the literal language of the Plan, he qualifies for a Grandfathered Benefit (which is part of the definition of his Accrued Benefit), and that SPX should have considered Mr. Gillis' Grandfathered Benefit in determining his overall benefit under the SPX Plan.

# BURNS & LEVINSON LLP
Counsellors at Law

M. Sharon Bartshe
May 1, 2003
Page 4

    b.    <u>Literal Reading of the Plan Supports Mr. Gillis' Inclusion in the Grandfathered Group.</u>

The term, "Accrued Benefit," as it applies to former employees, is defined at Plan § 2.1(b). (Appendix B-31(k) of the Plan) There is nothing in Appendix B-31, defining the benefit structure under the SPX Plan for former GSX employees, that excludes their eligibility for Grandfathered Benefits. On the contrary, Appendix B-31(k) specifically refers to the definition of Accrued Benefits which includes a Participant's Grandfathered Benefit. Participants in the "Grandfathered Group" are entitled to the "Grandfathered Benefit."

The "Grandfathered Group" is defined at § 2.1(x) of the Plan as "those Participants on July 1, 1997: (1) who had 10 or more years of Continuous Service on that date; and (2) whose age and years of Continuous Service total at least 50 on that date." "Grandfathered Participant" is further defined at § 2.1(y) as "a Participant or Inactive Participant who is in the Grandfathered Group or who was in the Grandfathered Group until his termination of employment with the Employer." Former GSX employees who were participants under the GSX Corporate Plan became Participants in the SPX Plan effective December 1, 1998. (Appendix B-31(c)) Under SPX Plan Appendix B-31(d) effective December 1, 1998, Mr. Gillis' Continuous Service and Credited Service under the GSX Corporate Plan was transferred to the SPX Plan. Continuous Service and Credited Service is defined under the SPX Plan as service with the "Employer" or any "Related Company." (SPX Plan §4.1 and §2.1(k)-(l))

Effective October 6, 1998, GSX, for whom Mr. Gillis worked, became a wholly-owned subsidiary of SPX. Thus, GSX falls within the definition of "Employer" under § 2.1(t) of the Plan because it is a Subsidiary under Section 2.1(ss), a member of a controlled group of corporations with SPX under Section 2.1(ll), and designated as participating in the Plan. (SPX Plan Appendix B – 31(a)).

Weaving through these provisions, it is clear that Mr. Gillis met the qualifications of the Grandfathered Group because: (a) he qualified as a Participant under the SPX Plan; (b) on July 1, 1997 he had more than 10 years of Continuous Service and Credited Service under the GSX Corporate Plan, and that service was transferred to and treated as service under the SPX Plan; and (c) the sum of Mr. Gillis' age and Service on July 1, 1997 was over 50. (Appendix B-31(d)) Thus, Mr. Gillis meets all of the requirements of the Grandfathered Group because his service and participation in the GSX Corporate Plan counted as service and participation in the SPX Plan.

There is nothing in the definition of Grandfathered Group that requires active employment with SPX on July 1, 1997. On the contrary, by its cross-referencing the definition of Accrued Benefits, Appendix B-31(k) contemplates that GSX employees should be subject to the grandfathering rules. Moreover, the definition of "Employer" clearly includes GSX, so even

## BURNS & LEVINSON LLP
Counsellors at Law

M. Sharon Bartshe
May 1, 2003
Page 5

if there were an active service requirement "with the Employer" on July 1, 1997, Mr. Gillis met that requirement, because he was then employed with GSX.

    c.    **Although Plain Meaning of Plan Supports Mr. Gillis' Eligibility for Grandfathered Benefits Any Ambiguity Must be Construed Against the Draftsman, SPX.**

    There is nothing in the Plan language that precludes Mr. Gillis from meeting the requirements of a Grandfathered Group on July 1, 1997 because his service and participation in the GSX Corporate Plan was service and participation under the SPX Plan. Accordingly, he must be afforded the benefits of a Grandfathered Participant because he meets the requirements of the Grandfathered Group. It is Mr. Gillis' position that the plain and literal language of the SPX Plan supports this result. To the extent that SPX has a different but reasonable interpretation of the SPX Plan, then it must be said that the SPX Plan language is ambiguous. Under common law rules of construction, any ambiguities in the terms of a document are construed against the draftsman. (Rest. 2d Contracts § 206, *See, e.g. In re F.H. McGraw Company*, 473 F.2d 465, 468, *certiorari denied*, 414 U.S. 1022, 94 S.Ct. 443, 38 L.Ed.2d 312 (1973)).

    d.    **Mr. Gillis' Benefit under the SPX Plan Must Reflect His Eligibility for a Grandfathered Benefit.**

    Accordingly, any position by SPX to insert into the SPX Plan language a nonexistent requirement of active employment with SPX on July 1, 1997 must fail. Mr. Gillis is entitled to a Grandfathered Benefit as part of the calculation of his overall benefits under the plain and literal terms of the SPX Plan, and to the extent that there is any ambiguity, that ambiguity must be construed against SPX, which drafted the Plan. Because Mr. Gillis' Transition Benefit, calculated with the early retirement subsidy, exceeds his Grandfathered Benefit, however, he is entitled to such Transition Benefit.

    3.    **CONCLUSION**

    Mr. Gillis demands that his lump sum Transition Benefit be calculated with his GSX Corporate Plan early retirement subsidy included in his opening account balance. He makes this demand for three reasons. First, he relied on the disclosure made in the Statement which includes his early retirement subsidy in his opening account balance, and on the Harry Example in the Supplement which calculates the Transition Benefit. The Harry Example makes no adjustment to the opening account balance of an early retiree that would eliminate his early retirement subsidy. Mr. Gillis' Transition Benefit, as calculated in my letter dated September 27, 2002, follows the method and definition set forth in these employee disclosures by including Mr. Gillis' early retirement subsidy in his opening account balance when calculating his Transition Benefit.

00755976.DOC/24651.0

SPXP000574

# BURNS & LEVINSON LLP
Counsellors at Law

M. Sharon Bartshe
May 1, 2003
Page 6

    Second, it is illegal under the Internal Revenue Code of 1986, as amended, and the Employee Retirement Income Security Act of 1974 (ERISA) to calculate the opening account balance without the early retirement subsidy because such an exclusion is an impermissible cutback of an accrued benefit that Mr. Gillis already earned under the GSX Corporate Plan. Mr. Gillis met the conditions for early retirement and, in fact, retired early. Under federal law, he is entitled to his accrued early retirement subsidy.

    Third, calculating Mr. Gillis' opening account balance without the early retirement subsidy violates ADEA by cutting back the accruals of a retirement plan participant based on age.

    Because the Transition Benefit, correctly calculated with the early retirement subsidy, yields him the greatest lump sum benefit under the SPX Plan (when compared to the Grandfathered Benefit and December 31, 1998 GSX Accrued Benefit) Mr. Gillis demands payment of his Transition Benefit, calculated with his early retirement subsidy.

Very truly yours,

*[signature]*

Evelyn A. Haralampu

EAH/ack
Enclosure

cc:   Thomas D. Gillis
      John F. Drew, Esq.
      Arthur W. Anderson



# Your Personal Opening Balance Statement

## The SPX Individual Account Retirement Plan

*Effective January 1, 1999, SPX introduced the Individual Account Retirement Plan to former General Signal employees.*

*The new plan is:*
- *Innovative*
- *Easy to understand*
- *Designed to provide consistent growth*
- *Portable—even if you leave SPX before retirement*

## Your Opening Balance

The information contained in this statement is based upon historical data collected from your personnel records.

It is your responsibility to review this information for completeness and accuracy.

A form will be available in your local Human Resource Department that you may use to report any discrepancies you find. You will be required to provide supporting documentation before we can research your inquiry.

Under the SPX Individual Account Retirement Plan, you have a pension account that grows each year with a contribution from SPX and interest on your account balance. SPX contributes 4% of your total annual pay up to the Social Security wage base (i.e., $72,600 in 1999) and 8% of your total annual pay over this amount. This contribution is made at the end of each calendar year.

Your opening balance represents the lump sum value of your old pension benefit, based on your pay and service through December 31, 1998.

> *Your Opening Balance in the Individual Account Retirement Plan as of January 1, 1999 is:*    $367,016.83

Your opening balance is the lump sum value of your benefit if you had retired on January 1, 1999. Your account earns interest at an annualized rate of 4.51% through December 31, 1999. Interest rates are adjusted each January 1. You will receive annual updates of your account balance.

> *Based on your years of Continuous Service, you are 100% vested in your account.*

Your opening balance and vested status is based on the information shown in this statement. Please note that your pension account is completely separate from your Retirement Savings Plan account, if you are enrolled in the Retirement Savings Plan.

SPXP000576

## Opening Account Balance

Your monthly pension benefit has been converted into an equivalent lump sum value as of January 1, 1999, using present value factors. These present value factors simply convert your monthly pension benefits into an equivalent lump sum value today. A schedule of present value factors is shown below. If your age is between the ages shown in the schedule, your present value factor has been adjusted to reflect your actual age as of December 31, 1998 in complete years and complete months.

| *Your Present Value Factor is:* | *164.9892* |
|---|---|

Your opening balance in the Individual Account Retirement Plan is determined by multiplying your monthly early retirement benefit times your present value factor.

| *Your Opening Account Balance is:* | *$367,016.83* |
|---|---|

When you retire, you will receive the greater of the cash balance benefit or a transition benefit. To be eligible you must have attained age 45 and completed five years of Continuous Service as of January 1, 1999, continue to work until age 55 or older, and retire after October 1, 1999.

## If You Have Any Questions

If you have any questions, please contact your local Human Resource representative.

### Present Value Factors

*[handwritten: these are GAM 83 (unisex) at 5.25%, assume life annu.]*

These factors are used to convert your monthly early retirement pension benefit under the prior plan into an opening account balance under the Individual Account Retirement Plan. Your factor is based on your attained age as of December 31, 1998 in complete years and complete months.

| Your Age | Your Present Value Factor | Your Age | Your Present Value Factor | Your Age | Your Present Value Factor |
|---|---|---|---|---|---|
| 55 | 167.7827 | 60 | 152.8414 | 65 | 135.6019 |
| 56 | 164.9892 | 61 | 149.5633 | 66 | 131.9367 |
| 57 | 162.0995 | 62 | 146.1941 | 67 | 128.2201 |
| 58 | 159.1114 | 63 | 142.7394 | 68 | 124.4613 |
| 59 | 156.0250 | 64 | 139.2059 | 69 | 120.6686 |
|   |   |   |   | 70 | 116.8487 |

*[handwritten annotations in leftmost column: 1971 GAM 47%; 170.4904; 166.2252; 162.6920; 158.5869]*

LIN WAT                01096  
THOMAS D. GILLIS  
2801 MAPLEBROOK RD  
BELLINGHAM, MA 02019

Social Security Number   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  
Hire Date                05/10/1965  
Birth Date               12/02/1942

4

SPXP000577