SEALED POWER CORPORATION

Equivalent Benefit Payable Under

50.0% Joint and Survivor Option

For Each $1.00 of Life Annuity Otherwise Payable

| EMPLOYEE'S AGE | BENEFICIARY'S AGE | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | 50 | 51 | 52 | 53 | 54 | 55 | 56 | 57 | 58 | 59 |
| 36 | .9779 | .9792 | .9805 | .9817 | .9829 | .9841 | .9852 | .9862 | .9872 | .9881 |
| 37 | .9757 | .9771 | .9785 | .9799 | .9812 | .9824 | .9836 | .9847 | .9858 | .9869 |
| 38 | .9733 | .9748 | .9763 | .9778 | .9792 | .9806 | .9819 | .9831 | .9843 | .9854 |
| 39 | .9706 | .9723 | .9739 | .9755 | .9771 | .9785 | .9800 | .9813 | .9826 | .9839 |
| 40 | .9677 | .9695 | .9713 | .9730 | .9747 | .9763 | .9778 | .9793 | .9808 | .9822 |
| 41 | .9645 | .9665 | .9684 | .9703 | .9721 | .9738 | .9755 | .9771 | .9787 | .9802 |
| 42 | .9610 | .9632 | .9652 | .9672 | .9692 | .9711 | .9729 | .9747 | .9764 | .9780 |
| 43 | .9573 | .9595 | .9618 | .9639 | .9661 | .9681 | .9701 | .9720 | .9739 | .9757 |
| 44 | .9532 | .9556 | .9580 | .9604 | .9627 | .9649 | .9670 | .9691 | .9711 | .9731 |
| 45 | .9488 | .9514 | .9540 | .9565 | .9590 | .9614 | .9637 | .9660 | .9682 | .9703 |
| 46 | .9441 | .9469 | .9497 | .9524 | .9550 | .9576 | .9601 | .9626 | .9649 | .9673 |
| 47 | .9391 | .9421 | .9450 | .9479 | .9508 | .9535 | .9562 | .9589 | .9614 | .9639 |
| 48 | .9338 | .9369 | .9401 | .9431 | .9462 | .9492 | .9521 | .9549 | .9577 | .9604 |
| 49 | .9281 | .9314 | .9348 | .9380 | .9413 | .9445 | .9476 | .9506 | .9536 | .9565 |
| 50 | .9220 | .9256 | .9291 | .9326 | .9360 | .9394 | .9427 | .9460 | .9492 | .9523 |
| 51 | .9156 | .9193 | .9230 | .9267 | .9304 | .9340 | .9376 | .9411 | .9445 | .9479 |
| 52 | .9087 | .9127 | .9166 | .9205 | .9244 | .9282 | .9320 | .9357 | .9394 | .9430 |
| 53 | .9015 | .9056 | .9097 | .9138 | .9179 | .9220 | .9260 | .9300 | .9339 | .9377 |
| 54 | .8938 | .8981 | .9024 | .9067 | .9110 | .9153 | .9196 | .9238 | .9280 | .9321 |
| 55 | .8856 | .8901 | .8946 | .8991 | .9037 | .9082 | .9127 | .9172 | .9217 | .9261 |
| 56 | .8769 | .8816 | .8863 | .8910 | .8958 | .9006 | .9053 | .9101 | .9148 | .9195 |
| 57 | .8677 | .8726 | .8775 | .8824 | .8874 | .8924 | .8974 | .9024 | .9074 | .9123 |
| 58 | .8580 | .8630 | .8681 | .8732 | .8784 | .8837 | .8889 | .8942 | .8995 | .9047 |
| 59 | .8476 | .8528 | .8581 | .8634 | .8688 | .8743 | .8798 | .8854 | .8909 | .8964 |
| 60 | .8367 | .8420 | .8475 | .8530 | .8586 | .8643 | .8701 | .8758 | .8817 | .8875 |
| 61 | .8251 | .8306 | .8362 | .8419 | .8477 | .8536 | .8596 | .8656 | .8717 | .8777 |
| 62 | .8129 | .8185 | .8242 | .8301 | .8361 | .8422 | .8484 | .8547 | .8611 | .8674 |
| 63 | .8000 | .8058 | .8116 | .8177 | .8239 | .8302 | .8366 | .8431 | .8497 | .8563 |
| 64 | .7865 | .7924 | .7984 | .8046 | .8109 | .8174 | .8240 | .8308 | .8376 | .8444 |
| 65 | .7724 | .7784 | .7845 | .7908 | .7973 | .8039 | .8107 | .8177 | .8248 | .8320 |
| 66 | .7578 | .7638 | .7700 | .7764 | .7830 | .7898 | .7968 | .8040 | .8113 | .8188 |
| 67 | .7426 | .7487 | .7550 | .7615 | .7683 | .7752 | .7824 | .7897 | .7972 | .8049 |
| 68 | .7270 | .7331 | .7395 | .7461 | .7529 | .7600 | .7673 | .7748 | .7825 | .7903 |
| 69 | .7108 | .7169 | .7234 | .7300 | .7370 | .7441 | .7515 | .7591 | .7670 | .7750 |
| 70 | .6939 | .7001 | .7065 | .7132 | .7202 | .7275 | .7350 | .7427 | .7507 | .7590 |

08/19/83 S0360-10

SPXP000323

SEALED POWER CORPORATION

Equivalent Benefit Payable Under

50.0% Joint and Survivor Option

For Each $1.00 of Life Annuity Otherwise Payable

| EMPLOYEE'S AGE | BENEFICIARY'S AGE | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | 60 | 61 | 62 | 63 | 64 | 65 | 66 | 67 | 68 | 69 |
| 36 | .9890 | .9899 | .9907 | .9914 | .9922 | .9928 | .9934 | .9940 | .9946 | .9951 |
| 37 | .9878 | .9888 | .9897 | .9905 | .9913 | .9920 | .9927 | .9934 | .9940 | .9945 |
| 38 | .9865 | .9876 | .9885 | .9894 | .9903 | .9911 | .9919 | .9926 | .9933 | .9939 |
| 39 | .9851 | .9862 | .9872 | .9883 | .9892 | .9901 | .9910 | .9918 | .9925 | .9932 |
| 40 | .9834 | .9847 | .9858 | .9869 | .9880 | .9890 | .9899 | .9908 | .9916 | .9924 |
| 41 | .9816 | .9829 | .9842 | .9855 | .9866 | .9877 | .9887 | .9897 | .9906 | .9915 |
| 42 | .9796 | .9811 | .9825 | .9838 | .9851 | .9863 | .9874 | .9885 | .9895 | .9905 |
| 43 | .9774 | .9790 | .9805 | .9820 | .9834 | .9847 | .9860 | .9872 | .9883 | .9894 |
| 44 | .9749 | .9767 | .9784 | .9800 | .9816 | .9830 | .9844 | .9857 | .9869 | .9881 |
| 45 | .9723 | .9742 | .9761 | .9778 | .9795 | .9811 | .9826 | .9841 | .9854 | .9867 |
| 46 | .9694 | .9715 | .9735 | .9755 | .9773 | .9791 | .9807 | .9823 | .9838 | .9852 |
| 47 | .9663 | .9686 | .9708 | .9729 | .9749 | .9768 | .9787 | .9804 | .9820 | .9836 |
| 48 | .9629 | .9654 | .9678 | .9701 | .9723 | .9744 | .9764 | .9783 | .9801 | .9818 |
| 49 | .9593 | .9620 | .9646 | .9671 | .9695 | .9718 | .9740 | .9760 | .9780 | .9799 |
| 50 | .9554 | .9583 | .9611 | .9638 | .9664 | .9689 | .9713 | .9736 | .9757 | .9778 |
| 51 | .9511 | .9543 | .9573 | .9603 | .9631 | .9658 | .9684 | .9709 | .9732 | .9755 |
| 52 | .9465 | .9499 | .9532 | .9564 | .9595 | .9624 | .9652 | .9679 | .9705 | .9729 |
| 53 | .9415 | .9452 | .9488 | .9522 | .9555 | .9587 | .9618 | .9647 | .9675 | .9702 |
| 54 | .9362 | .9401 | .9439 | .9477 | .9512 | .9547 | .9580 | .9612 | .9643 | .9672 |
| 55 | .9304 | .9346 | .9387 | .9427 | .9466 | .9503 | .9539 | .9574 | .9607 | .9639 |
| 56 | .9241 | .9286 | .9330 | .9373 | .9415 | .9455 | .9494 | .9532 | .9568 | .9603 |
| 57 | .9173 | .9221 | .9268 | .9314 | .9359 | .9403 | .9445 | .9486 | .9525 | .9563 |
| 58 | .9099 | .9150 | .9201 | .9250 | .9298 | .9345 | .9391 | .9435 | .9477 | .9518 |
| 59 | .9019 | .9073 | .9127 | .9180 | .9232 | .9282 | .9331 | .9379 | .9425 | .9469 |
| 60 | .8933 | .8990 | .9047 | .9104 | .9159 | .9213 | .9266 | .9317 | .9367 | .9415 |
| 61 | .8839 | .8900 | .8961 | .9020 | .9079 | .9137 | .9194 | .9249 | .9303 | .9355 |
| 62 | .8739 | .8803 | .8867 | .8930 | .8993 | .9054 | .9115 | .9174 | .9232 | .9288 |
| 63 | .8631 | .8698 | .8765 | .8832 | .8899 | .8964 | .9029 | .9092 | .9154 | .9214 |
| 64 | .8516 | .8586 | .8656 | .8727 | .8797 | .8867 | .8935 | .9003 | .9070 | .9134 |
| 65 | .8393 | .8466 | .8540 | .8614 | .8688 | .8761 | .8834 | .8906 | .8978 | .9048 |
| 66 | .8263 | .8339 | .8416 | .8494 | .8571 | .8649 | .8726 | .8802 | .8878 | .8953 |
| 67 | .8127 | .8206 | .8286 | .8367 | .8448 | .8529 | .8611 | .8691 | .8772 | .8852 |
| 68 | .7984 | .8066 | .8149 | .8233 | .8317 | .8402 | .8488 | .8573 | .8658 | .8743 |
| 69 | .7833 | .7917 | .8003 | .8090 | .8178 | .8267 | .8356 | .8446 | .8535 | .8625 |
| 70 | .7674 | .7760 | .7849 | .7938 | .8030 | .8122 | .8215 | .8308 | .8402 | .8495 |

08/19/83 S0360-10

SPXP000324

SEALED POWER CORPORATION

Equivalent Benefit Payable Under

50.0% Joint and Survivor Option

For Each $1.00 of Life Annuity Otherwise Payable

| EMPLOYEE'S | BENEFICIARY'S AGE | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| AGE | 70 | 71 | 72 | 73 | 74 | 75 | 76 | 77 | 78 | 79 |
| 36 | .9956 | .9960 | .9964 | .9968 | .9971 | .9974 | .9977 | .9979 | .9981 | .998 |
| 37 | .9951 | .9955 | .9960 | .9964 | .9968 | .9971 | .9974 | .9977 | .9979 | .998 |
| 38 | .9945 | .9950 | .9955 | .9960 | .9964 | .9968 | .9971 | .9974 | .9977 | .997 |
| 39 | .9938 | .9944 | .9950 | .9955 | .9960 | .9964 | .9967 | .9971 | .9974 | .997 |
| 40 | .9931 | .9938 | .9944 | .9949 | .9955 | .9959 | .9963 | .9967 | .9971 | .997 |
| 41 | .9923 | .9930 | .9937 | .9943 | .9949 | .9954 | .9959 | .9963 | .9967 | .997 |
| 42 | .9913 | .9922 | .9929 | .9936 | .9943 | .9948 | .9954 | .9958 | .9963 | .996 |
| 43 | .9903 | .9912 | .9921 | .9928 | .9935 | .9942 | .9948 | .9953 | .9958 | .996 |
| 44 | .9892 | .9902 | .9911 | .9920 | .9927 | .9935 | .9941 | .9947 | .9953 | .995 |
| 45 | .9879 | .9890 | .9900 | .9910 | .9919 | .9927 | .9934 | .9941 | .9947 | .995 |
| 46 | .9865 | .9878 | .9889 | .9899 | .9909 | .9918 | .9926 | .9933 | .9940 | .994 |
| 47 | .9850 | .9864 | .9876 | .9888 | .9899 | .9908 | .9917 | .9925 | .9933 | .994 |
| 48 | .9834 | .9849 | .9863 | .9875 | .9887 | .9898 | .9908 | .9917 | .9925 | .993 |
| 49 | .9816 | .9832 | .9848 | .9862 | .9875 | .9887 | .9897 | .9908 | .9917 | .992 |
| 50 | .9797 | .9815 | .9831 | .9847 | .9861 | .9874 | .9886 | .9897 | .9907 | .991 |
| 51 | .9776 | .9795 | .9814 | .9831 | .9846 | .9861 | .9874 | .9886 | .9897 | .990 |
| 52 | .9752 | .9774 | .9794 | .9813 | .9830 | .9846 | .9861 | .9874 | .9886 | .989 |
| 53 | .9727 | .9751 | .9773 | .9793 | .9812 | .9830 | .9846 | .9861 | .9874 | .988 |
| 54 | .9700 | .9725 | .9750 | .9772 | .9793 | .9812 | .9830 | .9846 | .9861 | .987 |
| 55 | .9669 | .9697 | .9724 | .9749 | .9771 | .9793 | .9812 | .9830 | .9846 | .986 |
| 56 | .9636 | .9667 | .9696 | .9723 | .9748 | .9771 | .9792 | .9812 | .9830 | .984 |
| 57 | .9598 | .9632 | .9664 | .9694 | .9721 | .9747 | .9770 | .9792 | .9812 | .983 |
| 58 | .9557 | .9594 | .9629 | .9662 | .9692 | .9720 | .9746 | .9770 | .9792 | .981 |
| 59 | .9512 | .9552 | .9590 | .9626 | .9659 | .9690 | .9718 | .9745 | .9769 | .979 |
| 60 | .9461 | .9505 | .9546 | .9585 | .9622 | .9656 | .9687 | .9716 | .9743 | .976 |
| 61 | .9405 | .9453 | .9498 | .9540 | .9580 | .9617 | .9652 | .9684 | .9714 | .974 |
| 62 | .9342 | .9394 | .9444 | .9490 | .9534 | .9574 | .9612 | .9648 | .9681 | .971 |
| 63 | .9274 | .9330 | .9383 | .9434 | .9482 | .9526 | .9568 | .9607 | .9643 | .967 |
| 64 | .9198 | .9259 | .9317 | .9372 | .9424 | .9473 | .9519 | .9561 | .9601 | .963 |
| 65 | .9115 | .9181 | .9244 | .9303 | .9360 | .9413 | .9464 | .9511 | .9554 | .959 |
| 66 | .9025 | .9096 | .9164 | .9229 | .9290 | .9348 | .9403 | .9454 | .9502 | .954 |
| 67 | .8929 | .9005 | .9078 | .9147 | .9214 | .9277 | .9337 | .9393 | .9445 | .949 |
| 68 | .8825 | .8906 | .8984 | .9059 | .9131 | .9199 | .9264 | .9325 | .9383 | .943 |
| 69 | .8712 | .8798 | .8882 | .8962 | .9040 | .9113 | .9184 | .9250 | .9313 | .937 |
| 70 | .8589 | .8681 | .8770 | .8856 | .8939 | .9019 | .9094 | .9167 | .9235 | .929 |

08/19/83 S0360-10

SPXP000325

SEALED POWER CORPORATION

Equivalent Benefit Payable Under

50.0% Joint and Survivor Option

For Each $1.00 of Life Annuity Otherwise Payable

| EMPLOYEE'S AGE | | | | BENEFICIARY'S AGE | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | 80 | 81 | 82 | 83 | 84 | 85 | 86 | 87 | 88 |
| 36 | .9985 | .9987 | .9988 | .9990 | .9991 | .9992 | .9993 | .9994 | .9994 |
| 37 | .9983 | .9985 | .9987 | .9988 | .9990 | .9991 | .9992 | .9993 | .9994 |
| 38 | .9982 | .9984 | .9985 | .9987 | .9989 | .9990 | .9991 | .9992 | .9993 |
| 39 | .9979 | .9982 | .9984 | .9985 | .9987 | .9989 | .9990 | .9991 | .9992 |
| 40 | .9977 | .9979 | .9982 | .9984 | .9986 | .9987 | .9989 | .9990 | .9991 |
| 41 | .9974 | .9977 | .9979 | .9982 | .9984 | .9986 | .9987 | .9989 | .9990 |
| 42 | .9970 | .9973 | .9976 | .9979 | .9981 | .9984 | .9985 | .9987 | .9989 |
| 43 | .9966 | .9970 | .9973 | .9976 | .9979 | .9981 | .9983 | .9985 | .9987 |
| 44 | .9962 | .9966 | .9970 | .9973 | .9976 | .9979 | .9981 | .9983 | .9985 |
| 45 | .9957 | .9962 | .9966 | .9969 | .9973 | .9976 | .9979 | .9981 | .9983 |
| 46 | .9952 | .9957 | .9961 | .9966 | .9969 | .9973 | .9976 | .9979 | .9981 |
| 47 | .9946 | .9952 | .9957 | .9961 | .9965 | .9969 | .9973 | .9976 | .9979 |
| 48 | .9940 | .9946 | .9951 | .9957 | .9961 | .9966 | .9969 | .9973 | .9976 |
| 49 | .9933 | .9940 | .9946 | .9952 | .9957 | .9961 | .9966 | .9970 | .9973 |
| 50 | .9925 | .9933 | .9940 | .9946 | .9952 | .9957 | .9962 | .9966 | .9970 |
| 51 | .9917 | .9925 | .9933 | .9940 | .9946 | .9952 | .9957 | .9962 | .9966 |
| 52 | .9908 | .9917 | .9926 | .9933 | .9940 | .9947 | .9953 | .9958 | .9963 |
| 53 | .9898 | .9908 | .9918 | .9926 | .9934 | .9941 | .9947 | .9953 | .9959 |
| 54 | .9887 | .9899 | .9909 | .9918 | .9927 | .9935 | .9942 | .9948 | .9954 |
| 55 | .9875 | .9888 | .9899 | .9910 | .9919 | .9928 | .9936 | .9943 | .9949 |
| 56 | .9862 | .9876 | .9888 | .9900 | .9910 | .9920 | .9929 | .9937 | .9944 |
| 57 | .9847 | .9863 | .9876 | .9889 | .9901 | .9911 | .9921 | .9930 | .9938 |
| 58 | .9831 | .9847 | .9863 | .9877 | .9890 | .9902 | .9912 | .9922 | .9931 |
| 59 | .9812 | .9831 | .9848 | .9863 | .9878 | .9891 | .9902 | .9913 | .9923 |
| 60 | .9790 | .9811 | .9830 | .9848 | .9863 | .9878 | .9891 | .9903 | .9914 |
| 61 | .9766 | .9789 | .9810 | .9830 | .9847 | .9864 | .9878 | .9892 | .9904 |
| 62 | .9739 | .9764 | .9788 | .9809 | .9829 | .9847 | .9863 | .9878 | .9892 |
| 63 | .9707 | .9736 | .9762 | .9786 | .9808 | .9828 | .9846 | .9863 | .9878 |
| 64 | .9672 | .9704 | .9733 | .9759 | .9784 | .9806 | .9827 | .9845 | .9863 |
| 65 | .9633 | .9668 | .9700 | .9729 | .9757 | .9782 | .9805 | .9826 | .9845 |
| 66 | .9589 | .9627 | .9663 | .9696 | .9726 | .9754 | .9780 | .9803 | .9824 |
| 67 | .9540 | .9583 | .9622 | .9659 | .9692 | .9723 | .9752 | .9778 | .9802 |
| 68 | .9487 | .9534 | .9577 | .9617 | .9655 | .9689 | .9721 | .9750 | .9777 |
| 69 | .9427 | .9478 | .9526 | .9571 | .9612 | .9651 | .9686 | .9719 | .9749 |
| 70 | .9359 | .9416 | .9469 | .9518 | .9564 | .9606 | .9646 | .9682 | .9716 |

08/19/83 S0360-10

SPXP000326

<div style="border: 1px solid black; text-align: center;">

**APPENDIX B**
**SPECIAL RULES**

</div>

B-1     <u>Special Provisions For Participants Employed By Investment Casting Division.</u>

(a)     <u>With Respect to Entry Into This Plan.</u>  This Plan, with respect to each Participant employed by Investment Casting Division, effective as of January 1, 1973, was a continuation, amendment and restatement of the Rimer Precision Casting, Inc. Pension Plan.   Such a Participant shall not receive any credit for Continuous Service or Credited Service for employment prior to January 1, 1973, except as follows:

(1)     For the purpose of determining eligibility for a normal, early or late Retirement Benefit, or Vested Benefit under Sections 6.1, 6.2, 6.4 or 6.5 for such a Participant, the last continuous period of employment with Rimer Precision Casting, Inc. (as well as with the Company) shall be considered to be employment with an Employer hereunder and count as Continuous Service and Credited Service.

(2)     The amount of the normal, early or late Retirement Benefit, or Vested Benefit under Sections 6.1, 6.2, 6.4 or 6.5 for such a Participant shall be computed only on the basis of Credited Service rendered after December 31, 1972; but there shall be a prior Credited Service Retirement Benefit computed therewith equal to $8.00 multiplied by the number of years of the Participant's Credited Service (including Credited Service counted in (1) above) rendered prior to January 1, 1973, and reduced by 1/12th of 5% for each complete calendar month coincident with or next succeeding his 65th birthday (if it is an early Retirement Benefit or Vested Benefit).

(3)     Group Contract No. GA7484, issued by Bankers Life Company effective as of December 15, 1967, in which the Rimer Precision Casting, Inc. Pension Plan was embodied, was designated as a part of this Plan effective January 1, 1973, and is held in the name of the contract-holder, the Company, as the corporate successor to Rimer Precision Casting, Inc. (rather than by the Trustee hereunder).  Assets held under Contract No. GA7484 to provide benefits for Participants hereunder are to be held thereunder in accordance with its provisions as amended, to provide the benefits under this Plan for said Participants.  The participants under Contract No. GA7484 who retired or terminated before January 1, 1973, had their benefits purchased thereunder and did not become covered under this Plan.

SPXP000327

B-2    Special Provisions For Participants Formerly Employed By Johnson Products, Inc.

(a)    With respect to Participants with Retirement Dates on or after June 1, 1979, the last period of Continuous Service with Johnson Products, Inc., prior to January 1, 1973, shall be considered to be employment with the Employer hereunder and count as Continuous Service and Credited Service for all purposes including eligibility and amount of Retirement Benefit. The rule in Section 3.3(d) shall apply with respect to Employees transferred from non-salaried to Salaried positions.

(b)    The amount of Retirement Benefits for such Participants shall be adjusted in accordance with Section 3.3(d) of this Plan for other pensions for such Participants including benefits under the Johnson Products Wage Pension Plan, the Johnson Products Past Service Plan, and the Johnson Products Profit Sharing Plan. For purposes of determining the amount of reduction under this Plan on account of benefits payable under the Johnson Products Profit Sharing Plan, the appropriate reduction shall be calculated by subtracting (i) the Employee's Profit Sharing account balance at the end of the calendar quarter immediately preceding the date employment terminates from (ii) the lump sum Actuarial Equivalent of such Employee's benefit under this Plan (recognizing as Continuous Service and Credited Service all of his service and Pay with the Controlled Group and Johnson Products, Inc.), and converting the remainder to an Actuarially Equivalent monthly life annuity. The Employee's account balance is held under the SPX Corporation Retirement Savings and Stock Ownership Plan and the value thereof shall be determined in accordance with the terms of that plan.

(c)    In the event a beneficiary is entitled to a benefit under Sections 6.8 or 6.9, after the death of an Employee or retired Employee, the amount of the beneficiary's benefit shall be the appropriate percentage of the benefit that would have been payable to the Employee under this Plan after all reductions for "other pensions."

(d)    The minimum benefit for a Participant receiving Credited Service for service with Johnson Products, Inc. under paragraph (a) of this subsection shall be the benefit he would have been entitled to under Pension Plan No. 3 with a Retirement Date of May 1, 1979.

SPXP000328

B-3    Special Provisions For Participants Employed By Alloyed Grairon Castings Division. This Plan, with respect to each Participant employed by Alloyed Grairon Castings Division, effective as of January 1, 1978, was a continuation, amendment and restatement of the Alloyed Grairon Castings Company Retirement Plan. Such a Participant shall not receive any credit for Continuous Service or Credited Service for employment prior to January 1, 1978, except as follows:

(a)    For the purpose of determining eligibility for a normal, early or late Retirement Benefit, or Vested Benefit under Sections 6.1, 6.2, 6.4 or 6.5 hereof for such a Participant, the last continuous period of employment with Alloyed Grairon Castings Company (as well as with the Company) shall be considered to be employment with an Employer hereunder and count as Continuous Service and Credited Service.

(b)    The amount of the normal, early or late Retirement Benefit, or Vested Benefit under Sections 6.1, 6.2, 6.4 or 6.5 for such a Participant shall be computed only on the basis of Credited Service rendered after December 31, 1977.

(c)    There shall be a prior Credited Service monthly retirement benefit computed therewith equal to the amount specified in the Table below multiplied by the number of years of the Participant's Credited Service (including Credited Service counted in (a) above) rendered prior to January 1, 1978, and reduced by one-half (½) of one percent (1%) for each complete calendar month, if any, by which such Participant's first Retirement Benefit payment precedes the first day of the calendar month coincident with or next succeeding his 62nd birthday (if it is an early Retirement Benefit or Vested Benefit.)

| Year of Retirement Date | Amount |
|---|---|
| 1978, 1979 | $ 6.00 |
| 1980 and subsequent years | $ 12.00 |

(d)    Group Annuity Contract No. 597A, issued by Metropolitan Life Insurance Company, in which the Alloyed Grairon Castings Company Retirement Plan was embodied, is designated as a part of this Plan effective as January 1, 1978, and is held in the name of the contract-holder, the Company, as the corporate successor to Alloyed Grairon Castings Company (rather than by the Trustee hereunder). Assets held under Contract No. 597A to provide benefits for Participants hereunder are to be held thereunder in accordance with its provisions as amended, to provide the benefits under this Plan for said Participants, exclusively. The participants under Contract No. 597A who retired or terminated before January 1, 1978, had their benefits purchased thereunder and did not become covered under this Plan.

- 81 -

SPXP000329

B-4    Special Provisions For Participants Who Were Former Participants Of The
Norbrook Division Hourly Employees' Pension Plan.

(a)    As of the close of business on April 30, 1986, the Norbrook Division
("Norbrook") of Kent-Moore Corporation was sold. As a result of the sale, the employment by
Norbrook of all active Participants under the Norbrook Division Hourly Employee's Pension Plan
("Norbrook Plan") terminated as of that date. On April 30, 1986, such persons ceased to be
"Employees" as that term was defined in the Norbrook Plan. By amendment to the Norbrook
Plan effective April 30, 1986 all Participants under the Norbrook Plan who were employed on
that date were deemed to be 100% vested under the Norbrook Plan as of that date.

Also by amendment effective April 30, 1986, the Norbrook Plan and its constituent trust
fund were respectively merged into this Plan and into Sealed Power Corporation Pension Trust
No. 2, such merger and transfer of assets and liabilities to occur on July 15, 1986 or as soon
thereafter as it could be accomplished, but in no event later than December 31, 1986. As a result
of that merger, the benefits of all Participants or former Participants under the Norbrook Plan
shall be paid by this Plan, subject to the terms of this Appendix B-4. Such former Norbrook Plan
Participants shall accordingly become Participants of this Plan, but solely within the terms of this
Appendix B-4.

(b)    Effective as of July 15, 1986 (or if later, upon the date of merger and transfer of
assets), all benefits of former Norbrook Plan Participants which on April 30, 1986 were (i) in pay
status, or (ii) were the subject of a valid retirement benefit election or direction shall become
liabilities of this Plan and shall be paid by this Plan. All such benefits shall be paid in
accordance with the terms of the Norbrook Plan and shall be as disclosed by the records of such
plan.

(c)    Set forth in the records of this Plan is information required to calculate the
Norbrook Division Hourly Employee's Pension Plan Accrued Benefits of Active Employees as of
April 30, 1986 payable at normal retirement age to the former Norbrook Plan Participants so
described. Such benefit is expressed as a monthly payment of a single life benefit commencing
at age 65, and includes where applicable, a Participant's add-on benefit resulting from guarantees
under the Norbrook Trust (a predecessor plan to the Norbrook Plan). Such benefits shall be
payable to persons described on said records as follows:

(1)    Any such former Norbrook Plan Participant who had attained the age of 65
on April 30, 1986 shall be eligible for a normal retirement benefit as set
forth in Sections 3.1 and 4.1 of the Norbrook Plan.

(2)    Any such former Norbrook Plan Participant who had reached age 62 and
had completed 10 or more years of Continuous Service on April 30, 1986
(without regard to Continuous Service granted solely for vesting purposes
to all active Participants on April 30, 1986) shall be eligible for an early
retirement benefit as described in Sections 3.2 and 4.2 of the Norbrook
Plan.

SPXP000330

(3)  Any such Participant who on April 30, 1986 had completed at least 10 years of Continuous Service (without regard to Continuous Service solely for vesting purposes to all active Participants on April 30, 1986) and who had otherwise on April 30, 1986 met the requirements of Section 3.3 of the Norbrook Plan, shall be eligible for a disability retirement benefit as described in Sections 3.3 and 4.3 of the Norbrook Plan.

(4)  Any former Norbrook Plan Participant not meeting the specifications described in paragraph (1) through (3) above shall be eligible for a deferred vested retirement benefit as described in Sections 3.4, 4.4 and 4.5 of the Norbrook Plan.

(5)  All benefits provided for in paragraphs (1) through (4) above shall be subject to the provisions of Section 3.6 of the Norbrook Plan with respect to joint and survivor annuity requirements as set forth at Section 3.6 thereof. All such benefits shall be payable only in the forms provided for in the Norbrook Plan; i.e., a single life annuity, a joint and survivor annuity, a preretirement survivor annuity, or a lump sum in the case of benefit amounts qualifying therefore pursuant to Section 6.10 of the Norbrook Plan. All such benefits shall be subject to applicable spousal consent rules as provided by the Norbrook Plan.

(6)  All above described benefits shall be available for payment to Participants on July 15, 1986 or on the date of the merger and transfer of assets, if later. (Participants may elect to defer the commencement of any benefit of present value greater than $5,000 and therefore not subject to immediate cash-out, all in accordance with Articles III, IV and VI of the Norbrook Plan.)

(d)  Each former Norbrook Plan Participant (whether or not employed by Norbrook on April 30, 1986) shall receive a benefit under this Plan immediately after the merger and transfer of assets and liabilities described herein (if this Plan then terminated) which is equal to or greater than the benefit he would have been entitled to receive from the Norbrook Plan immediately before the merger (if the Norbrook Plan had then terminated).

- 83 -

SPXP000331

B-5    Special Provisions For Participants Who Were Former Participants Of the Standard Composite Die and Forge Retirement Income Plan.

(a)    As of the close of business on March 31, 1987, the Standard Composite Die and Forge Division ("Standard Composite") of Kent-Moore Corporation ceased operations. As a result, the employment by Standard Composite of all active Participants under the Standard Composite Plan terminated as of that date. On March 31, 1987, such persons ceased to be "Employees" as that term was defined in the Standard Composite Plan. By amendment to the Standard Composite Plan effective March 31, 1987, all Participants under the Standard Composite Plan who were employed on that date were deemed to be 100% vested under the Standard Composite Plan as of that date.

Also by amendment effective March 31, 1987, the Standard Composite Plan and its constituent trust fund were respectively merged into this Plan and into Sealed Power Corporation Pension Trust No. 2, such merger and transfer of assets and liabilities to occur on May 4, 1987 or as soon thereafter as it could be accomplished, but in no event later than December 31, 1987. As a result of that merger, the benefits of all Participants of former Participants under the Standard Composite Plan shall be paid by this Plan, subject to the terms of this Appendix B-5. Such former Standard Composite Plan Participants shall accordingly become Participants of this Plan, but solely within the terms of this Appendix B-5.

(b)    Effective as of May 4, 1987 (or if later, upon the date of merger and transfer of assets), all benefits of former Standard Composite Plan Participants which on March 31, 1987 were (i) in pay status, or (ii) were the subject of a valid retirement benefit election or direction shall become liabilities of this Plan and shall be paid by this Plan. All such benefits shall be paid in accordance with the terms of the Standard Composite Plan and shall be as disclosed by the records of such Plan.

(c)    Set forth in the records of this Plan is information required to calculate the Standard Composite Die and Forge Division Retirement Income Plan Accrued Benefits of Active Employees as of March 31, 1987 payable at normal retirement age to the former Standard Composite Plan Participants so described. Such benefit is expressed as a monthly payment of a single life benefit commencing at age 65. Such benefits shall be payable to persons described on said records as follows:

(1)    Any such former Standard Composite Plan Participant who had attained the age of 65 on March 31, 1987 shall be eligible for a normal retirement benefit as set forth in Sections 3.2 and 4.1 of the Standard Composite Plan.

(2)    Any such former Standard Composite Plan Participant who had reached age 60 and had completed 10 or more years of Continuous Service on March 31, 1987 (without regard to Continuous Service granted solely for vesting purposes to all active Participants on March 31, 1987) shall be eligible for an early retirement benefit as described in Sections 3.3 and 4.2 of the Standard Composite Plan.

- 84 -

SPXP000332

(3)    Any such Participant who on March 31, 1987 had completed at least 10 years of Continuous Service (without regard to Continuous Service granted solely for vesting purposes to all active Participants on March 31, 1987) and who had otherwise on March 31, 1987 met the requirements of Section 3.3 of the Standard Composite Plan, shall be eligible for a disability retirement benefit as described in Sections 3.5 and 4.4 of the Standard Composite Plan.

(4)    Any former Standard Composite Plan Participant not meeting the specifications described in paragraphs (1) through (3) above shall be eligible for a deferred vested retirement benefit as described in Sections 3.6, 4.5 and 4.6 of the Standard Composite Plan.

(5)    All benefits provided for in paragraphs (1) through (4) above shall be subject to the provisions of Section 3.7 of the Standard Composite Plan with respect to joint and survivor annuity requirements as set forth at Section 3.7 thereof. All such benefits shall be payable only in the forms provided for in the Standard Composite Plan; i.e., a single life annuity, a joint and survivor annuity, a preretirement survivor annuity, or a lump sum in the case of benefit amounts qualifying therefore pursuant to Section 6.7 of the Standard Composite Plan. However, benefits having a present value in excess of $5,000 may be paid in the form of a lump sum with the Participant's and spouse's consent without regard to the $7,000 limitation of said Section 6.7. All such benefits shall be subject to applicable spousal consent rules as provided by the Standard Composite Plan.

(6)    All above described benefits shall be available for payment to Participants on May 4, 1987 or on the date of the merger and transfer of assets, if later. (Participants may elect to defer the commencement of any benefit of a present value greater than $5,000 and therefore not subject to mandatory immediate cash-out, all in accordance with Articles III, IV and VI of the Standard Composite Plan.)

(d)    Each former Standard Composite Plan Participant (whether or not employed by Standard Composite on March 31, 1987) shall receive a benefit under this Plan immediately after the merger and transfer of assets and liabilities described herein (if this Plan then terminated) which is equal to or greater than the benefit he would have been entitled to receive from the Standard Composite Plan immediately before the merger (if the Standard Composite Plan had then terminated).

SPXP000333

B-6    Special Provisions For Participants Who Were Former Participants of the Sealed Power Corporation Pension Plan No. 205.

(a)    As of the close of business on October 31, 1987, the Sintered Metals Division ("Sintered Metals") of Sealed Power Corporation ceased operations. As a result, the employment by Sintered Metals of all active Participants under the Sealed Power Corporation Pension Plan 205 terminated as of that date. On October 31, 1987 such persons ceased to be "Employees" as that term was defined in Plan 205. By amendment to the Plan 205 effective October 31, 1987, all Participants under Plan 205 who were employed on that date were deemed to be 100% vested under Plan 205 as of that date.

Also by amendment effective October 31, 1987, Plan 205 and its constituent trust fund were respectively merged into this Plan and into Sealed Power Corporation Pension Trust No. 2, such merger and transfer of assets and liabilities to occur on December 31, 1987. As a result of that merger, the benefits of all Participants or former Participants under Plan 205 shall be paid by this Plan, subject to the terms of this Appendix B-6. Such former Plan 205 Participants shall accordingly become Participants of this Plan, but solely within the terms of this Appendix B-6.

(b)    Effective as of December 31, 1987, all benefits of former Plan 205 Participants which on October 31, 1987 were (i) in pay status, or (ii) were the subject of a valid retirement benefit election or direction shall become liabilities of this Plan and shall be paid by this Plan. All such benefits shall be paid in accordance with the terms of Plan 205 and shall be as disclosed by the records of such Plan.

(c)    Set forth in the records of this Plan is information required to calculate the Sealed Power Corporation Pension Plan 205 Accrued Benefits of Active Employees as of October 31, 1987 payable at normal retirement age to the former Plan 205 Participants so described. Such benefit is expressed as a monthly payment of a single life benefit commencing at age 65. Such benefits shall be payable to persons described on said records as follows:

(1)    Any such former Plan 205 Participant who had attained the age of 65 on October 31, 1987 shall be eligible for a normal retirement benefit as set forth in Section 4.1 of Plan 205.

(2)    Any such former Plan 205 Participant who had (a) reached age 55 and had completed 10 or more years of Continuous Service or (b) had reached age 55 (but not age 60) and his combined age and Credited Service totals 85 on October 31, 1987 (without regard to Continuous Service granted solely for vesting purposes to all active Participants on October 31, 1987) shall be eligible for an early retirement benefit as described in Section 4.2 of Plan 205.

(3)    Any such Participant who on October 31, 1987 had met the requirements of Section 2.1 (p) (4) of Plan 205 shall be eligible for a disability retirement benefit as described in Section 4.4 of Plan 205.

- 86 -

SPXP000334

(4)    Any former Plan 205 Participant not meeting the specifications described in paragraphs (1) through (3) above shall be eligible for a deferred vested retirement benefit as described in Section 4.3 of Plan 205.

(5)    All benefits provided for in paragraphs (1) through (4) above shall be subject to the provisions of Section 4.6 of Plan 205 with respect to joint and survivor annuity requirements as set forth at Section 4.6 thereof. All such benefits shall be payable only in the forms provided for in Plan 205; i.e., a single life annuity, a joint and survivor annuity, a preretirement survivor annuity, a period certain annuity or a lump sum in the case of benefit amounts qualifying therefore pursuant to Section 5.5 of Plan 205. However, benefits having a present value in excess of $5,000 may be paid in the form of a lump sum with the Participant's and spouse's consent without regard to the $7,000 limitation of said Section 5.5. All such benefits shall be subject to applicable spousal consent rules as provided by Plan 205.

(6)    All above described benefits shall be available for payment to Participants on or after December 31, 1987. (Participants may elect to defer the commencement of any benefit of a present value greater than $5,000 and therefore not subject to mandatory immediate cash-out, all in accordance with Articles IV and V of Plan 205.)

(d)    Each former Plan 205 Participant (whether or not employed by Sintered Metals Division on October 31, 1987) shall receive a benefit under this Plan immediately after the merger and transfer of assets and liabilities described herein (if this Plan then terminated) which is equal to or greater than the benefit he would have been entitled to receive from Plan 205 immediately before the merger (if Plan 205 had then terminated).

SPXP000335

B-7    Special Provisions For Participants Who Were Former Participants of Kent-Moore Stamping and Fabricating Division UAW (AFL-CIO) Retirement Income Plan.

(a)    As of the close of business on November 30, 1987, the Stamping and Fabricating Division of Kent-Moore Corporation ceased operations. As a result, the employment by Stamping and Fabricating Division UAW (AFL-ClO) Retirement Income Plan ("Plan 081") terminated as of that date. On November 30, 1987, such persons ceased to be "Employees" as that term was defined in Plan 081. By amendment to Plan 081 effective November 30, 1987, all Participants under Plan 081 who were employed on that date were deemed to be 100% vested under Plan 081 as of that date.

Also by amendment effective November 30, 1987, Plan 081 and its constituent trust fund were respectively merged into this Plan and into Sealed Power Corporation Pension Trust No. 2, such merger and transfer of assets and liabilities to occur on December 31, 1987. As a result of that merger, the benefits of all Participants or former Participants under Plan 081 shall be paid by this Plan, subject to the terms of this Appendix B-7. Such former Plan 081 Participants shall accordingly become Participants of this Plan, but solely within the terms of this Appendix B-7.

(b)    Effective as of December 31, 1987, all benefits of former Plan 081 Participants which on November 30, 1987 were (i) in pay status, or (ii) were the subject of a valid retirement benefit election or direction shall become liabilities of this Plan and shall be paid in accordance with the terms of Plan 081 and shall be as disclosed by the records of such Plan.

(c)    Set forth in the records of this Plan is information required to calculate the Kent-Moore Stamping and Fabricating Division UAW (AFL-CIO) Retirement Income Plan Accrued Benefits of Active Employees as of November 30, 1987 payable at normal retirement age to the former Plan 081 Participants so described. Such benefit is expressed as a monthly payment of a single life benefit commencing at age 65. Such benefits shall be payable to persons described on said records as follows:

    (1)    Any such former Plan 081 Participant who had attained the age of 65 on November 30, 1987 shall be eligible for a normal retirement benefit as set forth in Section 4.1 of Plan 081.

    (2)    Any such former Plan 081 Participant who had reached age 60 and had completed 10 or more years of Continuous Service on November 30, 1987 (without regard to Continuous Service granted solely for vesting purposes to all active Participants on November 30, 1987) shall be eligible for an early retirement benefit as described in Section 4.2 of Plan 081.

    (3)    Any such Participant who on November 30, 1987 had met the requirements of Section 3.5 of Plan 081 shall be eligible for a disability retirement benefit as described in Section 4.4 of Plan 081.

    (4)    Any former Plan 081 Participant not meeting the specifications described in paragraphs (1) through (3) above shall be eligible for a deferred vested retirement benefit as described in Section 4.5 of Plan 081.

SPXP000336

(5)    All benefits provided for in paragraphs (1) through (4) above shall be subject to the provisions of Section 4.7 of Plan 081 with respect to joint and survivor annuity requirements as set forth at Section 4.7 thereof. All such benefits shall be payable only in the forms provided for in Plan 081; i.e., a single life annuity, a joint and survivor annuity, a preretirement survivor annuity or a lump sum in the case of benefit amounts qualifying therefore pursuant to Section 6.7 of Plan 081. However, benefits having a present value in excess of $1,750 may be paid in the form of a lump sum with the Participant's and spouse's consent without regard to the $3,500 limitation of said Section 6.7. All such benefits shall be subject to applicable spousal consent rules as provided by Plan 081.

(6)    All above described benefits shall be available for payment to Participants on or after December 31, 1987. (Participants may elect to defer the commencement of any benefit of a present value greater than $1,750 and therefore not subject to mandatory immediate cash-out, all in accordance with Article VI of Plan 081.)

    (d)    Each former Plan 081 Participant (whether or not employed by Stamping and Fabricating Division on November 30, 1987) shall receive a benefit under this Plan immediately after the merger and transfer of assets and liabilities described herein (if this Plan then terminated) which is equal to or greater than the benefit he would have been entitled to receive from Plan 081 had then terminated).

SPXP000337

B-8    Special Provisions For Participants Who Were Former Participants of H & P Tooling Division Hourly Employees Pension Plan.

(a)    As of the close of business on January 9, 1988, the H & P Tooling Division of Kent-Moore Corporation was sold. As a result, the employment by H & P Tooling Division of all active Participants under the H & P Tooling Division Hourly Employees Pension Plan ("Plan 007") terminated as of that date. On January 29, 1988, such persons ceased to be "Employees" as that term was defined in Plan 007. By amendment to Plan 007 effective January 29, 1988, all Participants under Plan 007 who were employed on that date were deemed to be 100% vested under Plan 007 as of that date.

Also by amendment effective January 29, 1988, Plan 007 and its constituent trust fund were respectively merged into this Plan and into Sealed Power Corporation Pension Trust No. 2, such merger and transfer of assets and liabilities to occur on or after February 29, 1988. As a result of that merger, the benefits of all Participants or former Participants under Plan 007 shall be paid by this Plan, subject to the terms of this Appendix B-8. Such former Plan 007 Participants shall accordingly become Participants of this Plan, but solely within the terms of this Appendix B-8.

(b)    Effective as of February 29, 1988, all benefits of former Plan 007 Participants which on January 29, 1988 were (i) in pay status, or (ii) were the subject of a valid retirement benefit election or direction shall become liabilities of this Plan and shall be paid by this Plan. All such benefits shall be paid in accordance with the terms of Plan 007 and shall be as disclosed by the records of such plan.

(c)    Set forth in the records of this Plan is information required to calculate the accrued benefit payable at normal retirement age to the former Plan 007 Participants who were active employees as of January 29, 1988. Such benefit is expressed as a monthly payment of a single life benefit commencing at age 65. Such benefits shall be payable to persons described in the said records as follows:

(1)    Any such former Plan 007 Participant who had attained the age of 65 on January 29, 1988 shall be eligible for a normal retirement benefit as set forth in Section 3.1 of Plan 007.

(2)    Any such former Plan 007 Participant who had reached age 55 and had completed 10 or more years of Continuous Service on January 29, 1988 (without regard to Continuous Service granted solely for vesting purposes to all active Participants on January 29, 1988) shall be eligible for an early retirement benefit as described in Section 3.2 of Plan 007.

(3)    Any such Participant who on January 29, 1988 had met the requirements of Section 3.3 of Plan 007 shall be eligible for a disability retirement benefit as described in Section 3.3 of Plan 007.

(4)    Any former Plan 007 Participant not meeting the specifications described in paragraphs (1) through (3) above shall be eligible for a deferred vested retirement benefit as described in Section 3.4 of Plan 007.

- 90 -

SPXP000338

(5)    All benefits provided for in paragraphs (1) through (4) above shall be subject to the provisions of Section 3.5 of Plan 007 with respect to joint and survivor annuity requirements as set forth at Section 3.5 thereof. All such benefits shall be payable only in the forms provided for in Plan 007; i.e., a single life annuity, a joint and survivor annuity, a preretirement survivor annuity or a lump sum in the case of benefit amounts qualifying therefor pursuant to Section 6.8 of Plan 007. However, benefits having a present value in excess of $5,000 may be paid in the form of a lump sum with the Participant's and spouse's consent without regard to the $7,000 limitation of Section 6.8. All such benefits shall be subject to applicable spousal consent rules as provided by Plan 007.

(6)    All above described benefits shall be available for payment to Participants on or after February 29, 1988. (Participants may elect to defer the commencement of any benefit of a present value greater than $5,000 and therefore not subject to mandatory immediate cash-out, all in accordance with Article VI of Plan 007).

(d)    Each former Plan 007 Participant (whether or not employed by H & P Tooling Division on January 29, 1988) shall receive a benefit under this Plan immediately after the merger and transfer of assets and liabilities described herein (if this Plan then terminated) which is equal to or greater than the benefit he would have been entitled to receive from Plan 007 immediately before the merger (if Plan 007 had then terminated).

SPXP000339

B-9    Transfer of SPX Corporation Pension Plan 3 Participants to the Sealed Power Technologies Limited Partnership Pension Plan 302.

(a)    Transfer of Active Participants

(1)    Effective June 1, 1989 the employment of certain SPX Corporation employees was transferred to Sealed Power Technologies Limited Partnership ("SPT"). As SPX Corporation employees, said individuals were eligible for participation in this Plan pursuant to Section 3.1 hereof. Effective as of the date of transfer of employment, said individuals ceased to be "Employees" as that term is defined under this Plan. Also effective June 1, 1989, said individuals became eligible for participation under the Sealed Power Technologies Limited Partnership Pension Plan 302 ("Plan 302").

(2)    The records of Plan 302 contain information required to calculate the accrued benefit of each participant transferred from this Plan to Plan 302 on June 1, 1989, based on his age and service as of that date. The accrued benefit for each Participant as listed in such records is a minimum benefit under Plan 302. All Continuous and Credited Service credited to a Participant under this Plan as of May 31, 1989 was transferred to and recognized by Plan 302 in the determination of eligibility and benefits thereunder.

(3)    On or about August 1, 1989, the assets and liabilities of this Plan which relate to the accrued benefits of the transferred Participants were transferred to and merged with the assets and liabilities of Plan 302.

(4)    Participants whose accrued benefits were transferred pursuant to this Section ceased to have any rights under this Plan.

(b)    Transfer of Vested Terminated and Retired Participant Benefit Obligations

(1)    The liability with respect to Retirement Benefits payable under this Plan to Vested Terminated Participants (benefits not in pay status on June 1, 1989) and Retired Participants (benefits in pay status on June 1, 1989) who have been identified as last performing services for the Employer at an "SPT location" (being an Employer division, subsidiary, or a facility which became a part of SPT effective June 1, 1989) were transferred to Plan 302, such transfer being effective June 1, 1989 with respect to the Vested Terminated Participants and August 1, 1989 with respect to Retired Participants.

(2)    The records of Plan 302 contain information required to calculate the benefit liability with respect to each individual so identified.

(3)    On or about August 1, 1989, the assets and liabilities which relate to the identified Vested Terminated Participants and Retired Participants were transferred to and merged with the assets and liabilities of Plan 302. The amount of such asset transfer was reduced to reflect that this Plan paid the

- 92 -

SPXP000340

June and July (1989) benefit payments to Retired Participants, the obligation for whom is transferred to Plan 302 effective June 1, 1989.

(4)    Vested Terminated Participants and Retired Participants whose rights to Retirement Benefits were so transferred ceased to have any rights under this Plan.

SPXP000341

B-10    Special Provisions for Participants Who Were Former Participants of Bear Automotive Service Equipment Company Salaried Retirement Plan.

(a)    Merger.  As of the close of business on August 31, 1989 the Bear Automotive Service Equipment Company Salaried Retirement Plan ("the Bear Plan") and its constituent trust fund were respectively merged into this Plan and into SPX Corporation Pension Trust No. 2. The transfer of assets and liabilities occurred on or about August 31, 1989.

(b)    Participation.  Effective September 1, 1989 each Employee who was a participant under the Bear Plan on August 31, 1989 shall become a Participant under this Plan.  Each other employee of Bear Automotive Service Equipment Company shall participate in this Plan as provided at Section 3.1 hereof.

(c)    Continuous and Credited Service.  Effective September 1, 1989 the vesting service and credited service with respect to each Employee who was a participant in the Bear Plan on August 31, 1989 as shown on the records of the Bear Plan were transferred to this Plan as Continuous Service and Credited Service respectively.  From and after September 1, 1989 each Employee was credited with Continuous Service pursuant to the terms of this Plan provided that in recognition of the change to a calendar year Plan Year: Each Employee who earned at least 1,000 Hours of Service during the period from January 1, 1989 through December 31, 1989 was credited with one year of Continuous Service under the Plan.  Partial credit for less than 1,000 Hours of Service was not given.  This provision shall not affect the crediting of vesting service under the Bear Plan for the Plan Year ending August 31, 1989 (that is, the period from January 1, 1989 through August 31, 1989 is counted for both purposes).  From and after September 1, 1989 each Employee was credited with Credited Service pursuant to the terms of this Plan, provided that in recognition of the change to a calendar year Plan Year each Employee was credited with a pro rata year of Credited Service under this Plan based on the Hours of Service earned during the period from September 1, 1989 through December 31, 1989 according to the following:

| Hours of Service During Short Period | Credited Service |
|---|---|
| 0 | None |
| 1 - 60 | 1/10 |
| 60.1 - 120 | 2/10 |
| 120.1 - 180 | 3/10 |
| 180.1 - 240 | 4/10 |
| 240.1 - 300 | 5/10 |
| 300.1 - 360 | 6/10 |
| 360.1 - 420 | 7/10 |
| 420.1 - 480 | 8/10 |
| 480.1 - 540 | 9/10 |
| 540.1 - 600 | 1 year |

SPXP000342

(d) <u>Normal Retirement Minimum Benefit</u>.  Upon eligibility for retirement under Section 6.1 (Normal Retirement) on or after September 1, 1989, any Employee who was a participant under the Bear Plan on August 31, 1989 shall at his Normal Retirement Date, be entitled to receive a pension of not less than the amount of monthly retirement benefit which he would have received at age 65 had his employment terminated on August 31, 1989 (hereinafter sometimes referred to as the "Bear Minimum" pension).  The information required to calculate Bear Minimum pensions is contained in the records of this Plan.

(e) <u>Early Retirement Minimum Benefit</u>.  Upon eligibility for retirement under Section 6.2 (Early Retirement) the monthly amount of Early Retirement Benefit payable to a Participant who was a participant under the Bear Plan on August 31, 1989 shall be the greater of:

    (1)    The monthly Early Retirement Benefit as calculated under Section 6.2, or

    (2)    A monthly Early Retirement Benefit equal to his "Bear Minimum" as defined at (d) above, reduced by one-fifth percent (.2%) for each of the first 36 months and one-half percent (.5%) for each additional month by which the date such benefit commences precedes the first day of the month following the Participant's Normal Retirement Age.

(f) <u>Vested Minimum Benefit</u>.  Upon eligibility for Vested Benefits under Section 6.5 hereof, the monthly amount of the Vested Benefit payable to a Participant who was a participant under the Bear Plan on August 31, 1989 shall be the greater of:

    (1)    A monthly Vested Benefit calculated in the same manner as provided at Section 6.5(b) (including any early payment reduction); or

    (2)    A monthly Vested Retirement Benefit equal to his "Bear Minimum" as defined at subsection (d) above reduced by one-fifth (.2%) for each of the first 36 months and one-half percent (.5%) for each additional month by which the date on which such benefits commence precedes the first day of the month following the Participant's Normal Retirement Age.

(g) <u>Former Participants on August 31, 1989</u>.  Effective as of September 1, 1989, all benefits of former Bear Plan participants which on August 31, 1989 were (i) in pay status or (ii) were the subject of a valid retirement benefit election or direction shall become liabilities of the Plan and shall be paid by this Plan in accordance with the terms of the Bear Plan and as disclosed by the records of the Bear Plan.  In addition, benefits due to former Bear Plan participants (or beneficiaries of same) who on August 31, 1989 were eligible for "Vested Termination" benefits as defined at Section 4.5 of the Bear Plan shall be paid from this Plan and benefits payable to alternate payees pursuant to qualified domestic relations orders on August 31, 1989 shall, from and after September 1, 1989, be paid from this Plan.

(h) <u>Optional Forms</u>.  For any Participant on or after September 1, 1989, who was a participant in the Bear Plan on August 31, 1989, in addition to the optional forms of benefit payment available under Section 5.8 of this Plan, such Participant shall be permitted to elect a 5-

- 95 -

SPXP000343