UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS D. GILLIS, | ) |
| Plaintiff | ) ) ) ) Civil Action No.: 03-12389-GAO |
| vs. | ) ) Judge George A. O'Toole, Jr. |
| SPX CORPORATION INDIVIDUAL ACCOUNT RETIREMENT PLAN and SPX RETIREMENT ADMINISTRATIVE COMMITTEE, | ) ) ) ) |
| Defendants | ) ) |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS**

Pursuant to Local Rule 56.1, Defendants SPX Corporation Individual Retirement Plan (the "SPX Plan") and the SPX Retirement Administrative Committee (the "Plan Administrator") respectfully submit this statement of material facts of record as to which there is no genuine issue to be tried.

1. Mr. Gillis is a former employee of SPX Corporation and a participant in SPX's Individual Account Retirement Plan. Ex. E to Memorandum of Law in Support of Defendants' Motion for Summary Judgment (hereinafter "Defs.' Mem."); Plaintiff's Amended Complaint (hereinafter "Am. Compl.") ¶10; Dkt. No. 19, Defs.' Answer to Plaintiff's Amended Complaint (hereinafter "Answer") ¶10.

2. On or about September 27, 2002, Mr. Gillis submitted a claim for benefits under the SPX Plan. Defs.' Mem. Ex. E, Am. Compl. ¶20; Answer ¶20.

3. On March 18, 2003, the SPX Plan Administrator denied Mr. Gillis' claim for pension benefits after conducting a full and fair review of his claim because in it he claimed that

he was owed an amount more than was determined by the Administrator to be owed to him. Defs.' Mem. Ex. E, Am. Compl. ¶21; Answer ¶21.

4.  Mr. Gillis submitted an administrative appeal of this decision to the Plan on May 2, 2003. Defs.' Mem Ex. E, Am. Compl. ¶22; Answer ¶22. The SPX Plan provided Mr. Gillis with a written denial after conducting a full and fair review of his appeal on November 24, 2003. Answer ¶23.

5.  On November 26, 2003, Mr. Gillis filed a three-count complaint against the SPX Plan in this Court asserting claims for the alleged pension benefits due to him and making other allegations under ERISA. *See* Defs.' Mem. Ex. D, Complaint. Mr. Gillis amended his complaint on April 22, 2005, adding the Plan Administrator as a defendant and adding and removing certain claims. Defs.' Mem. Ex. E, Am. Compl.

6.  Mr. Gillis makes no claim that he is entitled to a "Grandfather Benefit" as that term is used in the SPX Plan or in his original Complaint in this action. *See, generally, Defs.' Mem.* Ex. E, Am. Compl.

7.  The SPX Plan and the Plan Administrator answered the complaint on May 13, 2005, asserting several affirmative defenses and seeking costs and fees incurred in defense of this action as provided for in §502(g)(1) of ERISA. Dkt. No. 19, Answer.

8.  In 1998, SPX Corporation acquired Plaintiff's long-time employer, General Signal Corporation ("GSX"). Defs.' Mem Ex. C, SPX Plan at Appendix B-31(a). As a result, Mr. Gillis became an SPX employee, and effective November 30, 1998, the GSX retirement plan was merged into the SPX Individual Account Retirement Plan (the "SPX Plan"). *Id.* at Appendix B-31(b).

9. The SPX Plan originally was established as a pension plan by SPX's predecessor corporation, which became SPX Corporation effective January 1, 1988. On July 1, 1997, the SPX Plan, "which prior to that date had generally provided benefits based on a final average pay formula, was restated to generally base future accruals on a cash balance formula." *Id.* at §1.1.

10. Pursuant to the SPX Plan, the Plan Administrator is responsible for the administration of the Plan and has all powers necessary to carry out its provisions. *Id.* at §12.1, 12.6. It is also authorized "to interpret the plan and determine all questions concerning interpretation and application of the plan, including…the rights to payments or benefits, and the amount of such payments and benefits." *Id.*; Defs.' Mem. Ex. B, Krom Decl. at Ex. 1, the SPX Plan Summary Plan Description (the "SPD") at 21, 23.

11. Effective November 30, 1998, the Corporate Retirement Plan of General Signal Corporation (the "GSX Plan"), a defined benefit pension plan, was merged into the SPX Plan, a cash balance plan. Defs.' Mem. Ex. B, Krom Decl. ¶ 6.

12. As a result of the merger of the GSX Plan into the SPX Plan and because the SPX Plan is a cash balance plan, it was necessary to convert participants' GSX benefits from a traditional defined plan benefit to a cash balance plan benefit. *Id.* ¶ 7.

13. SPX engaged Hewitt Associates, the SPX Plan's independent actuary, to perform actuarial and benefit calculations relating to the merger of former GSX Plan participants' accounts into the SPX Plan. Subsequent to this merger and to the calculation of benefits by Hewitt Associates, Watson Wyatt & Company ("Watson Wyatt"), acting as the SPX Plan's independent actuary, recalculated and verified the benefit amounts for SPX Plan participants who have since termination or retired from SPX. The Plan Administrator relied on Watson

3

Wyatt's calculations when it determined such participants' benefit amounts under the SPX Plan. *Id.* at ¶ 8.

16. SPX provided Hewitt Associates and later Watson Wyatt the necessary plan documents to perform these calculations and as ERISA demands, and both Hewitt Associates and Watson Wyatt followed the terms of the SPX Plan when they calculated the transferred participants' benefits. *Id.* ¶ 9.

15. The purpose of the Transition Benefit was to compensate a small group of plan participants who had not yet accrued their GSX early retirement subsidy and who could have received a lesser future benefit under the SPX Plan than the GSX Plan if they elected early retirement from SPX. *Id.* at ¶¶ 12-13.

16. At the time of the merger of the benefit plans, Mr. Gillis was (i) a participant in the GSX Plan; (ii) was at least age 55; and (iii) had at least five years of service in the GSX Plan. Defs. Mem. Ex. A, Campbell Decl. ¶¶ 14-15.

17. The language of Appendix B-31(p) of the SPX Plan applies to Mr. Gillis and states: "The Transition Benefit shall be an alternative benefit determined by the Plan (without taking into account the provisions of Appendix b-31(j)(iii), which would otherwise include the GSX Corporate Plan's early retirement subsidy in determining the opening Account Balance of a GSX Group Employee eligible for Early Retirement under the GSX Corporate Plan." *Id.* ¶ 16.

18. Mr. Gillis' SPX Accrued Benefit of $471,147.90, as of January 1, 2003, included the value of his early retirement subsidy and was Mr. Gillis' greatest benefit under the SPX Plan. His Transition Benefit as of that date was $451,569.24. Defs. Mem. Ex. B, Krom Decl. ¶ 14.

19. Mr. Gillis never made application pursuant to the terms of the SPX Plan for any distribution of any benefits under the SPX Plan. *Id.* ¶¶17-18.

4

20. Mr. Gillis never made application pursuant to the terms of the SPX Plan for any distribution of the SPX Accrued Benefit to which SPX determined he is entitled. *Id.*

21. Mr. Gillis never made application pursuant to the terms of the SPX Plan for the distribution of any benefits in an amount less than $661,367.62. *Id.*; *see also id.* ¶ 3 and Ex. 7.

22. SPX advised Mr. Gillis of the manner in which his benefits would be calculated prior to Mr. Gillis' termination of employment. Defs.' Mem. Ex. B, Krom Decl. ¶ 3 and Exs. 1-5.

23. Mr. Gillis' employment with SPX was terminated by SPX. Defs.' Mem. Ex. F, 12/06/2005 T. Gillis Dep. at 19-20.

24. Mr. Gillis received all of the plan documents he had requested at least by July 18, 2002. Defs.' Mem. Ex. E, Am. Compl. ¶ 77.

25. SPX tolled the period for Mr. Gillis' claim denial appeal until he received the requested documents. Defs.' Mem. Ex. B, Krom Decl. at Exs. 4-5.

26. Mr. Gillis executed an employment termination agreement and waiver of claims relating to his termination from SPX on or about July 31, 2002. *Id.* ¶ 3 and Ex. 6.

6

Dated: February 8, 2006

Respectfully submitted,

SPX Individual Account Retirement Plan and the SPX Retirement Administrative Committee

_____/s/ Andrew W. Vail_____

Andrew A. Jacobson
Andrew W. Vail
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
Tel: (312) 222-9350
Fax: (312) 840-7650
Email: ajacobson@jenner.com
Email: avail@jenner.com

Richard Cavanaugh BBO#557539
Gallagher & Cavanaugh, LLP
Boott Cotton Mills
100 Foot of John Street
Lowell, MA 018
Tel: (978) 452-0522
Email: richardc@gcattorneys.com

6