UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| THOMAS D. GILLIS,<br><br>                Plaintiff<br><br>SPX CORPORATION INDIVIDUAL ACCOUNT RETIREMENT PLAN and SPX RETIREMENT ADMINISTRATIVE COMMITTEE,<br>                Defendants | Civil Action No.: 03-12389 vs. GAO<br><br>Judge George A. O'Toole, Jr. |

## PLAINTIFF'S REPLY TO DEFENDANTS' STATEMENT OF MATERIAL FACTS

To the extent any allegations are admitted herein, they are so admitted solely for the purpose of summary judgment.

1.  Plaintiff admits the allegations in paragraph 1.

2.  Plaintiff admits allegations in paragraph 2.

3.  Plaintiff admits that on March 18, 2003, the SPX Plan Administrator denied his claim for pension benefits, but denies the rest of the allegations contained in Paragraph 3.

4.  Plaintiff admits that on May 2, 2003, he submitted an administrative appeal to the Plan Administrator of his claim for benefits and that the SPX Plan Administrator sent him a written denial dated November 22, **2003.** All other allegations in Paragraph 4 are denied.

5.  Plaintiff admits that he filed a three-count Complaint against the SPX Plan in this Court on November 25, 2003, and amended his Complaint on March 11, 2005, by adding the Plan Administrator as a Defendant, and by adding and removing certain claims. Plaintiff denies all other allegations in Paragraph 5.

1

6. Plaintiff admits the allegation in Paragraph 6.

7. Plaintiff admits the allegations in Paragraph 7.

8. Plaintiff admits the allegations in Paragraph 8.

9. Plaintiff admits the allegations in Paragraph 9.

10. Plaintiff admits the allegations in Paragraph 10 except to the extent that the SPX Plan provisions and the Plan Administrator's operation of the SPX Plan violate applicable federal law.

11. Plaintiff admits the allegations in Paragraph 11 which conform to §B-31(b) of the SPX Plan. (Defendants' Exhibit C, Bates No. 405)

12. Plaintiff admits the allegations in Paragraph 12, to the extent that such allegations conform to §B-31(j) of the SPX Plan, Defendants' Exhibit C, Bates No. 411-413, which describes the conversion of accrued benefits under the GSX Plan to an opening Account Balance as of December 31, 1998 under the SPX Plan for each GSX employee who had a benefit under the GSX Plan on November 30, 1998, and who became an employee of SPX on January 1, 1999. Under §B-31(j)(3), the opening Account Balance of a former GSX corporate employee who is not in receipt of a special early retirement incentive includes the early retirement subsidy to which the participant was entitled on January 1, 1999 under the GSX Plan.

13. Plaintiff has no knowledge either to admit or deny the allegations in Paragraph 13 and therefore denies the allegations.

14. Plaintiff has no knowledge either to admit or deny the allegations in Paragraph 14 and therefore denies the allegations.

15. Plaintiff admits that the Transition Benefit was designed for former GSX employees who could have received a lesser future benefit under the SPX Plan than under the GSX Plan. Plaintiff denies all other allegations in Paragraph 15. In particular, Plaintiff denies that the Transition Benefit was to compensate SPX Plan participants who had not yet accrued their GSX early retirement subsidy. Rather, Section B-31(p) of the SPX Plan specifically contemplates that a GSX Plan participant who is eligible for a Transition Benefit under the SPX Plan could have qualified for an early retirement subsidy under the GSX Plan because the calculation of the Transition Benefit requires the subtraction of the GSX early retirement subsidy from the opening Account Balance as the first step in the calculation of the Transition Benefit. (SPX Plan, §B-31(p)(1), Defendants' Exhibit C, Bates No. 423)

16. Plaintiff admits the allegations in Paragraph 16.

17. Plaintiff admits the allegations in Paragraph 17 to the extent that Paragraph 17 recites the terms of the Plan. The remainder of the allegations are denied.

18. Plaintiff denies all of the allegations in Paragraph 18, except that he admits the SPX Plan requires the Accrued Benefit to include the value of an early retirement subsidy earned under the GSX Plan (SPX Plan §B-31(j), (k), Defendant's Exhibit C, Bates No. 411-413).

19. Plaintiff denies the allegations in Paragraph 19. Not only did Plaintiff submit a claim for benefits to the Plan Administrator, but he submitted an appeal upon the denial of his claim for benefits, all in accordance with the claims procedure set forth in the Summary Plan Description and the appeal procedure set forth in the Plan Administrator's denial letters. (Plaintiff's Exhibit P, Bates Nos. 545-558, Exhibit Q, Bates Nos. 570-577 and Exhibit J and Defendants' Exhibit B, 1, Bates No. 215).

20.     Plaintiff denies the allegations in Paragraph 20 inasmuch as the crux of this case relates to the proper calculation of his benefits under the SPX Plan. Moreover, Plaintiff did make a claim for benefits. (See Item 19, supra).

21.     Plaintiff denies the allegations in Paragraph 21. The amount of the benefits due Plaintiff is the crux of the dispute in this case. Plaintiff did, in fact, request from the Plan Administrator any additional documentation that was necessary to process his claim for benefits, but the Plan Administrator never responded to his request. (Plaintiff's Exhibit P, Bates No. 547) Accordingly, Defendants have no basis for any allegation that Plaintiff failed to do all that was required of him to receive a distribution of at least some of his SPX Plan benefits.

22.     Plaintiff admits that Defendants provided spreadsheets of calculations and Plan provisions regarding the calculation of his benefits only after he made several demands therefor. Plaintiff denies, however, that he was advised of the method of calculation of his benefits including his Transition Benefit prior to his demand, and that the terms of the Summary Plan Descriptions and other employee disclosures generally given to SPX Plan participants regarding the Plan, do not describe the calculation of benefits. The compliance of the ERISA notice requirements to plan participants is one of the issues in this case. (Defendants' Exhibit B, 1-5)

23.     Plaintiff admits the allegation in Paragraph 23.

24.     Plaintiff admits that he received all the plan documents that he originally requested on October 22, 2001 on or about July 18, 2002. (Plaintiff's Exhibits N and O, Bates Nos. 507-509 and 536-537, 541-542)

25. Plaintiff admits the allegation in Paragraph 25 and notes that Defendants' tolling of the period for Plaintiff's administrative appeal was necessitated by Defendants' failure to produce documents timely under ERISA.

26. Plaintiff admits the allegation in Paragraph 26 to the extent that such agreement speaks for itself regarding which claims were waived, if any.

                                                                 Respectfully submitted,
Plaintiff,
**THOMAS D. GILLIS,**
By his attorneys,

                                                                 /s/ Lawrence P. Murray
LAWRENCE P. MURRAY BBO# 561835
EVELYN A. HARALAMPU BBO# 221130
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
Dated: March 10, 2006                        (617) 345-3000

## CERTIFICATE OF SERVICE

I hereby certify that this document filed though the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 10, 2006.

                                                                 /s/ Lawrence P. Murray
Lawrence P. Murray