## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS D. GILLIS, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>SPX CORPORATION INDIVIDUAL ACCOUNT )<br>RETIREMENT PLAN and SPX RETIREMENT )<br>ADMINISTRATIVE COMMITTEE, )<br>)<br>Defendants ) | Civil Action No.: 03-12389-GAO<br><br>Judge George A. O'Toole, Jr. |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 56.1, Defendants SPX Corporation Individual Account Retirement Plan (the "Plan") and SPX Retirement Administrative Committee (the "Plan Administrator," together "SPX") hereby provide their response to Plaintiff's Statement of Undisputed Material Facts.

1. Undisputed.

2. Undisputed.

3. Undisputed.

4. Undisputed.

5. Undisputed.

6. Undisputed.

7. Undisputed.

8. Undisputed.

9. Disputed. Mr. Gillis' opening account balance for his SPX Accrued Benefit was calculated as follows: In accordance with Appendix B-31(j) of the Plan, the opening account balance for purposes of determining a participant's SPX Accrued Benefit is determined by first multiplying the December 31, 1998 GSX accrued benefit by the early retirement reduction factor for the participant's age as of December 31, 1998 (if eligible for early retirement). Mr. Gillis was eligible for early retirement as of December 31, 1998. Then, this early retirement benefit is converted to an opening account balance by multiplying it by an immediate annuity factor. SPX's S.J. Mem. Ex. A., Campbell Decl. ¶13.

Pursuant to the SPX Plan, in calculating a merged GSX Plan participant's opening account balance for purposes of determining the SPX Plan Accrued Benefit Watson Wyatt included the value of a participant's GSX early retirement subsidy as long as the participant at the time of the merger was (i) a participant in the GSX Plan; (ii) was at least age 55; and (iii) had at least five years of service in the GSX Plan on November 30, 1998. *Id.* ¶ 14.

Mr. Gillis met these criteria, and thus his opening account balance for purposes of determining his SPX Accrued Benefit was calculated to include his GSX early retirement subsidy. The inclusion of this subsidy in the calculation is shown in the exhibit attached to the Campbell Declaration supporting Defendants' motion for summary judgment. SPX's S.J. Mem. Ex. A, Campbell Decl. Ex. 1.

10. Undisputed.

11. Undisputed.

12. Disputed. The SPX and GSX Plan merger became effective as of November 30, 1998. SPX's S.J. Mem. Ex. C, SPX Plan at Appendix B-31(b). Effective December 1, 1998, each former GSX employee who was a participant under the GSX Plan on November 30, 1998

became a participant under the SPX Plan. *Id.* at (c). The Transition Benefit became effective October 1, 1999. *Id.* at Appendix B-31(p).

13. Disputed. SPX did not cut back former GSX employees' benefits. SPX's S.J. Mem. Ex. B, Krom Decl. ¶ 10.

14. Undisputed.

15. Disputed. The purpose of the Transition Benefit was to benefit a small group of plan participants who had not yet accrued their GSX early retirement subsidy and who could have received a lesser future benefit under the SPX Plan than the GSX Plan if they elected early retirement from SPX. Defs.' Statement of Material Facts ¶ 15; SPX's S.J. Mem. Ex. B, Krom Decl. ¶¶ 12-13.

16. Disputed. The purpose of the Transition Benefit was to benefit a small group of plan participants who had not yet accrued their GSX early retirement subsidy and who could have received a lesser future benefit under the SPX Plan than the GSX Plan if they elected early retirement from SPX. Defs.' Statement of Material Facts ¶ 15; SPX's S.J. Mem. Ex. B, Krom Decl. ¶¶ 12-13.

17. Undisputed.

18. Disputed. An additional requirement to receive the Transition Benefit, as set forth by Plaintiff in his paragraph 14, is that a participants' Transition Benefit must be the greatest of his or her: (1) SPX Accrued Benefit; (2) Transition Benefit; or (3) December 31, 1998 GSX Accrued Benefit. *See* Gillis Aff. ¶ 15. Mr. Gillis' SPX Accrued Benefit of $471,147.90, as of January 1, 2003, included the value of his GSX early retirement subsidy pursuant to the terms of the SPX Plan. Defs.' Statement of Material Facts ¶ 18; SPX's S.J. Mem. Ex. B, Krom Decl. ¶ 14.

3

19.     Disputed. Mr. Gillis' early retirement subsidy was not subtracted from his Transition Benefit. Defs.' Statement of Material Facts ¶ 17; SPX's S.J. Mem. Ex. A, Campbell Decl. ¶ 16. Indeed, the language of Appendix B-31(p) of the SPX Plan specifically states the Transition Benefit does not include such subsidy: "The Transition Benefit shall be an alternative benefit determined by the Plan (without taking into account the provisions of Appendix B-31(j)(iii), which would otherwise include the GSX Corporate Plan's early retirement subsidy in determining the opening Account Balance of a GSX Group Employee eligible for Early Retirement under the GSX Corporate Plan)..." SPX's S.J. Mem. Ex. C, SPX Plan at Appendix B-31(p).

20.     Undisputed.

21.     Undisputed.

22.     Undisputed.

23.     Disputed. SPX has handled Mr. Gillis' benefit claim and requests for documents in good-faith at all times. If there was any delay under ERISA in providing Mr. Gillis with documents he requested, it was in-part because SPX desired to provide Mr. Gillis with all documents that he requested whether or not SPX was required to provide those documents under the law. SPX further demonstrated good-faith by communicating with Mr. Gillis about the status of his document requests and by tolling the period for his claim denial appeal until he received such documents. SPX's S.J. Mem. Ex. B, Krom Decl. ¶ 19.

24.     Disputed. To date, Mr. Gillis has never made application to any SPX representative for his SPX Accrued Benefit of $471,147.90 (subject to adjustment since January 1, 2003) that the Administrator has determined he is owed under the SPX Plan. SPX's S.J. Mem. Ex. B, Krom Decl. ¶ 18.

4

25.     Undisputed.

26.     Undisputed.

27.     Undisputed, but irrelevant.  The SPX Plan does not dispute that it did not provide Mr. Gillis a determination of his appeal within 120 days, however, it provided a full and fair review of his appeal in good-faith, and thus such fact is irrelevant to the pending litigation.  SPX's S.J. Mem. Ex. B., Krom Decl. ¶15.

*28.*     Disputed.  The SPX Plan Administrator did provide Mr. Gillis a written denial of his appeal on November 24, 2003, however, Defendants dispute that it only provided the denial in response to Mr. Gillis' threat and that it was substantially outside the deadline.  SPX provided the denial after a full and fair review of Mr. Gillis' appeal.  *Id.*

Dated: March 13, 2006                    Respectfully submitted,

SPX Individual Account Retirement
Plan and the SPX Retirement Administrative Committee

                                         /s/ Andrew W. Vail

                                                  Andrew A. Jacobson
                                                  Andrew W. Vail
                                                  JENNER & BLOCK LLP
                                                  One IBM Plaza
                                                  Chicago, IL 60611
                                                  Tel:  (312) 222-9350
                                                  Fax:  (312) 840-7650
                                                  Email:  ajacobson@jenner.com
                                                  Email:  avail@jenner.com

                                                  Richard Cavanaugh BBO#557539
                                                  Gallagher & Cavanaugh, LLP
                                                  Boott Cotton Mills
                                                  100 Foot of John Street
                                                  Lowell, MA 018
                                                  Tel: (978) 452-0522
                                                  Email:  richardc@gcattorneys.com

5