UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| THOMAS D. GILLIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.: 03-CV-12389-GAO |
| SPX CORPORATION INDIVIDUAL ACCOUNT RETIREMENT PLAN and SPX RETIREMENT ADMINISTRATIVE COMMITTEE, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants, by their attorneys, respectfully submit the attached supplemental authority to bring to the Court's attention a recent decision that was published after the close of briefing on the parties' cross-motions for summary judgment and related June 27, 2006 hearing before the Court. That authority supports arguments made by Defendants and refutes arguments made by Plaintiff in their respective cross-motions for summary judgment.

Attached as Exhibit A is the decision of the United States Court of Appeals for the Seventh Circuit in *Cooper v. IBM Personal Pension Plan et al.*, --- F.3d ----, 2006 WL 2243300, No. 99-829-GPM (7th Cir. Aug. 7, 2006). In that case, the Seventh Circuit reversed a district court decision relied on by the Plaintiff in this case and held that defendants' conversion to a cash-balance plan was not unlawfully discriminatory under ERISA § 204(b)(1)(H). The Seventh Circuit found that the ERISA age discrimination claims failed because Plaintiffs could not demonstrate that the complained of effect of the plan conversion was actually on the account of age instead of other factors, like the time-value of money.

In this case, Plaintiff cited the district court's opinion in *Cooper* as support for his argument that the SPX Plan violated ERISA's age discrimination provisions. (Pl.'s Mem. for Summ. J. at 13.) Plaintiff argued that in *Cooper* the defendants' "calculat[ion of] benefits penalized older participants by producing smaller benefits than for younger participants." (*Id.*) Plaintiff attempted to analogize this case to *Cooper* by alleging that the SPX Plan "penalized" him on account of his age when it subtracted an early retirement subsidy from the calculation of one of his alternative benefits, the Transition Benefit. (*Id.* at 13-14.) Although Defendants here argued that the now-reversed district court's holding in *Cooper* never truly supported Plaintiff's age discrimination claim because Mr. Gillis did not lose any accrued benefit, (*see* Defs.' Mem. for Summ. J. at 16-18; Defs.' Mem. Opp. Pl.'s Mot. for Summ. J. at 14), the Seventh Circuit's decision directly refutes Plaintiff's claim.

The Seventh Circuit's decision in *Cooper* supports Defendants' argument that the SPX Plan's conversion to a cash-balance plan did not violate ERISA's anti-age discrimination provisions, because it makes clear that when applying ERISA's anti-age discrimination provisions: "it is essential to separate age *discrimination* from other characteristics that may be correlated with age." *Cooper*, 2006 WL 2243300, *at 6; *see* Defs.' Mem. for Summ. J. at 17-18; Defs.' Mem. Opp. Pl.'s Mot. for Summ. J. at 14.

In this case, as in *Cooper*, Plaintiff's complained of effect of the conversion to a cash balance plan -- not having his early retirement subsidy included in the calculation of his Transition Benefit -- was not based on his age. Instead, it was based on the fact that his early retirement subsidy was already included into the calculation of the alternative benefit he received, the SPX Accrued Benefit, and the fact the Transition Benefit was created for a specific group of participants who had not yet accrued an early retirement subsidy. (*See* Defs.' Mem. for

Summ. J. at 3-4, 7-8, 16-18; Defs.' Mem. Opp. Pl.'s Mot. for Summ. J. at 4-6, 14.) As in <u>Cooper</u>, there is nothing wrongful or discriminatory in that treatment.

     A copy of that authority is attached as Exhibit A.

                                    Respectfully submitted,

SPX CORPORATION AND INDIVIDUAL
ACCOUNT RETIREMENT PLAN and
SPX RETIREMENT ADMINISTRATIVE
COMMITTEE

/s/ Andrew A. Jacobson
Andrew A. Jacobson

Andrew A. Jacobson
Andrew W. Vail
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois  60611
(312) 222-9350 (Tel.)
(312) 840-7323 (Fax)

Richard E. Cavanaugh
BBO#557539
GALLAGHER & CAVANAUGH, LLP
Boott Cotton Mills
100 Foot of John Street
Lowell, Massachusetts  01852
(978) 452-0522

Date: September 1, 2006

## CERTIFICATE OF SERVICE

    I, Andrew A. Jacobson, an attorney, hereby certify that DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 1st day of September 2006, as follows:

    Evelyn Haralampu BBO#221130
    Lawrence P. Murray BBO#561835
    BURNS & LEVINSON LLP
    125 Summer Street
    Boston, MA 02110
    (617) 345-3000

    Attorneys for Plaintiff,
    Thomas D. Gillis

                                                      /s/ Andrew A. Jacobson
                                                          Andrew A. Jacobson