# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____  )
                                     )
                                     )
                                     )
THOMAS D. GILLIS,                    )
                                     )
                  Plaintiff,         )
                                     )
vs.                                  )    Civil Action No.:  03-12389-GAO
                                     )
SPX CORPORATION INDIVIDUAL ACCOUNT   )
RETIREMENT PLAN and SPX RETIREMENT   )
ADMINSTRATIVE COMMITTEE,             )
                                     )
                  Defendants.        )
                                     )
_____  )


**MEMORANDUM TO SUPPLEMENT
PLAINTIFF'S SUMMARY JUDGMENT
RECORD TO ADDRESS SEVENTH CIRCUIT CASE**

Defendants have brought to the Court's attention the Seventh Circuit's decision in Cooper v. IBM Personal Pension Plan, et al., ____ F. 3d ____, 2006 WL 2243300, No. 99-829-GPM (7th Cir.) (Aug. 7, 2006). The issue before the Seventh Circuit in Cooper is not an issue in this case, and, therefore, the Cooper appeal is irrelevant to Plaintiff's age discrimination claims.

The issue in the Cooper appeal is whether the greater number of years during which a younger worker receives interest allocations on his or her cash balance account illegally discriminates against older workers who receive fewer such allocations because of their shorter period of time to retirement age. That issue is not and has never been before the Court in this case. Rather, Plaintiff has argued that the terms of the SPX Plan illegally fail to credit interest on an early retiree's cash balance account to age 65 in violation of IRS Notice 96-8 and Treasury

J:\Docs\24651\00000\01052665.DOC

Regulation §1 401(a)(4)-8(c) if that retiree takes payment before age 65. (Plaintiff's Mot. For S.J., page 14)

Plaintiff has also argued that the SPX Plan violates the age discrimination requirements of ERISA §204(b)(1)(G) and (H), 29 U.S.C. §1054(b)(1)(G) and (H) and 26 U.S.C. §411(b)(1)(G) and (H) by subtracting the early retirement subsidy from the participant's opening account balance in calculating the Transition Benefit. Since only those who are over age 55 could have earned those subsidies, the calculation of the Transition Benefit on its face violates federal pension law prohibiting age discrimination. (Plaintiff's Mot. For S.J., pages 13-15)

In Cooper, the Seventh Circuit found no age discrimination because age was not a factor in the formula awarding interest. In this case, however, age is very much a factor in determining the Transition Benefit because the early retirement subsidy of those over age 55 is subtracted from the employee's accrued benefit, in violation of applicable federal law that prohibits the reduction of a benefit accrual because of the attainment of an age, here, age 55. (Defendants' Exh. C, SPX Plan §B-31(p)(1), Bates No. 423)

Plaintiff's age discrimination arguments before the Court in no way conflicts with the Cooper appeal, and, in fact, anticipates the provision of the Pension Protection Act of 2006 which counts as age discrimination any change in a cash balance conversion that reduces an employee's early retirement subsidy earned before the conversion, as in the case of Plaintiff. (Exhibit 1, 26 U.S.C. §411(b)(5)(B)(ii), (iii) and (iv), as amended by Pension Protection Act of 2006)

Therefore, the Seventh Circuit holding in <u>Cooper</u> is wholly inapposite to this case and should be ignored by the Court.

        Respectfully submitted,
        Thomas D. Gillis, Plaintiff
        By his attorneys,

        _____
        Lawrence P. Murray, Esq., BBO #56183
        Evelyn A. Haralampu, Esq., BBO # 221130
        Michael P. Twohig, Esq., BBO #648079
        Burns & Levinson, LLP
        125 Summer Street
        Boston, MA  02110
        (617) 345-3000

Dated: September    2006

## CERTIFICATE OF SERVICE

I, Michael P. Twohig, hereby certify that a true copy of the above document was served upon the attorney of record for each other party by first class mail, postage prepaid, on this _____ day of September, 2006.

        _____
        Michael P. Twohig, Esq.

# EXHIBIT 1

(3) SERVICE REQUIRED.—With respect to any plan, the amendments made by this section shall not apply to any employee before the date that such employee has 1 hour of service under such plan in any plan year to which the amendments made by this section apply.

(4) SPECIAL RULE FOR STOCK OWNERSHIP PLANS.—Notwithstanding paragraph (1) or (2), in the case of an employee stock ownership plan (as defined in section 4975(e)(7) of the Internal Revenue Code of 1986) which had outstanding on September 26, 2005, a loan incurred for the purpose of acquiring qualifying employer securities (as defined in section 4975(e)(8) of such Code), the amendments made by this section shall not apply to any plan year beginning before the earlier of—

(A) the date on which the loan is fully repaid, or

(B) the date on which the loan was, as of September 26, 2005, scheduled to be fully repaid.

(b) ACCRUED BENEFIT REQUIREMENTS.—

(1) DEFINED BENEFIT PLANS.—

\* \* \*

(F) CERTAIN INSURED DEFINED BENEFIT PLANS.—Notwithstanding subparagraphs (A), (B), and (C), a defined benefit plan satisfies the requirements of this paragraph if such plan—

(i) is funded exclusively by the purchase of insurance contracts, and

(ii) satisfies the requirements of *subparagraphs (B) and (C) of section 412(e)(3)* (relating to certain insurance contract plans),

but only if an employee's accrued benefit as of any applicable date is not less than the cash surrender value his insurance contracts would have on such applicable date if the requirements of *subparagraphs (D), (E), and (F) of section 412(e)(3)* were satisfied.

\* \* \*

(5) SPECIAL RULES RELATING TO AGE.—

(A) COMPARISON TO SIMILARLY SITUATED YOUNGER INDIVIDUAL.—

*(i) IN GENERAL.—A plan shall not be treated as failing to meet the requirements of paragraph (1)(H)(i) if a participant's accrued benefit, as determined as of any date under the terms of the plan, would be equal to or greater than that of any similarly situated, younger individual who is or could be a participant.*

*(ii) SIMILARLY SITUATED.—For purposes of this subparagraph, a participant is similarly situated to any other individual if such participant is identical to such other individual in every respect (including period of service, compensation, position, date of hire, work history, and any other respect) except for age.*

*(iii) DISREGARD OF SUBSIDIZED EARLY RETIREMENT BENEFITS.—In determining the accrued benefit as of any date for purposes of this clause, the subsidized portion of any early retirement benefit or retirement-type subsidy shall be disregarded.*

*(iv) ACCRUED BENEFIT.—For purposes of this subparagraph, the accrued benefit may, under the terms of the plan, be expressed as an annuity payable at normal retirement age, the balance of a hypothetical account, or the current value of the accumulated percentage of the employee's final average compensation.*

(B) APPLICABLE DEFINED BENEFIT PLANS.—

(i) INTEREST CREDITS.—

*(I) IN GENERAL.—An applicable defined benefit plan shall be treated as failing to meet the requirements of paragraph (1)(H) unless the terms of the plan provide that any interest credit (or an equivalent amount) for any plan year shall be at a rate which is not greater than a market rate of return. A plan shall not be treated as failing to meet the requirements of this subclause merely because the plan provides for a reasonable minimum guaranteed rate of return or for a rate of return that is equal to the greater of a fixed or variable rate of return.*

*(II) PRESERVATION OF CAPITAL.—An interest credit (or an equivalent amount) of less than zero shall in no event result in the account balance or similar amount being less than the aggregate amount of contributions credited to the account.*

Code Sec. 411(b)(5)(B)(i)(II) ¶5080

(III) MARKET RATE OF RETURN.—The Secretary may provide by regulation for rules governing the calculation of a market rate of return for purposes of subclause (I) and for permissible methods of crediting interest to the account (including fixed or variable interest rates) resulting in effective rates of return meeting the requirements of subclause (I).

(ii) SPECIAL RULE FOR PLAN CONVERSIONS.—If, after June 29, 2005, an applicable plan amendment is adopted, the plan shall be treated as failing to meet the requirements of paragraph (1)(H) unless the requirements of clause (iii) are met with respect to each individual who was a participant in the plan immediately before the adoption of the amendment.

(iii) RATE OF BENEFIT ACCRUAL.—Subject to clause (iv), the requirements of this clause are met with respect to any participant if the accrued benefit of the participant under the terms of the plan as in effect after the amendment is not less than the sum of—

(I) the participant's accrued benefit for years of service before the effective date of the amendment, determined under the terms of the plan as in effect before the amendment, plus

(II) the participant's accrued benefit for years of service after the effective date of the amendment, determined under the terms of the plan as in effect after the amendment.

(iv) SPECIAL RULES FOR EARLY RETIREMENT SUBSIDIES.—For purposes of clause (iii)(I), the plan shall credit the accumulation account or similar amount with the amount of any early retirement benefit or retirement-type subsidy for the plan year in which the participant retires if, as of such time, the participant has met the age, years of service, and other requirements under the plan for entitlement to such benefit or subsidy.

(v) APPLICABLE PLAN AMENDMENT.—For purposes of this subparagraph—

(I) IN GENERAL.—The term "applicable plan amendment" means an amendment to a defined benefit plan which has the effect of converting the plan to an applicable defined benefit plan.

(II) SPECIAL RULE FOR COORDINATED BENEFITS.—If the benefits of 2 or more defined benefit plans established or maintained by an employer are coordinated in such a manner as to have the effect of the adoption of an amendment described in subclause (I), the sponsor of the defined benefit plan or plans providing for such coordination shall be treated as having adopted such a plan amendment as of the date such coordination begins.

(III) MULTIPLE AMENDMENTS.—The Secretary shall issue regulations to prevent the avoidance of the purposes of this subparagraph through the use of 2 or more plan amendments rather than a single amendment.

(IV) APPLICABLE DEFINED BENEFIT PLAN.—For purposes of this subparagraph, the term "applicable defined benefit plan" has the meaning given such term by section 411(a)(13).

(vi) TERMINATION REQUIREMENTS.—An applicable defined benefit plan shall not be treated as meeting the requirements of clause (i) unless the plan provides that, upon the termination of the plan—

(I) if the interest credit rate (or an equivalent amount) under the plan is a variable rate, the rate of interest used to determine accrued benefits under the plan shall be equal to the average of the rates of interest used under the plan during the 5-year period ending on the termination date, and

(II) the interest rate and mortality table used to determine the amount of any benefit under the plan payable in the form of an annuity payable at normal retirement age shall be the rate and table specified under the plan for such purpose as of the termination date, except that if such interest rate is a variable rate, the interest rate shall be determined under the rules of subclause (I).

(C) CERTAIN OFFSETS PERMITTED.—A plan shall not be treated as failing to meet the requirements of paragraph (1)(H)(i) solely because the plan provides offsets against benefits under the plan to the extent such offsets are allowable in applying the requirements of section 401(a).

¶ 5080    Code Sec. 411(b)(5)(B)(i)(III)

(D) PERMITTED DISPARITIES IN PLAN CONTRIBUTIONS OR BENEFITS.—A plan shall not be treated as failing to meet the requirements of paragraph (1)(H) solely because the plan provides a disparity in contributions or benefits with respect to which the requirements of section 401(l) are met.

(E) INDEXING PERMITTED.—

(i) IN GENERAL.—A plan shall not be treated as failing to meet the requirements of paragraph (1)(H) solely because the plan provides for indexing of accrued benefits under the plan.

(ii) PROTECTION AGAINST LOSS.—Except in the case of any benefit provided in the form of a variable annuity, clause (i) shall not apply with respect to any indexing which results in an accrued benefit less than the accrued benefit determined without regard to such indexing.

(iii) INDEXING.—For purposes of this subparagraph, the term "indexing" means, in connection with an accrued benefit, the periodic adjustment of the accrued benefit by means of the application of a recognized investment index or methodology.

(F) EARLY RETIREMENT BENEFIT OR RETIREMENT-TYPE SUBSIDY.—For purposes of this paragraph, the terms "early retirement benefit" and "retirement-type subsidy" have the meaning given such terms in subsection (d)(6)(B)(i).

(G) BENEFIT ACCRUED TO DATE.—For purposes of this paragraph, any reference to the accrued benefit shall be a reference to such benefit accrued to date.

* * *

[CCH Explanation at ¶ 205 and ¶ 1005. Committee Reports at ¶ 10,010 and ¶ 10,560.]

### Amendments

• 2006, Pension Protection Act of 2006 (H.R. 4)

**H.R. 4, § 114(b)(2)(A)-(B):**

Amended Code Sec. 411(b)(1)(F) by striking "paragraphs (2) and (3) of section 412(i)" in clause (ii) and inserting "subparagraphs (B) and (C) of section 412(e)(3)", and by striking "paragraphs (4), (5), and (6) of section 412(i)" and inserting "subparagraphs (D), (E), and (F) of section 412(e)(3)". **Effective** 8-17-2006.

**H.R. 4, § 701(b)(1):**

Amended Code Sec. 411(b) by adding at the end a new paragraph (5). **Effective** generally for periods beginning on or after 6-29-2005. For special rules, see Act Sec. 701(d) in the amendment notes following Code Sec. 411(a), above, and see Act Sec. 701(e)(3)-(5), below.

**H.R. 4, § 701(e)(3)-(5), provides:**

(3) VESTING AND INTEREST CREDIT REQUIREMENTS.—In the case of a plan in existence on June 29, 2005, the requirements of clause (i) of section 411(b)(5)(B) of the Internal Revenue Code of 1986, clause (i) of section 204(b)(5)(B) of the Employee Retirement Income Security Act of 1974, and clause (i) of section 4(i)(10)(B) of the Age Discrimination in Employment Act of 1967 (as added by this Act) and the requirements of 203(f)(2) of the Employee Retirement Income Security Act of 1974 and section 411(a)(13)(B) of the Internal Revenue Code of 1986 (as so added) shall, for purposes of applying the amendments made by subsections (a) and (b), apply to years beginning after December 31, 2007, unless the plan sponsor elects the application of such requirements for any period after June 29, 2005, and before the first year beginning after December 31, 2007.

(4) SPECIAL RULE FOR COLLECTIVELY BARGAINED PLANS.—In the case of a plan maintained pursuant to 1 or more collective bargaining agreements between employee representatives and 1 or more employers ratified on or before the date of the enactment of this Act, the requirements described in paragraph (3) shall, for purposes of applying the amendments made by subsections (a) and (b), not apply to plan years beginning before—

(A) the earlier of—

(i) the date on which the last of such collective bargaining agreements terminates (determined without regard to any extension thereof on or after such date of enactment), or

(ii) January 1, 2008, or

(B) January 1, 2010.

(5) CONVERSIONS.—The requirements of clause (ii) of section 411(b)(5)(B) of the Internal Revenue Code of 1986, clause (ii) of section 204(b)(5)(B) of the Employee Retirement Income Security Act of 1974, and clause (ii) of section 4(i)(10)(B) of the Age Discrimination in Employment Act of 1967 (as added by this Act), shall apply to plan amendments adopted after, and taking effect after, June 29, 2005, except that the plan sponsor may elect to have such amendments apply to plan amendments adopted before, and taking effect after, such date.

(d) SPECIAL RULES.—

* * *

(6) ACCRUED BENEFIT NOT TO BE DECREASED BY AMENDMENT.—

(A) IN GENERAL.—A plan shall be treated as not satisfying the requirements of this section if the accrued benefit of a participant is decreased by an amendment of the plan, other than an amendment described in *section 412(e)(2)*, or section 4281 of the Employee Retirement Income Security Act of 1974.

* * *

Code Sec. 411(d)(6)(A)   ¶ 5080