UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

THOMAS D. GILLIS,

    Plaintiff,

    v.

SPX CORPORATION INDIVIDUAL
ACCOUNT RETIREMENT PLAN and
SPX RETIREMENT ADMINISTRATIVE
COMMITTEE,

    Defendants.
_____

Civil Action No.: 03-CV-12389-GAO

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE SUPPLEMENTAL SUMMARY JUDGMENT MEMORANDUM**

Defendants, by and through their attorneys, respectfully submit this Memorandum in Opposition to Plaintiff's Motion for Leave to File Supplemental Summary Judgment Memorandum.

**INTRODUCTION**

Plaintiff filed his motion seeking leave to supplement the summary judgment record purportedly to inform "the Court of recent changes in the pension law that have a direct and significant bearing on this case." (Pl.'s Mot. for Leave at 1.) A proposed seventeen-page supplemental memorandum is attached to that motion. (*Id.* at Ex. A.) Plaintiff's proposed brief, however, largely ignores the new pension law and is merely a vehicle for injecting new arguments and new evidence into a closed summary judgment record. Plaintiff's improper attempt to try to resuscitate his claims, which Defendants have shown clearly fail on summary judgment, should be rejected.

Moreover, Plaintiff's request for a supplemental brief should be rejected for the independent reason that it adds nothing relevant to the legal issues before the Court. The key provisions of the 2006 Pension Protection Act ("Pension Act") that Plaintiff uses as a pretext explicitly provide that they are prospective only. Even if considered, the Pension Act provisions are not helpful to Plaintiff's claims.

Much of Plaintiff's proposed supplemental memorandum seeks to introduce new evidence, including a declaration from a never-deposed consulting actuary and a second affidavit from Plaintiff. (*Compare* Pl.'s Proposed S.J. Supp. Mem. Section I.B. at 3-4, containing about one half of one page about the Pension Act, *with* the remainder of Plaintiff's proposed supplemental memorandum, containing over sixteen pages of argument on other summary judgment issues.) Besides being untimely and procedurally improper, those materials and arguments are likewise irrelevant to the issues before the Court. For example, the newly-proffered actuarial calculations fail to be tied to any standard of law under ERISA and use an irrelevant measurement date.

Counting the parties' cross-memoranda in support of their motions and their responding briefs in opposition, the Court already has received 80 pages of briefing. On June 27, 2006, the Court heard extensive oral argument. Plaintiff's proposed supplementation is improper and adds nothing to the debate. As such, Plaintiff's motion should be denied.

## ARGUMENT

I. **PLAINTIFF'S MOTION FOR LEAVE SHOULD BE DENIED BECAUSE HIS PROPOSED SUPPLEMENTAL MEMORANDUM IS UNTIMELY AND FUTILE.**

The decision to allow a party to supplement the record is within the court's discretion. *Armstrong v. Jenkins*, NO. 02-38913-BJH-7, 2003 Bankr. LEXIS 1267, at *10 (Bankr. N.D. Tex. Oct. 7, 2003) (denying motion to supplement summary judgment briefing). The party seeking

leave to supplement its summary judgment briefing must demonstrate a compelling reason why leave should be granted, *id.*, since courts consider summary judgment an important procedure designed "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

Federal courts deny motions for leave to amend or supplement summary judgment filings as a matter of course where that additional briefing is futile or untimely. *E.g.*, *O'Rouke v. Fairgrounds*, No. 04-2101, 2005 U.S. Dist. LEXIS 11985, at *6 n.14 (E.D. La. June 10, 2005) (denying leave to file a supplementary summary judgment memorandum refusing to allow plaintiff to introduce new evidence after oral argument). Plaintiff's proposed supplemental brief is untimely, and as set forth below, futile.

## II.    THE PROSPECTIVE PENSION PROTECTION ACT DOES NOT SALVAGE PLAINTIFF'S CLAIMS.

Even if Plaintiff's proposed supplemental brief was limited "to inform[ing] the Court of recent changes in pension law that have a direct and significant bearing on this case," (Pl.'s Mot. for Leave at 1), it would be futile. The Pension Act explicitly states that the application of Section 701 (which addresses whether certain plans, including cash balance plans, violate anti-age discrimination law) is prospective only, and that:

> nothing in the amendments made by this section shall be construed to create an inference with respect to -- the determination of whether an applicable defined benefit plan fails to meet the requirements of sections 203(a)(2), 204(c), or 204(g) of the Employee Retirement Income Security Act of 1974 . . ., as in effect before such amendments, solely because the present value of the accrued benefit (or any portion thereof) of any participant is, under the terms of the plan, equal to the amount expressed as the balance in a hypothetical account or as an accumulated percentage of the participant's final average compensation.

Pension Protection Act of 2006, §701(d)(1). Any suggestion by Plaintiff that the recently enacted pension law supports his position fails on its face by that law's explicit language.

Moreover, even if the Pension Act could impact this case, it clearly cuts in favor of Defendants' arguments for summary judgment. The Pension Act explicitly states that employers who offer cash balance pension plans or other plans that feature hypothetical accounts for individual workers do not violate federal age discrimination laws. Pension Protection Act, §701(a)(2). Commentary on the effect of the new pension law agrees that it makes clear the lawfulness of conversions to cash balance plans:

> The newly enacted pension law in combination with a recent ruling from a federal appeals court on hybrid pension plans has all but eliminated plaintiffs' ability to prevail in age discrimination lawsuits when their employers change their defined benefit pension plans, according to pension professionals and advocates interviewed by BNA.

*PPA and Reversed Court Ruling Dooms Age-Related Suits, Practitioners Say*, 33 Pension & Benefits Rep. 2078 (Sept. 5, 2006) (discussing the impact of the 2006 Pension Act and the Seventh Circuit's decision in *IBM v. Cooper*[1] on ERISA age discrimination claims), attached as Exhibit A.

Plaintiff's own proposed supplemental brief repeatedly makes clear that it is not, in fact, addressing the Pension Act's impact on the claims in this case. He admits in almost every section of his proposed supplemental brief that the new pension law "does not change the/this result" or that the new law merely "applies" or "amplifies" existing law. (*See* Pl.'s Proposed Supp. Br. at 4, 5, 6, 7, 9, 12, 14, 15, 16.) Because the Pension Act explicitly provides -- and Plaintiff all but admits -- that the new law cannot impact this case, the Court should deny Plaintiff's motion for leave.

---

[1] Defendants filed a notice of supplemental authority to inform the Court of the Seventh Circuit's decision in *Cooper*. (Dkt. No. 36.)

### III. PLAINTIFF'S PROPOSED SUPPLEMENTAL MEMORANDUM IMPROPERLY INTRODUCES NEW EVIDENCE.

Plaintiff's proposed supplemental brief is actually an untimely attempt to introduce new evidence into the summary judgment record. Courts look at the following factors when deciding whether to accept additional evidence after the summary judgment record is closed: (1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted.[2] *See Fields v. Pool Offshore, Inc.,* 182 F.3d 353 (5th Cir. 1999) (finding no abuse of discretion in denial of motion to supplement record where evidence was available and could have been proffered earlier); *Armstrong,* 2003 Bankr. LEXIS 1267, at *10; *see also U.S. v. Brennan*, 994 F.2d 918, 923 n.7 (1st Cir. 1993) (holding that it is well settled that an argument made for the first time in a party's reply brief comes in too late and should not be allowed or addressed); *Rivera-Muriente v. Agosto-Alicea*, 959 F.2d 349, 354 (1st Cir. 1992) (same).

Plaintiff fails to meet the necessary showing to justify being granted leave to supplement his summary judgment briefing. Plaintiff's motion offers no legitimate reason why his previously filed summary judgment papers could not have included an actuarial calculation or the information contained in the second affidavit of Mr. Gillis. Further, Plaintiff will not be prejudiced if the motion for leave is denied because: (i) the Pension Act's provisions do not apply, (ii) the actuary's declaration is irrelevant because it uses incorrect measuring dates, and (iii) Mr. Gillis' affidavit is, at best, merely cumulative.

---

[2] Courts also consider whether the evidence to be added would be cumulative. *Sanders v. Casa View Baptist Church,* 134 F.3d 331 (5th Cir. 1998) (finding no abuse of discretion in denial of a motion to supplement the summary judgment record where evidence sought to be submitted was cumulative).

5

### A. The actuarial evidence is irrelevant because it fails to reflect standards under ERISA.

Plaintiff's proposed newly injected evidence is not relevant to the legal analysis in this case. Plaintiff relies on an affidavit from his consulting actuary to argue that "[h]ad the terms of the GSX Plan been in effect *when Plaintiff retired in 2002*," he would have received a greater pension benefit than the highest benefit offered to him under the SPX Plan. (Pl.'s Proposed Supp. S.J. Mem. at 4 (emphasis added).) This new argument only further demonstrates Plaintiff's complete misunderstanding of fundamental ERISA law. Whether a plan conversion or merger meets ERISA's anti-cutback requirements "is measured by comparing the benefits on a termination basis of the participants *immediately before the proposed merger* with the benefits on a termination basis of participant *immediately after*." *Hickerson v. Vesicol Chemical Corp.*, 778 F.2d 365, 374 (7th Cir. 1985) (emphasis added); *See* Defs.' S.J. Mem. at 10; Defs.' Opp. Mem. at 12-13; *see also* Pl.'s S.J. Mem. at 7 (agreeing that the test under ERISA is as set forth above). Plaintiff has not shown (and Defendants maintain that he cannot show) that the SPX Plan Amendment fails this test. (Defs.' S.J. Mem. at 10-11; Defs.' Opp. Mem. at 12).

Instead, Plaintiff now argues that had the old GSX Plan continued, he purportedly would have accrued more *at retirement*. (Pl.'s Proposed Supp. S.J. Mem. at 4, and Ex.2.) Even if true (which Defendants do not concede), it is irrelevant, because the legal test is the effect at the time of merger or amendment, not at retirement.[3]

---

[3] A plaintiff has no claim that a retirement plan must continue in effect or at a certain level, because the law does not protect future, not yet accrued benefits. *Campbell v. BankBoston, N.A.*, 327 F.3d 1, 7 (1st Cir. 2003) (making clear that an employer can lawfully reduce, modify or even eliminate expected benefits when denying plaintiff's anti-cutback claim). Similarly, it is well settled that an employee does not have a justifiable expectation of receiving benefits from a retirement plan once that employee receives reasonable notice, actual or constructive, of the plan's termination. *Blessitt v. Ret. Plan for Emp. of Dixie Eng. Co.*, 848 F.2d 1164, 1173 (11th Cir. 1988); *In re Pension Plan for Employ. of Broadway Maint. Corp.*, 707 F.2d 647, 652 (2d Cir. 1983); *Berard v. Royal Electric, Inc.*, 795 F. Supp. 519, at *12 (D.R.I. 1992).

Because Plaintiff's new argument and his proffered actuarial affidavit use a legally irrelevant measuring date, leave to file Plaintiff's supplemental memorandum should be denied.

### B.    The Gillis affidavit seeks to inject new material.

Plaintiff's proposed "second" affidavit seeks to introduce as an exhibit a purported Plan document that he states was mailed to him in "May or June of 1998." He fails to explain why he did not present this document, that has been in his possession for so long, until after the summary judgment record has closed. Moreover, this new evidence merely shows that Defendants promised that participants, including Plaintiff, would not lose any accrued benefits after being converted to the SPX Plan, which was and is true. Defendants have consistently demonstrated that they did not reduce any of Plaintiff's accrued benefits. (Defs.' S.J. Mem. at 2-4, 6-9, 16-17; Defs.' Opp. Mem. at 3-6, 13-14.) Plaintiff's late submitted evidence does not lend any support to any of his claims, is at best cumulative, and Plaintiff will not be prejudiced if he is not granted leave to introduce this new material.

### IV.    DEFENDANTS WILL BE PREJUDICED IF PLAINTIFF INJECTS NEW EVIDENCE AFTER THE CLOSE OF THE SUMMARY JUDGMENT RECORD.

Long after discovery has been completed and the summary judgment record closed, Plaintiff seeks to introduce for the first time documents he has had for nearly a decade, new arguments, and new affidavits. Plaintiff's late-submitted evidence has not been tested in discovery or through expert analysis or adverse examination. Although Defendants contend these materials cannot on their face save Plaintiff's claims, the prejudice to Defendants is apparent. Plaintiff's attempt to gain a "do-over" of the summary judgment process should be rejected, and the motion for leave to supplement denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully move this Court to deny Plaintiff's Motion For Leave To File Supplemental Summary Judgment Memorandum Regarding Recently Enacted Pension Law.

Respectfully submitted,

SPX CORPORATION AND INDIVIDUAL
ACCOUNT RETIREMENT PLAN and
SPX RETIREMENT ADMINISTRATIVE
COMMITTEE


/s/ Andrew A. Jacobson
Andrew A. Jacobson

Andrew A. Jacobson
Andrew W. Vail
JENNER & BLOCK LLP
One IBM Plaza
Chicago, Illinois  60611
(312) 222-9350 (Tel.)
(312) 840-7323 (Fax)

Richard E. Cavanaugh
BBO#557539
GALLAGHER & CAVANAUGH, LLP
Boott Cotton Mills
100 Foot of John Street
Lowell, Massachusetts  01852
(978) 452-0522

Date: September 22, 2006

## CERTIFICATE OF SERVICE

      I, Andrew A. Jacobson, an attorney, hereby certify DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL SUMMARY JUDGMENT MEMORANDUM filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 22th day of September 2006, as follows:

    Evelyn Haralampu BBO#221130
    Lawrence P. Murray BBO#561835
    BURNS & LEVINSON LLP
    125 Summer Street
    Boston, MA 02110
    (617) 345-3000

    Attorneys for Plaintiff,
    Thomas D. Gillis

                                        /s/ Andrew A. Jacobson
                                            Andrew A. Jacobson